IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **DANIELLE SPEARS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | MO:24-CV-00321-DC-RCG |
| | § | |
| **NEXT BRIDGE HYDROCARBONS,** | § | |
| **INC. et al.,** | § | |
| *Defendants.* | § | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT AND
EXTENSION OF TIME TO SERVE DEFENDANTS**

BEFORE THE COURT is Plaintiff Danielle Spears's ("Plaintiff") Motion for Leave to File Second Amended Complaint and Extension of Time to Serve Defendants. (Doc. 6). This case is before the undersigned through an Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **GRANTS** Plaintiff's Motions. (Doc. 6).

On December 6, 2024, Plaintiff, a *pro se* litigant, filed her original Complaint. (Doc. 1). Plaintiff timely filed her First Amended Complaint on December 27, 2024. (Doc. 3). Plaintiff filed the instant motions on February 27, 2025. (Doc. 6). First, Plaintiff seeks leave to file her Second Amended Complaint under Federal Rule of Civil Procedure 15(a)(2). *Id.* Based on Plaintiff's Motion, it appears the Second Amended Complaint is not yet completed. *Id*. The Court therefore reminds Plaintiff that "[a]ll litigants, even those proceeding *pro se*, are expected to adhere to the local rules and the [Federal Rules of Civil Procedure]." *Merkle v. Pilgrim REO, LLC*, No. 5-18-CV-588, 2019 WL 4447189, at *2 (W.D. Tex. Sept. 16, 2019). Here, the local rules provide, "If the filing of a document requires leave of Court, the Filing User must include for the Court's review the document as a PDF attachment to the motion requesting leave to file."

Local Court Rule § 4(d). Because *pro se* parties are held to less stringent standards, the Court **GRANTS** Plaintiff's Motion for Leave to File Second Amended Complaint and **ORDERS** Plaintiff to file her Second Amended Complaint within **7 days of this Order**. (Doc. 6).

Second, Plaintiff seeks an extension of time to serve Defendants in this case. *Id*. Plaintiff provided that her Second Amended Complaint modifies the list of defendants, but the Complaint will not be ready prior to the 90-day deadline, which is March 6, 2025. *Id*. A defendant must be served within 90 days after the complaint is filed. FED. R. CIV. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. To show good cause, a party must demonstrate "*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice[.]" *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). "Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008).

Here, Plaintiff did not show good cause for extension of service; however, using its discretion, the Court **GRANTS** Plaintiff's Motion for Extension of Service. (Doc. 6). The Court **ORDERS** Plaintiff to serve any Defendants originally in the case within **30 days of this Order**. *Id*. Any newly named Defendants added by the Second Amended Complaint must be served in compliance with Federal Rule of Civil Procedure 4. Any Defendant not served within this time period may be dismissed from the lawsuit without prejudice. Plaintiff is further warned that the failure to comply with Rule 4(m) may result in the dismissal of her lawsuit.

It is so **ORDERED**.

SIGNED this 5th day of March, 2025.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE