**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| DANIELLE SPEARS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | Case No. 7:24-CV-321-DC-RCG |
| | § | |
| NEXT BRIDGE HYDROCARBONS, INC., | § | |
| GREGORY MCCABE, JOHN BRDA, | § | |
| SECURITIES & EXCHANGE | § | |
| COMMISSION, FINANCIAL INDUSTRY | § | |
| REGULATORY AUTHORITY, JANE DOE | § | |
| 1–20, JOHN DO 1–20, | § | |
| | § | |
| *Defendants*. | § | |

**MOTION TO DISMISS**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................... 1

RELEVANT FACTS AND ALLEGATIONS ....................................................... 2

LEGAL STANDARDS ......................................................................................... 3

I.     The Rule 12(b)(6) Standard ..................................................................... 3

II.    The Rule 9(b) Standard ........................................................................... 4

III.   The PSLRA Standard ............................................................................... 4

ARGUMENTS & AUTHORITIES ........................................................................ 5

I.     Plaintiff Lacks Statutory Standing. ......................................................... 5

II.    Plaintiff Fails to State A Section 10(b) or Rule 10b-5 Claim (Count I). .......................... 6

     A.   Plaintiff Fails to Allege She Purchased or Sold MMTLP Shares. ............................. 6

     B.   Plaintiff Fails to Allege Scienter as to Brda or McCabe. ............................................. 8

     C.   Plaintiff Does Not Adequately Allege Loss Causation. .............................................. 9

III.   Plaintiff's Derivative And Secondary Claims Fail. ................................ 10

     A.   Plaintiff Fails to Allege a Claim for Negligence (Count III). ................................... 10

     B.   Plaintiff Fails to State a Claim for Unjust Enrichment (Count V). ........................... 11

     C.   Plaintiff Fails to Allege a Claim for Conspiracy to Commit Fraud (Count VI). ...... 12

     D.   Plaintiff Fails to Allege a Claim for Emotional Distress (Count VIII). .................... 12

     E.   Plaintiff Fails to State a Section 9(a) or Section 13(a) Claim. .................................. 14

CONCLUSION .................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abrams v. Baker Hughes, Inc.*,
  292 F.3d 424 (5th Cir. 2002) ...................................................................10

*Alaska Elec. Pension Fund v. Flotek Indus., Inc.*,
  915 F.3d 975 (5th Cir. 2019) ...................................................................7

*Amorosa v. AOL Time Warner Inc.*,
  409 F. App'x 412 (2d Cir. 2011) ...............................................................5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..............................................................................2, 3

*Camp v. Qualcomm Inc.*,
  2020 WL 1157192 (S.D. Cal. Mar. 10, 2020) ..........................................9

*Causey v. Sewell Cadillac-Chevrolet, Inc.*,
  394 F.3d 285 (5th Cir. 2004) ...................................................................1

*Creditwatch, Inc. v. Jackson*,
  157 S.W.3d 814 (Tex. 2005).....................................................................12

*Dawes v. Imperial Sugar Co.*,
  975 F. Supp. 2d 666 (S.D. Tex. 2013) ......................................................8

*Denicus v. Bosacker*,
  2021 WL 2715978 (W.D. Tex. Jan. 26, 2021) .........................................10

*Dorsey v. Portfolio Equities, Inc.*,
  540 F.3d 333 (5th Cir. 2008) ...................................................................3

*Dura Pharm., Inc. v. Broudo*,
  544 U.S. 336 (2005)..............................................................................8, 9

*E.E.O.C. v. Commercial Coating Serv., Inc.*,
  2005 WL 6439215 (S.D. Tex. May 31, 2005) ..........................................13

*Edwards v. Certain Underwriters at Lloyds*,
  2010 WL 5391275 (S.D. Tex. Dec. 20, 2010)..........................................11

*Egervary v. Young*,
  366 F.3d 238 (3d Cir. 2004)......................................................................9

*In re Enron Corp. Sec., Derivative & "ERISA" Litig.*,
  238 F. Supp. 3d 799 (S.D. Tex. 2017) ....................................................................4

*Ernst & Ernst v. Hochfelder*,
  425 U.S. 185 (1976) ............................................................................................10

*Hancock v. Chicago Title Ins. Co.*,
  635 F. Supp. 2d 539 (N.D. Tex. 2009) ...............................................................10

*Hirras v. Nat'l R.R. Passenger Corp.*,
  44 F.3d 278 (5th Cir. 1995) ................................................................................12

*Ho v. Duoyuan Glob. Water, Inc.*,
  887 F. Supp. 2d 547 (S.D.N.Y. 2012) ..................................................................7

*Hoffman v. AmericaHomeKey, Inc.*,
  23 F. Supp. 3d 734 (N.D. Tex. 2014) ...................................................................3

*Hoffmann–LaRoche Inc. v. Zeltwanger*,
  144 S.W.3d 438 (Tex. 2004) ...............................................................................12

*Janus Cap. Grp., Inc. v. First Derivative Traders*,
  564 U.S. 135 (2011) ......................................................................................4, 6, 7

*Krim v. BancTexas Grp., Inc.*,
  989 F.2d 1435 (5th Cir. 1993) ..............................................................................4

*Kuwait Inv. Office v. Am. Int'l Grp., Inc.*,
  128 F. Supp. 3d 792 (S.D.N.Y. 2015)....................................................................7

*Melcher v. Small Bus. Loan Source, LLC*,
  2016 WL 1211800 (S.D. Tex. Mar. 9, 2016).......................................................12

*Motient Corp. v. Dondero*,
  529 F.3d 532 (5th Cir. 2008) ..............................................................................13

*Nathenson v. Zonagen Inc.*,
  267 F.3d 400 (5th Cir. 2001) ................................................................................4

*Norris v. Hearst Trust*,
  500 F.3d 454 (5th Cir. 2007) ................................................................................1

*Noto v. 22nd Century Grp., Inc.*,
  35 F.4th 95 (2d Cir. 2022) ....................................................................................7

*Ontario Pub. Serv. Emps. Union Pension Tr. Fund v. Nortel Networks Corp.*,
  369 F.3d 27 (2d Cir. 2004).....................................................................................4

*Owens v. Jastrow*,
   789 F.3d 529 (5th Cir. 2015) ..............................................................................8

*Petrobras Am., Inc. v. Samsung Heavy Indus. Co., Ltd.*,
   9 F.4th 247 (5th Cir. 2021) ..............................................................................1

*Pompano-Windy City Partners, Ltd. v. Bear Stearns & Co.*,
   794 F. Supp. 1265 (S.D.N.Y. 1992)...................................................................11

*R2 Invs. LDC v. Phillips*,
   401 F.3d 638 (5th Cir. 2005) ..............................................................................4

*Reg'l Props., Inc. v. Fin. & Real Est. Consulting Co.*,
   678 F.2d 552 (5th Cir. 1982) ............................................................................11

*Rhyne v. Omni Energy Servs. Corp.*,
   2009 WL 1844474 (W.D. La. June 23, 2009) ...................................................13

*Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*,
   365 F.3d 353 (5th Cir. 2004) .........................................................................3, 5

*Steinberg v. BPO Mgmt. Servs., Inc.*,
   2010 WL 1330971 (N.D. Tex. Mar. 12, 2010) .................................................10

*Tex. Farm Bureau Mut. Ins. Cos. v. Sears*,
   84 S.W.3d 604 (Tex. 2002)...............................................................................12

*United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*,
   125 F.3d 899 (5th Cir. 1997) ..............................................................................6

*Tredinnick v. Transamerica Life Ins. Co.*,
   2023 WL 4424609 (E.D. Tex. July 10, 2023) ...................................................11

*Tu Nguyen v. Duy Tu Hoang*,
   318 F.Supp.3d 983 (S.D. Tex. 2018) ................................................................12

*Williams v. WMX Techs., Inc.*,
   112 F.3d 175 (5th Cir. 1997) ..............................................................................6

*Wilson v. Monarch Paper Co.*,
   939 F.2d 1138 (5th Cir. 1991) ..........................................................................12

## Statutes & Other Authorities

15 U.S.C. 78.................................................................................................... *passim*

Fed. R. Civ. P. 9(b) ......................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6)..........................................................................................3

Defendants John Brda and Gregory McCabe file this Motion to Dismiss the Second Amended Complaint of Plaintiff Danielle Spears (Doc. 13 ("SAC")) for failure to state claims upon which relief can be granted, and they respectfully state as follows:

## INTRODUCTION

Mr. Brda and Mr. McCabe share Plaintiff's frustration with the unprecedented U3 trading halt implemented by FINRA without any legal authority to stop legitimate trading of preferred shares of Meta Materials, Inc. (*i.e.*, MMTLP). *See* SAC at p. 4 ("Central to Plaintiff's claim is FINRA's abrupt and indefinite extraordinary U3 trading halt imposed on December 9, 2022."). They share Plaintiff's concerns over "FINRA's unchecked regulatory power and the Securities and Exchange Commission's deliberate disregard for investor protection [such as Messrs. Brda and McCabe]." *Id.* And, like Plaintiff, Mr. Brda and Mr. McCabe believe FINRA should be held to account for "fairness, transparency, and effectiveness of regulatory oversight in U.S. financial markets." *Id.* ¶ 242. But neither Brda nor McCabe have any role at FINRA, and neither of them is responsible for FINRA's inexplicable conduct

Plaintiff has had three attempts at pleading a claim against Brda and McCabe. Her current complaint spans 88 pages and contains more than 300 paragraphs of allegations (mostly about FINRA), but includes virtually no substantive allegations as to Brda and McCabe, fails to plead facts sufficient to invoke the federal securities laws, and fails to state any cognizable claim.[1] The Court should put an end to Plaintiff's witch hunt against Brda and McCabe.

---

[1] These include: (i) Count I: Violations of Securities Exchange Act of 1934 (15 U.S.C. §78); (ii) Count III: Negligence; (iii) Count IV: "Failure to Resolve the FINRA U3 Halt"; (iv) Count V: Unjust Enrichment; (v) Count VI: Conspiracy to Commit Fraud; and (vi) Count VIII: Emotional Distress (Negligent or Intentional Infliction). It is unclear how "Failure to Resolve the FINRA U3 Halt" is an independent cause of action. The SAC appears to rely on Section 10(b) and Rule 10b-5 for these allegations against Brda and McCabe. SAC at pp. 73–74. Thus, because Count I fails, so too does Count IV. *See infra* Section II.

## RELEVANT FACTS AND ALLEGATIONS

In June 2021, Torchlight Energy Resources, Inc. ("TRCH") merged with Metamaterial, Inc. resulting in Meta Materials, Inc. ("MMAT") and creating Series A Preferred shares ("MMTLP Shares"). SAC ¶¶ 4, 58, 66. Brda was TRCH's CEO up to its merger. *Id.* In TRCH's public filings leading up to the merger, including TRCH's Definitive Proxy Statement, TRCH repeatedly disclosed that MMTLP Shares would not be registered, could not be listed or traded on any exchange, and would not be freely transferable; TRCH further explained that "[n]o market is expected to develop for the [Dividend] in the foreseeable future and holders of the [Dividend] may not be able to find a buyer and sell their shares if they desired to do so"; and TRCH even warned that "[f]urther dilution may occur . . . in connection with the [merger]."[2]

For reasons known only to FINRA and the SEC, the MMTLP Shares began trading on the OTC market in October 2021 under the ticker MMLTP.[3] Next Bridge Hydrocarbons, Inc.

---

[2] TRCH, Definitive Proxy Statement (DEFM14A), at 48, 168 (May 7, 2021), *available at* https://www.sec.gov/Archives/edgar/data/1431959/000119312521154788/d117540ddefm14a.htm; *see also* TRCH, Agreement with Meta I (Form 8-K, Ex. 2.1) (Dec. 14, 2020) at 49 & D-5, *available at* https://www.sec.gov/ix?doc=/Archives/edgar/data/1431959/000119983520000329/form-8k.htm; TRCH, Preliminary Proxy Statement (PREM14A) (Feb. 4, 2021), at 48, *available at* https://www.sec.gov/Archives/edgar/data/1431959/000119312521027524/d117540dprem14a.htm; TRCH, Preliminary Proxy Statement (PRER14A), at 50 (Mar. 23, 2021), *available at* https://www.sec.gov/Archives/edgar/data/1431959/000119312521090024/d117540dprer14a.htm; TRCH, Preliminary Proxy Statement (PRER14A), at 50 (Apr. 21, 2021), *available at* https://www.sec.gov/Archives/edgar/data/1431959/000119312521124753/d117540dprer14a.htm. The Court may judicially notice publicly-filed documents, including press releases and SEC filings. *See, e.g., Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (judicial notice of matters of public record); *see also Petrobras Am., Inc. v. Samsung Heavy Indus. Co., Ltd.*, 9 F.4th 247, 255 (5th Cir. 2021) (judicial notice of SEC filings).

[3] *See* FINRA *FAQ: MMTLP Corporate Action and Trading Halt* (Mar. 16, 2023), *available at* https://www.finra.org/investors/insights/FAQ-MMTLP-corporate-action-and-trading-halt#:~:text=Since%20it%20began%20trading%20in.from%20the%20Threshold%20Securities%20List ("Due to a systems coding issue, ***FINRA incorrectly classified MMTLP*** as the security of a non-SEC-reporting company and, as a result, incorrectly published. . . .") (emphasis added); *see also* SAC ¶¶ 145, 167–68, 188 (citing FINRA FAQs). The Court may consider documents cited in a defendant's motion to dismiss if they are both referred to in the complaint and central to the claims. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

("NBH") spun off from MMAT, resulting in NBH becoming an independent company that is not publicly traded. SAC ¶ 2. McCabe is now the CEO of NBH, but was not at the time of the exchange. *Id.* ¶ 3. The holders of MMTLP Shares were to receive a 1-for-1 share exchange of shares of NBH common shares. The exchange was to take place on December 14, 2022. *Id.* ¶ 125. But on December 9, 2022, FINRA halted trading of MMTLP Shares, citing an "extraordinary event" code U3. *Id.* ¶ 167. The abrupt trading halt and regulatory cancellation of MMTLP Shares without prior notice led to significant investor frustration.

Many shareholders were unable to sell their positions before FINRA's halt and have since been unable to trade their MMTLP Shares. This included Plaintiff. Devoid of any specificity, Plaintiff broadly alleges that she is a holder of MMTLP Shares and that "she did not begin to buy until October 2022." *Id.* ¶ 81. Plaintiff further alleges she "purchased shares between 12/5-12/8/2022" "with the intent to execute opportunity trades—to sell rather than buy—on December 9 and 12, 2022." *Id.* ¶¶ 133, 137. But she fails to allege: (i) who, if anyone, she relied on to purchase or sell MMTLP Shares; (ii) what, if any, representation she personally relied on to purchase or sell MMTLP Shares; (iii) when, if ever, that representation was communicated to her; and (iv) how many MMTLP Shares she holds (or held).

## LEGAL STANDARDS

### I. THE RULE 12(B)(6) STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which when accepted as true, "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Courts must identify and disregard any conclusory factual allegations, which are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible only if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The

plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the alleged facts "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679.

## II.    THE RULE 9(B) STANDARD

The Fifth Circuit "interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008). "Put simply, Rule 9(b) requires the complaint to set forth 'the who, what, when, where, and how' of the events at issue." *Id.* (quoting *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). "In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading." *Hoffman v. AmericaHomeKey, Inc.*, 23 F. Supp. 3d 734, 745 (N.D. Tex. 2014) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006)).

## III.    THE PSLRA STANDARD

The PSLRA enhances the "particularity" requirement for pleading securities fraud under Rule 9(b) by requiring that "the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1)(B); *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 364 (5th Cir. 2004) (discussing "PSLRA's specific requirement that the untrue statements or omissions be set forth with particularity as to 'the

defendant'"). "The effect of the PSLRA in this respect is to, *at a minimum*, incorporate the standard for pleading fraud under FED. R. CIV. P. 9(b)." *Nathenson v. Zonagen Inc.*, 267 F.3d 400, 412 (5th Cir. 2001) (emphasis in original).

The PSLRA also requires plaintiffs to "state with particularity facts giving rise to a strong inference that the defendant acted with" scienter. *See* 15 U.S.C. § 78u-4(b)(2)(A). Scienter is "an intent to deceive, manipulate, or defraud or that severe recklessness in which the danger of misleading buyers or sellers is either known to the defendant or is so obvious that the defendant must have been aware of it." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 643 (5th Cir. 2005).

## ARGUMENTS & AUTHORITIES

Even with all doubts resolved in favor of a pro se plaintiff, the federal securities claims against Brda and McCabe should be dismissed for two reasons. *First*, Plaintiff fails to establish statutory standing for her securities claims. *Second*, Plaintiff fails to plead cognizable securities claims under the heightened standards of Rule 9(b) and the PSLRA. Plaintiff's tagalong state-law claims also fail to meet basic pleading standards and should be dismissed.

## I.    PLAINTIFF LACKS STATUTORY STANDING.

Plaintiff lacks standing to assert securities law claims because Plaintiff did not transact in any securities. "It is well established that mere retention of securities in reliance on material misrepresentations or omissions does not form the basis for a § 10(b) or Rule 10b–5 claim." *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1443 n.7 (5th Cir. 1993); *see also Ontario Pub. Serv. Emps. Union Pension Tr. Fund v. Nortel Networks Corp.*, 369 F.3d 27, 34 (2d Cir. 2004); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 238 F. Supp. 3d 799, 901 (S.D. Tex. 2017) ("the Supreme Court rejected recognition of holder claims under the federal securities laws because they are speculative and difficult to prove").

Here, Plaintiff is a mere *holder* of MMTLP Shares, which is insufficient to satisfy the statutory standing requirement.  Indeed, Plaintiff admits that she has not sold her MMTLP Shares: "Many MMTLP traders, including the Plaintiff, were holding their shares with the intent to execute opportunity trades—to sell, rather than buy—on December 9 and 12, 2022."  SAC ¶ 133; *see also id.* ¶ 240 ("Shareholders remain unable to trade their positions, and MMTLP investors continue to face financial harm with no clear recourse.").[4]  Because Plaintiff fails to allege the purchase or sale of MMTLP as a result of any alleged conduct on the part of Brda or McCabe, he fails to establish the predicate for statutory standing.  The Court should dismiss Plaintiff's securities claims.

## II.    PLAINTIFF FAILS TO STATE A SECTION 10(B) OR RULE 10B-5 CLAIM (COUNT I).

Plaintiff's securities law claims should also be dismissed because she fails to allege facts to support them.  "To state a securities-fraud claim under section 10(b), and Rule 10b–5, plaintiffs must plead (1) a misstatement or omission; (2) of a material fact; (3) made with scienter; (4) on which the plaintiffs relied; and (5) that proximately caused the plaintiffs' injuries."  *Southland*, 365 F.3d at 362.  Importantly, securities law claims apply only "in connection with the purchase or sale of any security."  15 U.S.C. § 78j(b) (Exchange Act §10(b)).  The SAC fails to meet that standard because it alleges no (i) materially misleading statements or omissions by Brda and McCabe in connection with Plaintiff's purchase or sale of MMTLP Shares; (ii) facts sufficient to support a finding of scienter as to Brda and McCabe; and (iii) loss causation.

### A.    *Plaintiff Fails to Allege She Purchased or Sold MMTLP Shares.*

Plaintiff's securities claims fail because she alleges no purchase or sale of securities, much less any false statement or omission made by Brda or McCabe in connection with any such

---

[4] An intent to execute trades does not meet the threshold of a purchase or a sale.  *See Amorosa v. AOL Time Warner Inc.*, 409 F. App'x 412, 417 (2d Cir. 2011) (holding "mere holders of securities that did not purchase or sell stock resulting from the defendants' conduct failed to satisfy the standing requirement for Section 10(b) suits").

purchase or sale. Plaintiff's generalized complaints with words allegedly spoken by Brda or McCabe are not tied to any purchase or sale of any security.

Plaintiff does not allege that she bought or sold shares in reliance on any portrayals made by Brda or McCabe. *See, e.g.*, SAC ¶ 81("The social media push on X was difficult to miss. It seemed no matter what direction Plaintiff listened, all she heard was a lot of talk about MMTLP. As Plaintiff did not begin to buy until October 2022."); ¶ 119 ("Early social media statements by Brda related to shareholders that he hadn't sold any of his MMTLP position."). These broad and conclusory allegations are insufficient under Fifth Circuit law because the paraphrased "excerpts, standing alone, cannot satisfy the 'who, what, when, where, and how' required by Rule 9(b)," especially where "the excerpts do not quote a defendant" or when they "paraphrase previous statements." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179–80 (5th Cir. 1997) ("This lack of specificity stands in contrast to the widespread nature of the conspiracy that [plaintiffs] attempt to allege.").

The only purported misrepresentations Plaintiff identifies with any level of specificity are posts made by "stock pumpers" or "consultants" on social media.[5] But Plaintiff does not allege whether she personally saw these posts and whether she made a purchase or sale of MMTLP Shares in connection with the purported material misstatement. Even more fundamentally, only the "maker of a statement" can be primarily liable for securities fraud. *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 141 (2011). "[T]he maker of a statement is the person or entity with ultimate authority over the statement, including its content and whether and how to

---

[5] Plaintiff fails to identify any particularized or factual basis that Brda or McCabe retained stock promoters. Instead, Plaintiff relies on "information and belief" allegations. *See* SAC ¶¶ 64, 86, 94. In the Fifth Circuit, "'upon information and belief' pleadings must not be mistaken for a license to base claims of fraud on speculation and conclusory allegations." *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997).

communicate it." *Id.*[6]  The Supreme Court also noted that "[o]ne who prepares or publishes a statement on behalf of another is not its maker." *Id.*  Plaintiff does not allege that Brda or McCabe wrote the third-party social media posts, controlled the posts, or even saw them before they were posted by the third party.  As such, Brda and McCabe could not be considered the "makers." *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 103–04 (2d Cir. 2022) (affirming dismissal where defendants paid authors of promotional articles that contained alleged material misrepresentations).

Whether because she fails to plead statutory standing or because she fails to invoke the federal securities laws, Plaintiff's failure to plead any connection to the purchase or sale of securities is fatal to her claims.

### B.    Plaintiff Fails to Allege Scienter as to Brda or McCabe.

Plaintiff seeks to assert fraud claims, but she fails to plead the requisite fraudulent intent. Plaintiff's claims require particularized facts demonstrating that Brda and McCabe acted with "a mental state embracing intent to deceive, manipulate, or defraud." *Alaska Elec. Pension Fund v. Flotek Indus., Inc.*, 915 F.3d 975, 981 (5th Cir. 2019).  "To withstand a motion to dismiss, an inference of scienter must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Id.* at 982.

Plaintiff has not alleged any facts that give rise to any inference of fraudulent intent by Brda or McCabe, much less a strong inference.  Plaintiff's alleged "Specific Acts of Scienter" are likewise unparticularized and are just circular allegations about short selling activities related to

---

[6] *See also Kuwait Inv. Office v. Am. Int'l Grp., Inc.*, 128 F. Supp. 3d 792, 809-11 (S.D.N.Y. 2015) (recognizing that under *Janus* the non-maker of a statement, an "officer[] of a separate entity" who held "no role in the business structure of the speaking entity," could not be "primarily liable for alleged misstatements and omissions in the disclosures issued by [the speaking entity]"); *Ho v. Duoyuan Glob. Water, Inc.*, 887 F. Supp. 2d 547, 572 n.13 (S.D.N.Y. 2012) ("Since each party is liable only for their own misstatements, *Janus* implies that each party is only liable for their own omissions as well.").

MMTLP Shares.  *See* SAC at 82–83.  The Fifth Circuit does not permit group pleading in securities fraud suits.  *See Owens v. Jastrow*, 789 F.3d 529, 537 (5th Cir. 2015) (citing *Southland*, 365 F.3d at 365 ("[T]he PSLRA requires the plaintiffs to distinguish among those they sue and enlighten each defendant as to his or her particular part in the alleged fraud . . . [W]e do not construe allegations contained in the [second amended complaint] against 'defendants' as a group as properly imputable to any particular defendant unless the connection between the individual defendant and the allegedly fraudulent statement is specifically pleaded.")); *see also Shaw Grp., Inc.*, 537 F.3d at 538–39 (noting that "general allegations and conclusory statements," including statements such as "defendants knew adverse material do not contribute to a strong inference of scienter.").  Further, the conduct that Plaintiff complains of is independent of Brda and McCabe: (i) FINRA's incorrect classification of MMTLP, which erroneously permitted trading on the OTC in October of 2021; (ii) FINRA's U3 trading halt of MMTLP Shares in December 2022; and (iii) third party "[i]nstitutional market participants, including broker-dealers and market makers, profited from illegal shorting during the MMTLP transition" between these two periods.  SAC ¶ 243.

Absent an allegation of scienter on the part of Brda and McCabe, backed by particularized facts that satisfy Rule 9(b), Plaintiff's securities fraud claim against them cannot stand as pled.  *See Dawes v. Imperial Sugar Co.*, 975 F. Supp. 2d 666, 700 (S.D. Tex. 2013) (dismissing securities fraud claim for failure to allege scienter).

C.      *Plaintiff Does Not Adequately Allege Loss Causation.*

Plaintiff's claim should be dismissed because she fails to plead loss causation, or "a causal connection between the material misrepresentation and the loss."  *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 342 (2005); 15 U.S.C. § 78u–4(b)(4).  *Dura* made clear there must be sufficient

allegations the misrepresentations caused the plaintiff's loss; it is insufficient to simply allege the misrepresentation "touches upon a later economic loss."  544 U.S. at 343.

Leaving aside Plaintiff's failure to specify the material, misleading representations made by Brda or McCabe, Plaintiff has not alleged any specific material misrepresentations or omissions by Brda or McCabe that caused the MMTLP Shares to plummet.  Plaintiff broadly alleges that she "did not begin to buy until October 2022" and "purchased shares between 12/5-12/8/2022."  SAC ¶¶ 81, 137.  Plaintiff fails to explain the causal connection between Brda and McCabe's alleged misrepresentations and the economic loss purportedly suffered.  Indeed, Plaintiff does not allege basic facts, including for example how many MMTLP Shares she even holds.

Nor can Plaintiff plausibly allege proximate causation, where, as here, he places all of the blame on "FINRA's abrupt and indefinite extraordinary U3 trading halt imposed on" the last day that MMTLP Shares ever traded.  SAC at p. 4.  As such, "an intervening act of [FINRA], which actively operates to produce harm after the [other defendants' alleged] wrongful act . . . , is a superseding cause which prevents the [non-FINRA defendants] from being liable."  *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004); *see also Camp v. Qualcomm Inc.*, 2020 WL 1157192, at *7 (S.D. Cal. Mar. 10, 2020) (granting motion to dismiss claims based upon stock drop that was "connected to the President's order rather than a misrepresentation by Qualcomm").

For any or all of the foregoing reasons, Plaintiff's securities claims should be dismissed.

## III.    PLAINTIFF'S DERIVATIVE AND SECONDARY CLAIMS FAIL.

### A.    *Plaintiff Fails to Allege a Claim for Negligence (Count III).*

Plaintiff appears to allege derivative violations based on Section 10(b), *see* SAC at pp. 71–72, ¶¶ 1, 3, and Section 13(b)(2), *id.* at ¶¶ 2, 4, that Brda and McCabe acted negligently.  Both claims fail.

First, the Supreme Court has long foreclosed any negligence-based theory for a Section 10(b) claim.  *See Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 214 (1976).  The Court should reject Plaintiff's negligence-based claims because negligent acts cannot be the basis of Section 10(b) violations.  *See Abrams v. Baker Hughes, Inc.*, 292 F.3d 424, 433 (5th Cir. 2002) (stating that the nature of accounting problems that lead to restatement could "easily arise from negligence, oversight or simple mismanagement, none of which rise to the standard necessary to support a securities fraud action").

Second, Section 13(b) "does not afford a private right of action."  *Steinberg v. BPO Mgmt. Servs., Inc.*, 2010 WL 1330971, at *11 (N.D. Tex. Mar. 12, 2010) (citing *Earle v. Aramark Corp.*, 2005 WL 473675, at *3 (N.D. Tex. Feb.28, 2005)).

Accordingly, Plaintiff's claim for negligence should be dismissed.

B.    *Plaintiff Fails to State a Claim for Unjust Enrichment (Count V).*

Plaintiff's claim for unjust enrichment is predicated upon alleged Section 10(b) violations of the Exchange Act, as well as Section 29(b) (15 U.S.C. § 78cc(b)).  *See* SAC at pp. 74–75, ¶¶ 1, 3–6.  Dismissal is warranted because Plaintiff's lack of statutory standing and fail to meet the heightened pleading standards under FRCP 9(b) and the PSLRA for the reasons set forth above. In addition, Plaintiff improperly lumps all Defendants together.  *See id*.

Further, dismissal is independently warranted because Texas does not specifically recognize unjust enrichment as an independent cause of action, and should therefore be dismissed. *See Denicus v. Bosacker*, 2021 WL 2715978, at *8 (W.D. Tex. Jan. 26, 2021); *Hancock v. Chicago Title Ins. Co.*, 635 F. Supp. 2d 539, 561 (N.D. Tex. 2009).

In addition, Section 29(b) of the Exchange Act states, in relevant part, that "[e]very contract made in violation of any provision of this chapter or of any rule or regulation thereunder... shall be void... as regards the rights of any person who, in violation of any such provision, rule, or

regulation, shall have made or engaged in the performance of any such contract." 15 U.S.C. § 78cc.(b). To establish a Section 29(b) claim in the Fifth Circuit, the plaintiff must allege that: "(1) the contract involved a 'prohibited transaction,' (2) he is in contractual privity with the defendant, and (3) he is 'in the class of persons the Act was designed to protect.'" *Reg'l Props., Inc. v. Fin. & Real Est. Consulting Co.*, 678 F.2d 552, 559 (5th Cir. 1982). Here, Plaintiff's sole basis is alleged "promotional schemes and undisclosed compensation to paid proxies and promoters." SAC at p. 74, ¶ 1. Plaintiff fails to allege an underlying contract, a prohibited transaction, or any privity between Plaintiff and Brda or McCabe. *See Pompano-Windy City Partners, Ltd. v. Bear Stearns & Co.*, 794 F. Supp. 1265, 1288 (S.D.N.Y. 1992) ("the Court first notes that it is handicapped by plaintiffs' failure to delineate which contracts allegedly violated the securities laws").

Thus, because Plaintiff's unjust enrichment claim is predicated upon stating a Section 10(b) violations, it should be dismissed. *See Tredinnick v. Transamerica Life Ins. Co.*, 2023 WL 4424609, at *7 (E.D. Tex. July 10, 2023) ("Similar to § 20(a), § 29(b) requires an underlying securities violation to survive.").

C.    *Plaintiff Fails to Allege a Claim for Conspiracy to Commit Fraud (Count VI).*

Plaintiff's claim for "Conspiracy to Commit Fraud" is predicated upon an alleged Section 10(b) violation, and it fails along with that primary claim. *See* SAC at p. 75, ¶¶ 1, 5. "Because [Plaintiff] has failed to state a claim for fraud, [he] has failed to state a claim for conspiracy to commit fraud." *Edwards v. Certain Underwriters at Lloyds*, 2010 WL 5391275, at *3 (S.D. Tex. Dec. 20, 2010).

D.    *Plaintiff Fails to Allege a Claim for Emotional Distress (Count VIII).*

Plaintiff's "Emotional Distress (Negligent or Intentional Infliction)" cause of action is derived from the same conduct as the Section 10(b) claim and relates to "[t]he imposition of the

U3 trading halt."  *See* SAC at pp. 78–79, ¶¶ 1, 4, 5.  These claims fail for numerous independent

reasons, including Plaintiff's failure to satisfy Rule 9(b) and distinguish each Defendant.  *See, e.g.*,

*id.* ¶ 4 ("Defendants collectively violated . . .."); ¶ 5 ("Plaintiff explicitly asserts Defendants

orchestrated . . ..").[7]

First, to state a claim for intentional infliction of emotional distress, Texas law requires the

following four elements be alleged:  "(1) that the defendant acted intentionally or recklessly;

(2) that the conduct was 'extreme and outrageous'; (3) that the actions of defendant caused the

plaintiff emotional distress; and (4) that the emotional distress suffered by the plaintiff was severe."

*Wilson v. Monarch Paper Co.*, 939 F.2d 1138, 1142 (5th Cir. 1991) (quotation omitted); *Tex. Farm

Bureau Mut. Ins. Cos. v. Sears*, 84 S.W.3d 604, 610 (Tex. 2002).  Here, Plaintiff only alleges

threadbare and conclusory legal elements, but does not allege any extremity or outrageousness.

Second, under Texas law, "intentional infliction of emotional distress is a 'gap-filler' tort

never intended to supplant or duplicate existing statutory or common-law remedies."  *Creditwatch,

Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005).  "Where the gravamen of a plaintiff's complaint

is really another tort, intentional infliction of emotional distress should not be available."

*Hoffmann–LaRoche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004).  The claim was "created

for the limited purpose of allowing recovery in those rare instances in which a defendant

intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other

recognized theory of redress."  *Tu Nguyen v. Duy Tu Hoang*, 318 F.Supp.3d 983, 1024 (S.D. Tex.

2018).  Here, the gravamen of Plaintiff's SAC is the Section 10(b) claims, and thus, no gap filler

remedy is needed.  *See, e.g.*, *Melcher v. Small Bus. Loan Source, LLC*, 2016 WL 1211800, at *2

---

[7] "Texas does not recognize the tort of negligent infliction of emotional distress."  *Hirras v. Nat'l R.R.
Passenger Corp.*, 44 F.3d 278, 280 n.3 (5th Cir. 1995) (citing *Boyles v. Kerr*, 855 S.W.2d 593, 597 (Tex.
1993)).

(S.D. Tex. Mar. 9, 2016) (dismissing claim for intentional infliction of emotional distress because "there is simply 'no gap to fill'"); *E.E.O.C. v. Commercial Coating Serv., Inc.*, 2005 WL 6439215, at *4 (S.D. Tex. May 31, 2005) (same).

      E.      *Plaintiff Fails to State a Section 9(a) or Section 13(a) Claim.*

In conjunction with Section 10(b) and Rule 10b-5, Plaintiff appears to allege that Brda and McCabe violated Section 9(a) and Section 13(d) of the Exchange Act. *See* SAC at p. 68, ¶¶ 3, 5. Both fail as plead.

First, Plaintiff conclusively lumps all Defendants together in her Section 9(a) claim. *See id.* (Defendants violated Section 9(a) (15 U.S.C. § 78i(a)) by intentionally manipulating the price of MMTLP shares through artificial and deceptive trading conditions."). This group pleading violates Rule 9(b) and the PSLRA. In addition, similar to the infirmities affecting the Section 10(b) claim, Plaintiff would need to show that he relied on Brda and McCabe statements, acts, or omissions, and that they caused him to experience a loss. *See* 15 U.S.C. § 78i(f) (authorizing suit "to recover the damages sustained as a result of any such act or transaction" in violation of Section 9(a)). Plaintiff fails to do so.

Second, the Fifth Circuit has held that "Section 18(a) provides the sole basis for a private right of action for damages resulting from a violation of Section 13(d)." *Motient Corp. v. Dondero*, 529 F.3d 532, 536 (5th Cir. 2008) ("[T]here is no private cause of action for money damages under Section 13(d)."). Here, Plaintiff made no claim under Section 18(a), so her Section 13(d) claim must be dismissed. *See Rhyne v. Omni Energy Servs. Corp.*, 2009 WL 1844474, at *9 (W.D. La. June 23, 2009).

## <u>CONCLUSION</u>

Defendants Brda and McCabe respectfully request that this Court dismiss Plaintiff's Second Amended Complaint with prejudice for failure to state claims for which relief can be granted, as well as grant such other and further relief as this Court deems just and proper.

[*signature page follows*]

Respectfully submitted,

*/s/ Jason S. Lewis*

Jason S. Lewis
  Texas Bar No. 24007551
  jason.lewis@us.dlapiper.com
Jason M. Hopkins
  Texas Bar No. 24059969
  jason.hopkins@us.dlapiper.com
Ryan D. Lantry
  Texas Bar No. 24125130
  ryan.lantry@us.dlapiper.com
**DLA PIPER LLP**
1900 N. Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone:  214.743.4546
Facsimile:  214.743.4545

**ATTORNEYS FOR DEFENDANTS JOHN BRDA & GREGORY MCCABE**

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served the foregoing document on all counsel of record via the Court's

CM/ECF system on June 16, 2025.


_/s/ Jason S. Lewis_
Jason S. Lewis