UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN TEXAS
MIDLAND/ODESSA DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| DANIELLE SPEARS | \* |
| Plaintiff | \* |
| | \*  Docket Number: 7:24-cv-321 |
| v. | \* |
| | \* |
| NEXT BRIDGE HYDROCARBONS, INC. | \* |
| GREGORY MCCABE, JOHN BRDA | \* |
| THE SECURITIES & EXCHANGE COMMISSION | \* |
| FINANCIAL INDUSTRY REGULATORY AUTHORITY | \* |
| JANE DOE 1-20, JOHN DO 1-20 | \* |
| Defendant | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S MOTION FOR JUDICIAL NOTICE REGARDING FINRA'S UNAUTHORIZED CORPORATE ACTION ALTERATION (RULE 6490) AND IMPROPER USE OF MARKET HALT AUTHORITY (RULE 6440)**

**TO THE HONORABLE JUDGE OF SAID COURT**

Pursuant to Federal Rule of Evidence 201, Plaintiff Danielle Spears respectfully requests that this Court take judicial notice of the following documents, records, and official statements, each of which is either (a) contained in public records whose accuracy cannot reasonably be questioned, or (b) a sworn affidavit, admission, or official publication by a government agency or self-regulatory organization ("SRO") subject to SEC oversight. These materials are central to Plaintiff's claims that FINRA acted ultra vires in connection with the December 9, 2022 halt of trading in MMTLP, and that it violated its own rules and applicable federal law.

### I. LEGAL STANDARD

Under Fed. R. Evid. 201(b), a court may take judicial notice of a fact that is not subject to reasonable dispute because it:
 (1) is generally known within the trial court's territorial jurisdiction; or
 (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Courts routinely take judicial notice of government records, agency publications, sworn testimony, and public SRO filings. See *Fierro v. SEC*, 660 F.3d 569, 573 n.5 (2d Cir. 2011) (taking judicial notice of FINRA rules and SEC releases); *Reyes v. City of Lynchburg*, 300 F.3d 449, 454 (4th Cir. 2002) (public records appropriate for judicial notice).

## II. FACTS FOR WHICH JUDICIAL NOTICE IS SOUGHT

The facts and documents listed below are taken directly from FINRA's own public rulebook, SEC releases, official hearing transcripts, sworn affidavits from market participants, and contemporaneous trading data. They are not subject to reasonable dispute and are capable of ready verification.

## III. EXHIBIT INDEX

**Exhibit 1:** Transcript excerpt and still image of SEC Chairman Gary Gensler testifying before the House Financial Services Committee, acknowledging that FINRA did not consult the SEC for advice or permission before halting MMTLP and acted solely under its own rules.

**Exhibit 2:** Affidavit of George Palikaras, CEO of Meta Materials, attesting that FINRA unilaterally altered the corporate action notice for MMTLP on December 8, 2022 without issuer consent, including changing dates and replacing the term "canceled" with "deleted."

**Exhibit 3:** Side-by-side FINRA Daily List notices from December 6 and December 8, 2022, showing the changes made by FINRA to the corporate action.

**Exhibit 4:** FINRA Rule 6490 text from FINRA's official rulebook, confirming FINRA's authority is limited to declaring a corporate action "deficient" or "processed" and does not permit altering issuer terms. See *Willcot v. SEC, et. al.,* Case No. 7:24-cv-317 Exhibit T.

**Exhibit 5/5a:** FINRA FAQ publications from March 2023 and November 2023 confirming that FINRA "does not initiate, approve, or conduct" corporate actions.

**Exhibit 6:** Rule 4320 Short sale delivery rules

**Exhibit 7:** Daily Threshold List

**Exhibit 8:** Too late to cancel orders

**Exhibit 9:** Affidavit of a squeeze

**Exhibit 10:** FINRA's own Uniform Practice Advisory #35-22 (December 9, 2022), announcing the U3 halt for MMTLP without a public timestamp and without prior notice to investors.

**Exhibit 11:** Intentionally blank

**Exhibit 12:** FINRA's internal timeline #21-38 (as published in public enforcement and rule filings) confirming the OTC Bulletin Board had been shut down and its rulebook deleted effective November 8, 2021.

**Exhibit 13:** Screenshots and materials from the December 2022 FINRA Market Regulation Transparency Services conference in which FINRA Vice President Chris Stone described MMTLP's halt process as a "market halt" despite acknowledging "We're not an exchange."

**Exhibit 14:**  Intentionally Blank

**Exhibit 15:** Trading 212 broker notifications to shareholder Abdlemjid El kachcari (Germany) dated December 8 and December 27, 2022, confirming:
 (a) Shareholders could sell MMTLP until December 12, 2022;
 (b) Next Bridge Hydrocarbons shares would not be DTC-eligible or electronically tradeable; and
 (c) DTC ceased accepting further transactions on December 9, 2022, resulting in canceled sell orders and trapped positions.

**Exhibit 16:** Sworn affidavit of Abdlemjid El kachcari attesting under penalty of perjury that on December 9, 2022, he was informed DTC would no longer accept any further MMTLP transactions, leaving him unable to sell his shares.

**Exhibit 17:** Direct messages and declaration from "Oscar" (Portugal/Sweden broker) describing:
 (a) Placement of a "Too Late to Cancel" limit sell order at $1,700 per share on December 9, 2022, before U.S. market open;
 (b) Belief that the order executed; and
 (c) Later broker notification that the order was canceled due to the U.S. halt.
 (d) He witnessed shares trading for $55K/share in Sweden on the 8th of December, 2022

**Exhibit 18:** Abdlemjid El kachcari Next Bridge Hydrocarbons February 16, 2023 press release acknowledging that:
 (a) FINRA halted trading without advance notice to Meta or Next Bridge; and
 (b) Current management had no involvement in, and received no explanation for, the halt.

**Exhibit 19:** Abdlemjid El kachcari Next Bridge Hydrocarbons February 27, 2023 operational update confirming AST completed share distribution to all brokers of record, and that missing shares in accounts were not due to AST delays.

**Exhibit 20:** Abdlemjid El kachcari Next Bridge Hydrocarbons March 14, 2023 Updated FAQs to address shareholder questions about the Spin-Off and post-halt share mechanics.

**Exhibit 21:** Abdlemjid El kachcari Next Bridge Hydrocarbons July 26, 2023 press release stating FINRA "did not find it had authority" to require closing of short positions in Next Bridge common stock before any potential trading period, confirming FINRA's control over corporate action outcomes.

**Exhibit 22:** Intentionally blank

**Exhibit 23/a:** 28/105 Broker-dealers who SOLD MMTLP and sat on a FINRA board or committee while   Controlling 70M of the 165M Float including 8=7/10 who sat on the UTC committee and called for the U3Halt

**Exhibit 24**/I-VIII the MMTLP ALLOTMENT BY BROKER

**Exhibit 25**: Cromwell Coulson Pres of OTC Markets Group, Inc., Short data needs to be fixed

**Exhibit 26**: Affidavit of purchased shares

---

### IV. ARGUMENT

Judicial notice of these materials will narrow factual disputes and assist the Court in determining whether FINRA's conduct exceeded its delegated authority. Each exhibit is either:
 (a) an official government or SRO publication,
 (b) a sworn statement subject to penalty of perjury, or
 (c) a contemporaneous record from a verifiable market data source.

These are all proper subjects for judicial notice under Rule 201(b).

---

### V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court take judicial notice of Exhibits 1 through 14, attached hereto, in their entirety.

Dated August 12, 2025

Respectfully submitted,

/s/Danielle Spears
Danielle Spears,  Plaintiff,  *Pro Se*
12206 W Harrison Street.
Avondale, AZ 85323
480-476-1091
paymmtlpnow@gmail.com