# 6490. Processing of Company-Related Actions

**The Rule** | Notices

**(a) General**

(1) In furtherance of FINRA's obligations to foster cooperation and coordination of the clearing, settling and processing of transactions in equity and debt securities of any issuer with a class of publicly traded, non-exchange listed, securities in the OTC market and, in general, to protect investors and the public interest, FINRA's Operations Department ("Department") reviews and processes documents related to announcements for SEA Rule 10b-17 Actions and Other Company-Related Actions to facilitate the orderly trading and settlement of OTC securities.

(2) For purposes of this Rule, the term "SEA Rule 10b-17 Actions" includes, dividends or other distributions in cash or kind, stock splits or reverse stock splits, or rights or other subscription offerings, and such other actions as are provided for in SEA Rule 10b-17; and the term "Other Company-Related Actions" includes, but is not limited to, any issuance or change to a symbol or name, mergers, acquisitions, dissolutions or other company control transactions; and bankruptcy or liquidations.

(3) This Rule details the advance notification, supporting documentation and fees required by FINRA to process documentation related to such requests.

**(b) Request for FINRA Action**

(1) An issuer or other duly authorized representative of the issuer may request that FINRA process documentation related to an SEA Rule 10b-17 Action or Other Company-Related Action by submitting a signed request in the manner and form required by FINRA ("Requesting Party"). Initial symbol set up requests may also be submitted by members or associated persons of members in order to comply with regulatory reporting requirements.

(2) All requests to process documentation related to an SEA Rule 10b-17 Action must be complete and submitted to the Department, in the manner and form required, no later than the time frame specified in SEA Rule 10b-17. A Requesting Party that does not submit a completed request to the Department, in the manner and form required, within the time frame specified in SEA Rule 10b-17, shall be deemed "late" and, as set forth in this Rule, subject to an additional fee before the request may be processed. Nothing in the Rule shall alter the obligations of an issuer under SEA Rule 10b-17 and the processing of documentation related to a "late" SEA Rule 10b-17 Action request by FINRA shall not relieve an issuer of any violations under such rule.

(3) All requests to process documentation related to Other Company-Related Actions must be complete and submitted to the Department, in the manner and form required, no later than the time period prescribed for such Other Company-Related Action by FINRA. Notice and information submitted for Other Company-Related Actions must be submitted no later than 10 calendar days prior to the effective date of the company action. A Requesting Party that does not submit a completed FINRA action form to the Department, in the manner and form prescribed, at least ten (10) calendar days prior to the proposed effective date of the company action, shall be deemed "late" and as set forth in this Rule, subject to an additional fee before being processed.

### (d) Procedures for Reviewing Submissions

#### (1) Review

The Department shall review all requests to process documentation related to SEA Rule 10b-17 Actions and Other Company-Related Actions that are submitted pursuant to this Rule, including any additional documents or information requested in accordance with paragraph (b) above. All such requests must be accompanied by proof of payment of the requisite fee when appropriate in accordance with paragraph (c) above.

#### (2) Lapsed Requests

Where a Requesting Party does not, in the reasonable determination of the Department, sufficiently respond to any request by the Department for additional information or documentation pursuant to paragraph (b)(3) above within 90 calendar days following such Department request, such party's request shall be deemed "lapsed" and be closed.

#### (3) Deficiency Determination

In circumstances where an SEA Rule 10b-17 Action or Other Company-Related Action is deemed deficient, the Department may determine that it is necessary for the protection of investors, the public interest and to maintain fair and orderly markets, that documentation related to such SEA Rule 10b-17 Action or Other Company-Related Action will not be processed. In instances where the Department makes such a deficiency determination, the request to process documentation related to the SEA Rule 10b-17 Action or Other Company-Related Action, as applicable, will be closed, subject to paragraphs (d)(4) and (e) of this Rule. The Department shall make such deficiency determinations solely on the basis of one or more of the following factors: (1) FINRA staff reasonably believes the forms and all supporting documentation, in whole or in part, may not be complete, accurate or with proper authority; (2) the issuer is not current in its reporting requirements, if applicable, to the SEC or other regulatory authority; (3) FINRA has actual knowledge that the issuer, associated persons, officers, directors, transfer agent, legal adviser, promoters or other persons connected to the issuer or the SEA Rule 10b-17 Action or Other Company-Related Action are the subject of a pending, adjudicated or settled regulatory action or investigation by a federal, state or foreign regulatory agency, or a self-regulatory organization; or a civil or criminal action related to fraud or securities laws violations; (4) a state, federal or foreign authority or self-regulatory organization has provided information to FINRA, or FINRA otherwise has actual knowledge indicating that the issuer, associated persons, officers, directors, transfer agent, legal adviser, promoters or other persons connected with the issuer or the SEA Rule 10b-17 Action or Other Company-Related Action may be potentially involved in fraudulent activities related to the securities markets and/or pose a threat to public investors; and/or (5) there is significant uncertainty in the settlement and clearance process for the security.

### (4) Notice Regarding Determination

If the Department determines that a request to process documentation related to a SEA Rule 10b-17 Action or a Other Company-Related Action is deficient, FINRA staff shall provide written notice to the Requesting Party. Any notice issued under this paragraph shall state the specific factor(s) that caused the request to be deemed deficient and the Requesting Party may appeal a determination pursuant to paragraph (e) of this Rule.

### (5) Notice Issuance

A notice issued under this paragraph shall be issued by facsimile or electronic mail, or pursuant to Rule 9134.

### (e) Request for an Appeal to Subcommittee of Uniform Practice Code Committee

A Requesting Party issued a notice under this Rule may appeal a determination made under paragraph (d)(3) of this Rule to a three-member subcommittee composed of current or former industry members of FINRA's Uniform Practice Code Committee in writing via electronic mail, unless an alternative method of service is ordered by the Adjudicator, within seven calendar days after service of the notice. Service of the appeal by electronic mail shall be deemed complete upon sending. The written request for an appeal must be accompanied by proof of payment of the non-refundable Action Determination Appeal Fee. A request for an appeal must set forth with specificity any and all defenses to the Department's determination that a request was unacceptable or otherwise deficient. An appeal to the subcommittee shall operate to stay the processing of the company-related action (i.e., the requested company-related action shall not be processed during the period that the Requesting Party requests an appeal or while any such appeal is pending). Once a written appeal has been received, the Requesting Party may submit any additional supporting written documentation via electronic mail, unless an alternative method of service is ordered by the Adjudicator, up until the time the appeal is considered by the subcommittee. The subcommittee shall convene once each calendar month to consider all appeals received under this Rule during the prior month. The subcommittee shall render a determination within three business days following the day the appeal is considered by the subcommittee. The subcommittee's determination shall constitute final action by FINRA. The subcommittee's determination shall not constitute an estoppel as to FINRA nor bind FINRA in any subsequent administrative, civil, or disciplinary proceeding. If the Requesting Party fails to file a written request for an appeal within seven calendar days after service of the notice by the Department, the Department's determination shall constitute final action by FINRA.