UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN TEXAS
MIDLAND/ODESSA DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| DANIELLE SPEARS | \* |
| Plaintiff | \* |
| | \*  Docket Number: 7:24-cv-321 |
| v. | \* |
| | \* |
| NEXT BRIDGE HYDROCARBONS, INC. | \* |
| GREGORY MCCABE, JOHN BRDA | \* |
| THE SECURITIES & EXCHANGE COMMISSION | \* |
| FINANCIAL INDUSTRY REGULATORY AUTHORITY | \* |
| JANE DOE 1-20, JOHN DO 1-20 | \* |
| Defendant | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**CORRECTED PLAINTIFF'S MOTION FOR JUDICIAL NOTICE REGARDING FINRA'S UNAUTHORIZED CORPORATE ACTION ALTERATION (RULE 6490) AND IMPROPER USE OF MARKET HALT AUTHORITY (RULE 6440)**

## I. INTRODUCTION

Plaintiff Danielle Spears respectfully files this Corrected Motion for Judicial Notice under Federal Rule of Evidence 201 to clearly correct and clarify the prior submission to this Court. Plaintiff previously misunderstood the proper scope of judicial notice and mistakenly included exhibits unsuitable for judicial notice. Plaintiff explicitly withdraws all inappropriate exhibits and now clearly submits only those documents and facts explicitly allowed under Federal Rule of Evidence 201. Plaintiff respectfully requests the Court take judicial notice exclusively of the clearly stated facts and supporting exhibits listed below.

## II. LEGAL STANDARD

Federal Rule of Evidence 201 provides that a court may judicially notice facts "not subject to reasonable dispute" because they are either (1) generally known within the court's jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Courts routinely take judicial notice of official records, public filings, and regulatory statements. Each fact identified below meets this standard.

III. FACTS FOR WHICH JUDICIAL NOTICE IS SOUGHT

Fact 1: FINRA, which is explicitly not an exchange, imposed a permanent U3 market halt under FINRA Rule 6440 on MMTLP trading without filing the required SEC Form 19b-4 and without prior authorization or permission from the SEC.

Supporting Exhibits:

- Exhibit 1: Transcript excerpt and still image of SEC Chairman Gary Gensler's testimony before the House Financial Services Committee on April 18, 2023, explicitly stating: "Under FINRA's rules, they sought [a] trading halt. They didn't seek the SEC's advice or permission on that. That is something they did separately in that matter," confirming FINRA's unilateral actions without SEC authorization.

- Exhibit 10: FINRA's Uniform Practice Advisory (UPC #35-22) dated December 9, 2022, officially announcing the U3 halt without providing prior notice to investors.

- Exhibit 13: Transcript of Chris Stone, Vice President of FINRA's Transparency Services, explicitly clarifying: "We're not an exchange," noting FINRA's limited authority

compared to exchanges under Rule 6440.

Fact 2: FINRA unilaterally altered the corporate action notice for MMTLP under FINRA Rule 6490 without issuer authorization, clearly exceeding FINRA's delegated authority.

Supporting Exhibits:

- Exhibit 2: Sworn affidavit of George Palikaras, CEO of Meta Materials, dated August 15, 2024, explicitly attesting FINRA altered corporate action notices without issuer input or consent around December 7, 2022, including unauthorized removal of the pay date December 14, 2022 and substitution of "deleted" for "canceled." Palikaras further attests issuer counsel was excluded from communications between FINRA and DTCC.

- Exhibit 3: Side-by-side FINRA Daily List notices from December 6 and December 8, 2022, explicitly demonstrating FINRA's unauthorized changes.

- Exhibit 4: Official FINRA Rule 6490 text explicitly confirming FINRA's authority is strictly limited to declaring corporate actions "deficient" or "processed" and explicitly prohibits altering issuer terms.

- Exhibit 13: Chris Stone's explicit clarification that FINRA's Rule 6490 authority is strictly limited, explicitly prohibiting FINRA from altering issuer terms.

Fact 3: FINRA publicly misrepresented its regulatory responsibility by suggesting in official FAQs that enforcing settlement compliance, short-sale close-outs, and delivery obligations under FINRA Rule 4320 and Regulation SHO was outside its regulatory scope. In fact, FINRA explicitly bears enforcement responsibility for these rules.

Supporting Exhibits:

- Exhibit 5: FINRA's FAQ publications dated March 16, 2023, and November 6, 2023, misleadingly implying FINRA had no regulatory responsibility for enforcing mandatory short-sale close-outs and delivery requirements.

- Exhibit 6: Official FINRA Rule 4320 explicitly defining FINRA's mandatory enforcement responsibilities for short-sale close-outs and fails-to-deliver.

Fact 4: FINRA did not enforce mandatory short position close-out provisions under FINRA Rule 4320 despite clear regulatory obligations to do so.

Supporting Exhibit:

- Exhibit 6: Official FINRA Rule 4320 explicitly requiring mandatory 13-day close-out of fails-to-deliver positions, clearly demonstrating FINRA's enforcement responsibilities.

IV. NOTICE OF CORRECTION OF PREVIOUS SUBMISSION

Plaintiff explicitly acknowledges to this Court and opposing parties that her previous filing mistakenly included personal affidavits, financial records, private communications, and anecdotal evidence unsuitable for judicial notice. Plaintiff explicitly withdraws any prior judicial notice request related to previously docketed exhibits not explicitly listed in this Corrected Motion. Plaintiff will submit those exhibits separately and appropriately to support claims of harm, damages, and standing in future filings.

V. CONCLUSION

Plaintiff respectfully requests this Court grant this Corrected Motion for Judicial Notice explicitly limited to the precise adjudicative facts and supporting exhibits clearly stated above, consistent with Federal Rule of Evidence 201.

Dated August 21, 2025

Respectfully submitted,


/s/Danielle Spears
Danielle Spears, Plaintiff, Pro Se
12206 W Harrison Street. Avondale, AZ 85323
480-476-1091
paymmtlpnow@gmail.com