borrow shares. This is especially true for market makers in thinly traded, illiquid stocks as there may be few shares available to purchase or borrow at a given time.

*For more information on the current standard settlement period, known as "T+2," see Setting Securities Transactions, T+2 | Investor.gov.*

*For more information about market making see http://www.sec.gov/answers/mktmaker.htm and http://www.sec.gov/answers/specialist.htm*

### 201. Regulation SHO

Compliance with Regulation SHO began on January 3, 2005. Regulation SHO was adopted to update short sale regulation in light of numerous market developments since short sale regulation was first adopted in 1938 and to address concerns regarding persistent failures to deliver and potentially abusive "naked" short selling.

Due to continued concerns about failures to deliver, and to promote market stability and preserve investor confidence, the Commission has amended Regulation SHO several times since 2005 to eliminate certain exceptions, strengthen certain requirements and reintroduce the price test restriction.

As initially adopted, Regulation SHO included two major exceptions to the close-out requirement: the "grandfather" provision and the "options market maker" exception. Due to continued concerns about failures to deliver and the fact that the Commission continued to observe certain securities with failure to deliver positions that were not being closed out under then existing requirements, in 2007 the Commission eliminated the "grandfather" provision and in 2008 the Commission eliminated the "options market maker" exception.

In addition, the Commission adopted temporary Rule 204T in 2008 and final Rule 204 in 2009, which strengthened further the close-out requirements of Regulation SHO by applying close-out requirements to failures to deliver resulting from sales of all equity securities and reducing the time-frame within which failures to deliver must be closed out.

In 2010, the Commission adopted Rule 201 of Regulation SHO. Rule 201 restricts the price at which short sales may be effected when a stock has experienced significant downward price pressure. Rule 201 is designed to prevent short selling, including potentially manipulative or abusive short selling, from driving down further the price of a security that has already experienced a significant intra-day price decline, and to facilitate the ability of long sellers to sell first upon such a decline.

Regulation SHO's four general requirements are summarized below:

- Rule 200 — Marking Requirement. Rule 200 requires that orders you place with your broker-dealer must be marked "long," "short," or "short exempt."

- Rule 201 — Short Sale Price Test Circuit Breaker. Rule 201 generally requires trading centers to establish, maintain, and enforce written policies and procedures that are reasonably designed to prevent the execution or display of a short sale at an impermissible price when a stock has triggered a circuit breaker by experiencing a price decline of at least 10 percent in one day. Once the circuit breaker in Rule 201 has been triggered, the price test restriction will apply to short sale orders in that security for the remainder of the day and the following day, unless an exception applies.

- Rule 203(b)(1) and (2) — Locate Requirement. Regulation SHO requires a broker-dealer to have reasonable grounds to believe that the security can be borrowed so that it can be delivered on the date delivery is due before effecting a short sale order in any equity security. This "locate" must be made and documented prior to effecting the short sale.

- Rule 204 — Close-out Requirement. Rule 204 requires brokers and dealers that are participants of a registered clearing agency to take action to close out failure to deliver positions. Closing out requires the broker or dealer to purchase or borrow securities of like kind and quantity. The participant must close out a failure to deliver for a short sale transaction by no later than the beginning of regular trading hours on the settlement day following the settlement date. If a participant has a failure to deliver that the participant can demonstrate on its books and records resulted from a long sale, or that is attributable to bona fide market making activities, the participant must close out the failure to deliver by no later than the beginning of regular trading hours on the third consecutive settlement day following the settlement date. If the position is not closed out, the broker or dealer for which it clears transactions (for example, an introducing broker) may not effect