- **Rule 204** â€" Close-out Requirement. Rule 204 requires brokers and dealers that are participants of a registered clearing agency to take action to close out failure to deliver positions. Closing out requires the broker or dealer to purchase or borrow securities of like kind and quantity. The participant must close out a failure to deliver for a short sale transaction by no later than the beginning of regular trading hours on the settlement day following the settlement date. If a participant has a failure to deliver that the participant can demonstrate on its books and records resulted from a long sale, or that is attributable to bona fide market making activities, the participant must close out the failure to deliver by no later than the beginning of regular trading hours on the third consecutive settlement day following the settlement date. If the position is not closed out, the broker or dealer and any broker or dealer for which it clears transactions (for example, an introducing broker) may not effect further short sales in that security without borrowing or entering into a bona fide agreement to borrow the security (known as the "pre-borrowing" requirement) until the broker or dealer purchases shares to close out the position and the purchase clears and settles. In addition, Rule 203(b)(3) of Regulation SHO requires that participants of a registered clearing agency must immediately purchase shares to close out failures to deliver in securities with large and persistent failures to deliver, referred to as "threshold securities," if the failures to deliver persist for 13 consecutive settlement days. Threshold securities are equity securities that have an aggregate fail to deliver position for five consecutive settlement days at a registered clearing agency (e.g., National Securities Clearing Corporation (NSCC)); totaling 10,000 shares or more; and equal to at least 0.5% of the issuer's total shares outstanding. As provided in Rule 203 of Regulation SHO, threshold securities are included on a list disseminated by a self-regulatory organization ("SRO"). Although as a result of complying with Rule 204, generally a participant's fail to deliver positions will not remain for 13 consecutive settlement days, if, for whatever reason, a participant of a registered clearing agency has a fail to deliver position in a threshold security that persists for 13 consecutive settlement days, the requirement to close out such position under Rule 203(b)(3) remains in effect.

   *To view several key Regulation SHO amendments see:* A Exchange Act Release No. 50935 (Jun. 28, 2007), 72 FR 36348 (Jul. 3, 2007); Exchange Act Release No. 56212 (Aug. 7, 2007), 72 FR 45544 (Aug. 14, 2007); Exchange Act Release No. 58775 (Oct. 14, 2008), 73 FR 61690 (Oct. 17, 2008); Exchange Act Release No. 60388 (July 27, 2009), 74 FR 38264 (July 31, 2009); Exchange Act Release No. 61595 (Feb. 26, 2010), 75 FR 11232 (Mar. 10, 2010).

   *More information on Rule 200 Marking Requirements:* Under the rule, an order can be marked "long" when the seller owns the security being sold and the security either is in the physical possession or control of the broker-dealer, or it is reasonably expected that the security will be in the physical possession or control of the broker or dealer no later than settlement. However, if a person does not own the security, or owns the security sold but it is not reasonably expected that the security will be in the possession or control of the broker-dealer prior to settlement, the sale should be marked "short." The sale could be marked "short exempt" if the seller is entitled to rely on an exception from the short sale price test circuit breaker.

   *More information on Rule 203(b), bona fide market making exception to the locate requirement:* Broker-dealers engaged in bona fide market making activities are excepted from having to borrow or arrange to borrow shares due to their potential need to facilitate customer orders in fast-moving markets without possible delays associated with complying with Regulation SHO. For instance, as explained above, they may be required by their market making obligations to sell short in situations where it may be difficult to quickly locate and borrow securities. However, this exception is limited. For example, bona fide market making does not include activity that is related to speculative selling strategies or investment purposes of the broker-dealer or that is disproportionate to the usual market making patterns or practices of the broker-dealer in that security. Nor do bona fide market making activities include transactions