UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN TEXAS
MIDLAND/ODESSA DIVISION

\***************************************************

| | |
|---|---|
| DANIELLE SPEARS | * |
| Plaintiff | * |
| | *   Docket Number: 7:24-cv-321 |
| v. | * |
| | * |
| NEXT BRIDGE HYDROCARBONS, INC. | * |
| GREGORY MCCABE, JOHN BRDA | * |
| THE SECURITIES & EXCHANGE COMMISSION | * |
| FINANCIAL INDUSTRY REGULATORY AUTHORITY | * |
| JANE DOE 1-20, JOHN DO 1-20 | * |
| Defendant | * |
| | * |

\***************************************************

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL EARLY LIMITED DISCOVERY SUBPOENA MOTIONS**

Plaintiff respectfully moves this Court for leave to file supplemental Early Limited Discovery subpoena motions directed to non-parties Broadridge Financial Solutions, Inc., S&P Global Market Intelligence, Refinitiv (UK), and SIX Financial Information (Switzerland).

Plaintiff states as follows:

(1) Plaintiff initially filed a Motion for Judicial Notice (Dkt. #65) but subsequently filed a Corrected and Supplemental Motion for Judicial Notice (Dkt. #69) on August 22, 2025, to address critical errors.

(2) Plaintiff intended to concurrently include Early Limited Discovery subpoenas seeking critical, narrowly tailored evidence relevant to claims raised in her filed Response in Opposition (Dkt. #69).

(3) Due to oversight, Plaintiff inadvertently omitted these subpoena motions from Dkt. #69. Plaintiff thus respectfully seeks leave to file the supplemental subpoena motions now.

## ADDITIONAL JUSTIFICATION FOR EARLY LIMITED DISCOVERY SUBPOENAS

Plaintiff's Early Limited Discovery subpoenas are explicitly designed to substantiate claims clearly raised in Plaintiff's Response in Opposition (Dkt. #69).

**A. Purpose of Broadridge Financial Solutions and S&P Global Subpoenas:**

Plaintiff seeks data from **Broadridge Financial Solutions, Inc.** specifically because Broadridge, as the primary proxy processor and share position aggregator for nearly all broker-dealers, maintains detailed, aggregate long and short share counts for securities, including MMTLP. Plaintiff seeks identical share-count data from **S&P Global Market Intelligence**, a specialized securities finance data provider that independently tracks and reports aggregate long and short positions, borrow availability, borrow costs, and utilization rates.

The purpose of requesting identical aggregate long and short share-count data from both Broadridge and S&P Global is to cross-verify and conclusively confirm the accuracy and reliability of the total long and short positions existing on the .

3

Plaintiff has provided clear evidence documenting FINRA's acknowledgment of approximately 2.65 million short positions, despite regulations prohibiting short positions from transitioning into a private, non-trading entity like Next Bridge Hydrocarbons (NBH). Furthermore, communications from Next Bridge Chairman Gregory McCabe to Robert Colby of FINRA clearly stated that financial institutions seeking to cover short positions directly approached NBH, revealing short positions far in excess of FINRA's acknowledged 2.65 million. Brokerage firms such as TradeStation have publicly admitted overselling shares and failing to deliver NBH shares, further substantiating allegations of illegal shorting practices.

**B. Purpose of Refinitiv and SIX Financial Information Subpoenas:**

Plaintiff separately seeks multi-feed market data snapshots from **Refinitiv (UK)** and **SIX Financial Information (Switzerland)**. These independent, globally respected market data vendors provide comprehensive international data feeds, including OTC, gray markets, ATS/dark pools, and EU APA data. Plaintiff's previously filed documents reference significant international price discrepancies, including reported overseas prices as high as $55,000 per share versus U.S. prices ranging approximately $2.90 to $13 per share. Investors in Sweden, Canada, Korea, Germany, and Israel experienced simultaneous market disruptions, evidencing unusual market activities immediately preceding the halt.

The market data requested from Refinitiv and SIX Financial will verify whether U.S. investors were intentionally shown suppressed, delayed, or manipulated prices compared to international data, potentially indicating manipulation to conceal a forming short squeeze.

Plaintiff's requests are strictly limited to aggregate data without personally identifiable information—no customer names, account numbers, or confidential data. These Early Limited

Discovery subpoenas impose minimal burden on subpoenaed parties and will provide critical evidence enabling the Court to accurately assess Plaintiff's market manipulation, naked short selling, and improper trading allegations.

## CLARIFICATION REGARDING BROADRIDGE RELIABILITY:

Plaintiff notes a concern that data from Broadridge could potentially be subject to influence or compromise due to its close industry relationships. Accordingly, Plaintiff specifically seeks identical share-count data from S&P Global Market Intelligence to independently confirm and cross-validate the accuracy of Broadridge's provided data, ensuring the reliability and integrity of the resulting evidence.

## RELIEF REQUESTED:

Plaintiff respectfully requests leave to file the supplemental Early Limited Discovery subpoena motions attached as **Exhibit A** (Broadridge Financial Solutions, Inc.), **Exhibit B** (S&P Global Market Intelligence), and **Exhibit C** (Refinitiv and SIX Financial Information).

DATED this 26th day of August, 2025.

Respectfully submitted,

**/s/ Danielle Spears**
 Danielle Spears
Plaintiff, pro se
12206 W Harrison Street
Avondale, AZ 85323
Telephone: (480) 476-1091
Email: paymmtlpnow@gmail.com

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(G), Plaintiff certifies that on or about July 8, 2025, FINRA's counsel, John Mitchell, notified Plaintiff via email that FINRA intends to file a motion seeking a Court order staying all discovery and case management deadlines pending resolution of the motions to dismiss. Plaintiff responded by opposing a blanket stay and invited FINRA to participate in a good faith conference to discuss the possibility of limited discovery. FINRA's counsel replied: *"Thank you for the prompt response. FINRA does not believe that any discovery is appropriate at this juncture, as a result of which there is no need to confer further. We will proceed with the motion as opposed."* Thus, the requested relief in Plaintiff's motion is opposed.

                                                    /s/ Danielle Spears
                                                   Danielle Spears

## CERTIFICATE OF SERVICE

I certify that I served the foregoing document on all counsel of record via the Court's CM/ECF system on August 26, 2025.

                                                    /s/ Danielle Spears
                                                   Danielle Spears, Pro Se
                                                   12206 W Harrison Street
                                                   Avondale, AZ 85323
                                                   paymmtlpnow@gmail.com
                                                   480-476-1091
                                                   No Fax

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WESTERN TEXAS
## MIDLAND/ODESSA DIVISION

*****************************************************

| | |
|---|---|
| DANIELLE SPEARS | * |
| Plaintiff | * |
| | *   Docket Number: 7:24-cv-321 |
| v. | * |
| | * |
| NEXT BRIDGE HYDROCARBONS, INC. | * |
| GREGORY MCCABE, JOHN BRDA | * |
| THE SECURITIES & EXCHANGE COMMISSION | * |
| FINANCIAL INDUSTRY REGULATORY AUTHORITY | * |
| JANE DOE 1-20, JOHN DO 1-20 | * |
| Defendant | * |
| | * |

*****************************************************

Upon consideration of Plaintiff's Motion for Leave to File Supplemental Early Limited Discovery Subpoena Motions, it is hereby ORDERED:

Plaintiff's Motion is GRANTED. Plaintiff is hereby granted leave to file the supplemental Early Limited Discovery subpoena motions attached as **Exhibit A** (Broadridge Financial Solutions, Inc.) and **Exhibit B** (Refinitiv & SIX Financial Information).

SO ORDERED this ___ day of _____, 2025.

_____

United States District Judge