IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| DANIELLE SPEARS,<br><br>                              Plaintiff,<br><br>  v.<br><br>NEXT BRIDGE HYDROCARBONS, INC.,<br>GREGORY MCCABE, JOHN BRDA,<br>THE SECURITIES & EXCHANGE COMMISSION,<br>FINANCIAL INDUSTRY REGULATORY<br>AUTHORITY, and JANE DOE 1-20, JOHN DOE 1-20,<br><br>                              Defendants. | Case No.:<br>7:24-CV-321-RCG-DC |

**DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MOTION FOR LEAVE TO FILE EARLY DISCOVERY SUBPOENA MOTIONS**

    Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") submits this opposition to Plaintiff Danielle Spears's ("Spears") Motion for Leave to File Early Discovery Subpoena Motions (the "Motion for Leave") [ECF No. 75].

    Spears claims in the Motion for Leave that she is "seeking critical, narrowly tailored evidence relevant to claims raised in her filed Response in Opposition [to FINRA's Motion to Dismiss]," and that the "subpoenas are explicitly designed to substantiate claims clearly raised in Plaintiff's Response in Opposition [to FINRA's Motion to Dismiss]." Motion for Leave, at 2. In reality, Spears's requests are nothing more than an inappropriate fishing expedition and the Motion for Leave should be denied accordingly. *See, e.g., Valdez v. Victory Med. Ctr. Southcross*, 2016 U.S. Dist. LEXIS 202250, at *14 (W.D. Tex. Dec. 12, 2016) (denying discovery sought to bolster opposition to motion to dismiss because "[t]he Federal Rules of Civil Procedure do not entitle a plaintiff to engage in a speculative fishing expedition").

1

Though the Motion for Leave does not request early discovery from FINRA, it is nonetheless inappropriate for Spears to seek subpoenas from third parties for the express purpose of bolstering her opposition to FINRA's pending Motion to Dismiss, which asserts, among other things, regulatory immunity as a defense. *See* Motion for Leave, at 2; *see also* [ECF Nos. 69, 45]. As FINRA explains in its Motion for Protective Order Staying Discovery filed concurrently herewith and whose arguments are explicitly adopted herein [ECF No. 77], Fifth Circuit case law is unequivocal – discovery related to claims against a defendant asserting a well-founded immunity defense is inappropriate until the defense is resolved. *See, e.g., Freeman v. U.S.*, 556 F.3d 326, 342 (5th Cir. 2009); *Wells v. State Att'y Gens. of La.*, 469 F. App'x 308, 310 (5th Cir. 2012) (noting that "discovery generally is not allowed until the resolution of immunity issues in the case"); *Stollings v. Texas Tech Univ.*, 2021 WL 417815, at *2 (N.D. Tex. Apr. 13, 2021) ("[T]he Fifth Circuit has explicitly held that a discovery stay is mandatory until the Court first finds that the pleadings assert facts which, if true, are sufficient to overcome the immunity defense.") (citations omitted). This makes perfect sense because immunity (and regulatory immunity in particular) shields the protected party from all burdens of litigation—including discovery. *See In re Facebook, Inc. IPO & Secs. & Derivative Litig.*, 986 F.Supp.2d 428, 448 (S.D.N.Y. 2013) ("SRO immunity provides protection not only from liability, but also from the burdens of litigation, including discovery, and should be 'resolved at the earliest stage in litigation.'") (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).

Here, any discovery purportedly related to Spears's claims against FINRA is premature and irrelevant to opposing FINRA's pending Motion to Dismiss. Indeed, Spears already filed her opposition and any attempts to fish for information from third parties purportedly supporting that already filed opposition would be irrelevant. Likewise, the regulatory immunity defense asserted

in FINRA's Motion to Dismiss makes any discovery purportedly related to claims against FINRA categorically inappropriate until the regulatory immunity defense is decided. Accordingly, and for all the additional reasons asserted in FINRA's Motion for Protective Order Staying Discovery [ECF No. 77] which are expressly adopted herein, Spears's Motion for Leave should be denied.

Dated: September 3, 2025

Respectfully submitted,

David C. Kent
State Bar No. 11316400
david.kent@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Avenue, Suite 1700
Dallas, Texas 75201
(469) 357-2500
(469) 327-0860 (fax)

*Attorneys for Defendant Financial Industry Regulatory Authority, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served on all *pro se* parties and counsel of record through the CM/ECF system on September 3, 2025.

David C. Kent