IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| DANIELLE SPEARS,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>NEXT BRIDGE HYDROCARBONS, INC.,<br>GREGORY MCCABE, JOHN BRDA,<br>THE SECURITIES & EXCHANGE COMMISSION,<br>FINANCIAL INDUSTRY REGULATORY<br>　AUTHORITY, and JANE DOE 1-20, JOHN DOE 1-20,<br><br>　　　　　　　　　Defendants. | Case No.:<br>7:24-CV-321-RCG-DC |

**DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S
<u>REPLY IN SUPPORT OF ITS MOTION TO DISMISS</u>**

Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") submits this Reply in Support of FINRA's Motion to Dismiss ("MTD") [ECF No. 45].

**I.　PRELIMINARY STATEMENT**

Plaintiff Danielle Spears' Response in Opposition to FINRA's Motion to Dismiss [ECF No. 69] (the "Opposition") fails to provide any basis to deny FINRA's MTD. *First*, Spears concedes a majority of the grounds FINRA asserted in support of its request to dismiss this action because she fails to address them at all. *See In re Dall. Roadster, Ltd.*, 846 F.3d 112, 125-26 (5th Cir. 2017) (plaintiff's failure to respond to defendant's argument in a motion to dismiss constitutes abandonment); *United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010) (a party's failure to offer any "arguments or explanation . . . is a failure to brief and constitutes waiver."); *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (failure to defend claim in response to a motion to dismiss abandons claim); *Berreras v. State Bar of Tex.*, No. 3:24-CV-00302, 2025 U.S.

Dist. LEXIS 73307, at *4-5 (W.D. Tex. Apr. 16, 2025) (failure to brief an argument in the district court waives that argument in that court); *Evanston Ins. Co. v. Rodriguez Eng'g Labs*, No. 1:21-CV-01129, 2023 U.S. Dist. LEXIS 9885, at *21 (W.D. Tex. Jan. 20, 2023) (failure to address an argument concedes it); *Stratta v. Roe*, No. 6:18-CV-00114, 2021 U.S. Dist. LEXIS 60221, at *16 (W.D. Tex. Mar. 30, 2021) ("A party's failure to respond to arguments raised in a Rule 12 motion constitutes waiver or abandonment of those issues.").

For example, instead of addressing personal jurisdiction, Spears mistakenly relies on the distinct concept of subject matter jurisdiction that is not at issue in the MTD. In addition, Spears wholly fails to counter that she lacks any private right of action. Similarly, Spears does not address how the Second Amended Complaint ("SAC") sufficiently pleads the mandatory elements of an antitrust claim in light of the authorities cited in FINRA's MTD. *See* MTD [ECF No. 45], at pp. 18-19. Moreover, Spears merely repeats the insufficient due process "injury" she alleged in the SAC without addressing the authorities FINRA cited, which demonstrate that Spears lacks Article III standing, or explaining at all how her alleged injury satisfies the legal standard for standing. In accordance with the above cited authority, Spears therefore waives and abandons all of these issues. On this basis alone, FINRA's MTD should be granted as to the entirety of the SAC.

***Second***, for the grounds Spears does address, the Opposition relies primarily on improper and conclusory factual arguments that cannot overcome the legal deficiencies in the SAC. Meanwhile, the few legal arguments that Spears does make are largely relegated to an attached "Appendix" [ECF No. 69-22], which violates this Court's August 15, 2025 Text Order that requires Spears to limit her Opposition to 30 pages. Even if the Court considered the authorities cited in the Appendix, they are either inapposite or they do not support the propositions for which

Spears purports to advance them. To the contrary, the authorities included in the Appendix support FINRA's MTD.

**Third**, in addressing FINRA's arguments that Spears's Fifth Amendment due process claim should be dismissed, Spears repeatedly concedes that FINRA is a private entity and not a governmental actor. *See* Opposition [ECF No. 69], at pp. 9 (citing "FINRA's status as a private, non-governmental actor"), 10 ("FINRA is a private entity . . . ."), 12 (referring to FINRA as a "private corporation"), Appendix A.2 [ECF No. 69-22] ("FINRA is a private, non-profit corporation – not a governmental agency" and citing a string of authority for the proposition that courts, including the Fifth Circuit, recognize FINRA as a private, non-governmental entity). Spears's concession is fatal to her Fifth Amendment claim.

**Fourth**, Spears fails to distinguish or discuss the numerous court opinions that FINRA cites, which establish that the very conduct about which Spears complains here has been deemed to be "quintessentially regulatory" in nature. Rather, Spears argues, without any support, that FINRA's regulatory activities were "ultra vires" in nature; but such conduct is not recognized as an exception to regulatory immunity. As a result, Spears's claims against FINRA are precluded by regulatory immunity.

**Finally**, this Court should disregard all of Spears's improperly submitted "evidence." [ECF Nos. 69-1, 69-22, 74.] Documents not attached to a complaint or to a motion to dismiss are extrinsic and not to be considered in connection with a motion under Rule 12 of the Federal Rules of Civil Procedure. *See, e.g., Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *HT Res., Inc. v. Ralston*, No. 17-CV-00350, 2018 U.S. Dist. LEXIS 239776, at *7-9 (W.D. Tex. July 19, 2018); *Hernandez v. Belt Con Constr., Inc.*, No. 15-CV-00153, 2015 U.S. Dist. LEXIS 125342, at *8-9 (W.D. Tex. Sept. 18, 2015).

At bottom, all of Spears's claims are subject to dismissal as a matter of law. As a result, none of Spears's claims can be cured and any additional amendment would be futile. Accordingly, FINRA's MTD should be granted with prejudice and without leave to amend.

## II. FINRA'S MTD SHOULD BE GRANTED

### A. Spears Concedes That This Court Lacks Personal Jurisdiction Over FINRA

Spears does not address FINRA's threshold personal jurisdiction argument. Instead, Spears argues venue and subject matter jurisdiction based on diversity and federal question, which are not the subject of FINRA's MTD. *See* Opposition [ECF No. 69], at pp. 5-9. The concepts of personal and subject matter jurisdiction are separate and distinct. *Duplantier v. U.S.*, 606 F.2d 654, 663 n. 19 (5th Cir. 1979). "Federal courts must have both subject matter and *in personam* jurisdiction before they may act. 'The fact that subject-matter jurisdiction may exist does not excuse the lack of *in personam* jurisdiction.'" *Id* (citations omitted). Spears does not discuss personal jurisdiction in the Opposition, and she thereby waives and abandons the issue. *In re Dall. Roadster,* 846 F.3d at 125-26; *Reagan*, 596 F.3d at 254; *Panola Sch. Dist.*, 461 F.3d at 588 n.1; *Berreras*, 2025 U.S. Dist. LEXIS 73307, at *4-5; *Evanston Ins. Co.*, 2023 U.S. Dist. LEXIS 9885, at *21. Accordingly, the SAC should be dismissed as to FINRA, with prejudice and without leave to amend.

### B. Spears Concedes She Has No Private Right of Action Against FINRA

Spears's Opposition spills much ink proffering a multitude of allegations that FINRA violated the Exchange Act and FINRA's own Rules. *See* Opposition [ECF No. 69], at pp. 13-23, 27-28. Yet, the Opposition contains no citations or argument whatsoever that either the Exchange Act or any other statute or common law principle provides Spears with a private right of action against FINRA for its acts or omissions performed in connection with its duties as a regulator. In fact, as discussed in FINRA's MTD, Spears has no private right of action against FINRA arising

under the Exchange Act, other federal laws, state law, FINRA's rules, or otherwise. *See* MTD [ECF No. 45], at pp. 15-18. Spears fails to address this argument and thereby waives and abandons it. *In re Dall. Roadster,* 846 F.3d at 125-26; *Reagan*, 596 F.3d at 254; *Panola Sch. Dist.*, 461 F.3d at 588 n.1; *Berreras*, 2025 U.S. Dist. LEXIS 73307, at *4-5; *Evanston Ins. Co.*, 2023 U.S. Dist. LEXIS 9885, at *21. Accordingly, the SAC should be dismissed with prejudice and without leave to amend.

### C. Spears Concedes Her Failure to State an Antitrust Claim Against FINRA

Spears fails to address any of FINRA's legal arguments explaining why her antitrust claim should be dismissed. Instead, Spears simply reiterates her grievances about FINRA's operations and structure and complains about the manner in which FINRA exercised its regulatory functions by issuing a halt pursuant to SEC-approved rules. *See generally* Opposition [ECF No. 69]. Putting aside the factual inaccuracies, Spears's bare, conclusory assertions do nothing to rectify the legal deficiencies of her antitrust claim. First, there is no allegation in the SAC of an "agreement" between FINRA and any other person or entity. *See* MTD [ECF No. 45]; *see also* SAC [ECF No. 13]. Second, the securities laws preclude application of antitrust laws where "the two are 'clearly incompatible.'" *See Credit Suisse Sec. (USA) LLC v. Billing*, 551 U.S. 264, 275 (2007) (citations omitted). Spears's failure to address FINRA's arguments means she concedes them and abandons her antitrust claim. *In re Dall. Roadster,* 846 F.3d at 125-26; *Reagan*, 596 F.3d at 254; *Panola Sch. Dist.*, 461 F.3d at 588 n.1; *Berreras*, 2025 U.S. Dist. LEXIS 73307, at *4-5; *Evanston Ins. Co.*, 2023 U.S. Dist. LEXIS 9885, at *21. Thus, Spears's antitrust claim must be dismissed.

### D. Spears's Constitutional Claims Fail

While Spears's Opposition technically addresses FINRA's constitutional arguments, Spears concedes the irrefutable fact that FINRA is a private entity and not a governmental actor.

*See* Opposition [ECF No. 69], at pp. 9 (citing "FINRA's status as a private, non-governmental actor"), 10 ("FINRA is a private entity . . . ."), 12 (referring to FINRA as a "private corporation"), Appendix A.2 [ECF No. 69-22] ("FINRA is a private, non-profit corporation – not a governmental agency" and citing string authority for the proposition that courts, including the Fifth Circuit, recognize FINRA as a private, non-governmental entity). Spears's concession is fatal to her constitutional claims because to assert a constitutional violation, a plaintiff must "demonstrate 'that in denying plaintiff's constitutional rights, the defendant's conduct constituted state action.'" *D.L. Cromwell Invs., Inc. v. NASD Reg., Inc.*, 279 F.3d 155, 161 (2d Cir. 2002) (citation omitted). Because Spears concedes the foundational requirement of her constitutional claims, she abandons them. *Jones v. O'Malley*, No. 24-50485, 2024 U.S. App. LEXIS 32110, at *6 fn. 3 (5th Cir. December 18, 2024) (pro se plaintiff who concedes the foundation of argument abandons it).

Moreover, Spears fails to demonstrate Article III standing to pursue her constitutional claims. As noted in FINRA's MTD, the SAC asserts only generalized grievances about the separation of powers, the Appointments Clause, and the private nondelegation doctrine. *See* MTD [ECF No. 45], at pp. 19-21. Indeed, the SAC lacks even a single allegation of a "concrete and particularized" injury necessary to establish Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). While the Opposition argues Spears's injury is in the form of an inability to sell shares of the MMTLP security (*see* Opposition [ECF No. 69], at pp. 25-26), that allegation is insufficient as a matter of law to establish that she was deprived of any property interest. *See Fl. East Coast Props. Inc. v. Metro. Dade County*, 572 F.2d 1108, 1111 (5th Cir. 1978) (diminution in value alone is not sufficient to present a cognizable claim under Fifth or Fourteenth Amendments as it does not amount to an interference in a property owner's property right) (citing *United States v. Causby*, 328 U.S. 256, 265 (1946)).

Indeed, once the trading halt ended on December 13, 2022 each former MMTLP share became a share in Next Bridge Hydrocarbons. *See* FINRA's RJN [ECF No. 43], at Exhibit E; *see also* SAC [ECF No. 13], ¶¶ 47, 155 (conceding the end of the trade halt); Next Bridge Hydrocarbons, Inc. Press Release, available at https://uploads-ssl.webflow.com/6169e69d0075ec7c66221a8b/63a376a38add926dd316f36a_NBH%20News%20Release%2012-20-2022%20.pdf (last visited Sept. 12, 2025). Thus, Spears could never establish that as a result of the trade halt, FINRA "took" her MMTLP shares because Spears's MMTLP shares are now shares in Next Bridge Hydrocarbons, Inc. Accordingly, any argument that FINRA deprived Spears of a property interest fails.

For these reasons, Spears's constitutional claims fail, and those claims should be dismissed with prejudice and without leave to amend.

### E.     FINRA's Regulatory Immunity Bars All Claims in the SAC

Spears concedes FINRA's regulatory authority to issue a trade halt. *See* Opposition, at p. 10 (citing FINRA Rule 6440). As noted in FINRA's MTD, FINRA's decision to halt trading of MMTLP is a "quintessentially regulatory function." MTD [ECF No. 45], at pp. 13-14; *see In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 428, 454 (S.D.N.Y. 2013); *see also Tawil v. FINRA*, 2023 WL 4353179, *1 (N.D. Fla. May 24, 2023) ("Suspending trading—when warranted—is precisely the kind of activity FINRA can undertake in its quasi-regulatory capacity."); *Opulent Fund, L.P. v, Nasdaq Stock Mkt., Inc.*, 2007 U.S. Dist. LEXIS 79260, at *13 (N.D. Cal. Oct. 12, 2007) (identifying suspension of trading as regulatory in nature). FINRA's regulatory immunity similarly extends to Spears's other allegations that FINRA acted in violation of its own rules because the "enforcement (or nonenforcement) of these rules clearly implicates the quasi-governmental functions [that] the SEC delegated . . . ." *In re NYSE Specialists Secs.*

*Litig.*, 503 F.3d 89, 99 n. 4 (2d Cir. 2007). Spears does not counter these authorities nor provide any contrary authority to support the contention that the trade halt was not regulatory in nature.

To the extent Spears's Opposition argues that FINRA is not entitled to immunity because FINRA's conduct was *ultra vires*, the cases upon which Spears relies appear exclusively in Appendix A.2., which is in excess of the page limit ordered by the Court. *See* August 15, 2025 Text Order (limiting Spears's Opposition to 30 pages). Further, none of those authorities create an *ultra vires* exception to immunity; each actually *supports* the application of immunity here. *See e.g., DL Cap. Grp., LLC v. Nasdaq Stock Mkt., Inc.*, 409 F.3d 93, 98 (2d Cir. 2005) ("[P]recedent, not to mention common sense, strongly militates against carving out a 'fraud' exception to SRO immunity."); *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1214-15 (9th Cir. 1998) (rejecting the plaintiff's argument for a "bad faith" exception to the immunity doctrine, noting "our circuit does not recognize such an exception."); *Weissman v. NASD,* 500 F.3d 1293, 1296-97 (11th Cir. 2007) (immunity applies when an SRO is acting under the aegis of the Exchange Act's delegated authority).[1]

In sum, Spears fails to overcome the indisputable fact that FINRA's conduct in halting trading of the MMTLP shares was "quintessentially regulatory" in nature and thus, Spears's claims against FINRA in the SAC are precluded by absolute immunity and the SAC should be dismissed with prejudice and without leave to amend.

---

[1] Spears also cites to *Alpine Sec. Corp. v. FINRA*, 61 F.4th 1093 (D.D.C. 2023) in the Opposition, but there is no such case. *See* Opposition [ECF No. 69], at p. 11. To the extent Spears intended to cite to *Alpine Sec. Corp. v. FINRA*, 121 F.4th 1314 (D.C. Cir. 2024), that decision was expressly "narrow and limited" to facts and circumstances that are not present in this case – the expulsion of FINRA member firms in expedited disciplinary proceedings before the opportunity for SEC review. *Id.* at 1330.

**FINRA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**     Page 8 of 10
DMS_US.373596295.1

III. **SPEARS'S EXTRINSIC EVIDENCE IS INADMISSIBLE AND IMPROPER TO CONSIDER IN CONNECTION WITH A RULE 12 MOTION**

Spears submits both a Request for Judicial Notice and an Appendix to her Opposition to FINRA's MTD. *See* [ECF Nos. 69-1 and 69-22]. These filings attach a number of exhibits that are not relevant to the MTD, are not admissible, and are not properly considered in connection with a motion under Rule 12 of the Federal Rules of Civil Procedure. Extrinsic evidence is typically not considered in connection with a Rule 12 motion, unless attached to the motion to dismiss itself, an exception that does not apply to any of the "evidence" improperly submitted by Spears. *See Collins*, 224 F.3d at 498-99; *HT Res., Inc.*, 2018 U.S. Dist. LEXIS 239776, at *7-9; *Hernandez*, 2015 U.S. Dist. LEXIS 125342, at *8-9. As a result, Spears's Request for Judicial Notice and Appendix are improper and must be disregarded.

In addition, Spears submits even more inadmissible, irrelevant, and improper "evidence" in a later filed Notice of Supplemental Evidence Regarding FINRA Daily List and Bloomberg Terminal Discrepancies. [ECF No. 74]. Not only is such extrinsic evidence not to be considered in connection with FINRA's MTD, but Spears is also not entitled to file any additional briefings beyond her original Opposition. *See* Local Rule CV-7; *see also* August 15, 2025 Text Order (limiting Spears's Opposition to 30 pages). Spears continues to seek multiple bites at the same apple with documents lacking legal or factual support and in total disregard of the parties' and the Court's resources and time. Under these circumstances, and given that Spears has already exceeded the Court-ordered page limitation for her Opposition, the Appendix [ECF No. 69-1], Request for Judicial Notice [ECF No. 69-22], and Notice of Supplemental Evidence [ECF No. 74] should be stricken from the record, and any further effort by Spears to supplement her Opposition to FINRA's MTD should be disregarded.

## IV. AMENDMENT WOULD BE FUTILE

Given these facts and the many fatal legal deficiencies here, no potential amendment (even if amendment had been requested) could cure the defects of the SAC. FINRA is not at home in Texas and none of FINRA's alleged conduct occurred there or was specifically directed there, so no amendment can establish personal jurisdiction in this Court. Moreover, because FINRA's only connection to this case is its regulatory activities, regulatory immunity precludes all of Spears's claims as a matter of law. For the same reason, Spears cannot state a private right of action against FINRA. Accordingly, because further amendment would be futile, this Court should dismiss the SAC as to FINRA with prejudice. *See Brown v. Tarrant Cnty, Texas*, 985 F.3d 489, 498-99 (5th Cir. 2021) (court retains discretion to deny leave to amend where amendment would be futile).

## V. CONCLUSION

For the reasons stated herein and in FINRA's MTD, this Court should dismiss the SAC with prejudice and without leave to amend.

Respectfully submitted,

David C. Kent
State Bar No. 11316400
david.kent@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Avenue, Suite 1700
Dallas, Texas 75201
(469) 357-2500
(469) 327-0860 (fax)
*Attorneys for Defendant
Financial Industry Regulatory Authority, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served on all *pro se* parties and counsel of record through the CM/ECF system on September 12, 2025.