IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| DANIELLE SPEARS,<br>    *Plaintiff*,<br><br>v.<br><br>SECURITIES & EXCHANGE COMISSION, NEXT BRIDGE HYDROCARBONS, INC., GREGORY MCCABE, JOHN BRDA, JANE DOE 1-20, JOHN DOE 1-20, and FINANCIAL INDUSTRY REGULATORY AUTHORITY,<br>    *Defendants*. | MO:24-CV-00321-RCG |

## ORDER GRANTING DEFENDANT FINRA'S MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY

BEFORE THE COURT is Defendant Financial Industry Regulatory Authority, Inc.'s ("Defendant FINRA") Motion for Protective Order Staying Discovery. (Doc. 80).[1] This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of Defendant FINRA's brief and the relevant case law, the Court **GRANTS** Defendant FINRA's Motion for Protective Order Staying Discovery. (Doc. 80).

### I. BACKGROUND AND DISCUSSION

Plaintiff Danielle Spears ("Plaintiff") filed her Original Complaint in this Court on December 6, 2024. (Doc. 1). Plaintiff amended her Complaint once as a matter of right and a second time with leave of Court. (Docs. 3, 13). On May 20, 2025, Defendant FINRA filed it Motion to Dismiss, which remains pending before the Court. (Doc. 45). Due to a multitude of

---

[1]. All citations are to CM/ECF generated pagination unless otherwise noted.

requested extensions, this Motion to Dismiss was not fully briefed until September 12, 2025. (*See* Doc. 81).

In the instant Motion, Defendant FINRA asks the Court to prevent Plaintiff from seeking any discovery from itself, other parties, or third parties until the Court rules on Defendant FINRA's Motion to Dismiss. (Doc. 80 at 2). Defendant FINRA explains that while Plaintiff has not yet sought discovery from it, she is seeking leave to file subpoena motions directed to third parties, and plaintiffs in other related actions have sought early expediated discovery from Defendant FINRA. *Id*. at 1–2. Defendant FINRA asserts its Motion to Dismiss establishes that absolute immunity bars all claims asserted against it and the Court lacks personal jurisdiction over it, meaning the Court must stay discovery pending a decision on the merits. *Id*. at 2–3 (citing *Stollings v. Texas Tech Univ.*, No. 20-CV-250-H, 2021 WL 4171815, at *2 (N.D. Tex. Apr. 13, 2021) ("[T]he Fifth Circuit has explicitly held that a discovery stay is mandatory until the Court first finds that the pleadings assert facts which, if true, are sufficient to overcome the immunity defense") (citing *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994–95 (5th Cir. 1995))). However, the Court need not reach the merits of this Motion as it is unopposed.

Under Local Rule CV-7(d)(2), any response to a non-dispositive motion must be filed "no later than 7 days after the filing of the motion." The rule further provides that "[i]f there is no response filed within the time period by this rule, the court may grant the motion as unopposed." LOCAL COURT RULE CV-7(d)(2). Here, Defendant FINRA's Motion was filed on September 4, 2025, and notice and service of the Motion were provided to Plaintiff via the Court's CM/ECF system. (*See* Doc. 80 at 8). Under this Court's rules, Plaintiff's response was due September 11, 2025. While Plaintiff told Defendant FINRA she was opposed to the Motion, Plaintiff did not respond within the 7-day period, nor has Plaintiff responded since the deadline

passed. The Court therefore concludes there is no opposition to the relief sought by way of the Motion. *See Lamonica v. Allstate Fire & Cas. Ins.*, No. SA-19-CV-0152, 2020 WL 5358499, at *1 (W.D. Tex. Feb. 7, 2020). Thus, the Court **GRANTS** Defendant FINRA's Motion as unopposed. (Doc. 80).

## II.   CONCLUSION

Accordingly, the Court **GRANTS** Defendant FINRA's Motion for Protective Order Staying Discovery. (Doc. 80). It is **ORDERED** that discovery as to Defendant FINRA is stayed and Plaintiff may not seek any discovery from or related to Defendant FINRA until the Court decides its pending Motion to Dismiss (Doc. 45).

It is so **ORDERED**.

SIGNED this 16th day of September, 2025.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE