UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| DANIELLE SPEARS,<br><br>    *Plaintiff*,<br><br>vs.<br><br>NEXT BRIDGE HYDROCARBONS, INC., GREGORY MCCABE, JOHN BRDA, SECURITIES & EXCHANGE COMMISSION, FINANCIAL INDUSTRY REGULATORY AUTHORITY, JANE DOE 1–20, JOHN DO 1–20,<br><br>    *Defendants*. | Case No. 7:24-CV-321-DC-RCG |

## REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants John Brda and Gregory McCabe file this reply brief in support of their Motion to Dismiss filed on June 16, 2025 (Doc. 53 ("Motion")) this action brought by Plaintiff Danielle Spears, and they respectfully state as follows:[1]

## INTRODUCTION

Plaintiff' opposition brief (Doc. 82-1 ("Opposition"))[2] does not address the failures that warrant dismissal of the Second Amended Complaint. The Opposition ignores the Motion's arguments;[3] concedes key facts; attempts to revise the Second Amended Complaint; expressly abandons causes of action; and fails to mention (let alone distinguish) the Motion's authorities highlighting the Second Amended Complaint's deficiencies.

---

[1] Capitalized terms having the meanings set forth in the Motion and any references to page numbers are to the ECF stamped filing page numbers.

[2] Plaintiff's "Opposed Motion for Leave to Exceed Page Limit" (Doc. 82) is presently pending before the Court, but any ruling would not alter the substance of this reply brief.

[3] *In re Dallas Roadster, Ltd.*, 846 F.3d 112, 125 (5th Cir. 2017) (plaintiff "abandoned the claim by failing to include any argument about the claim in response to [defendant's] motion to dismiss").

**DEFENDANTS JOHN BRDA & GREG MCCABE'S REPLY IN SUPPORT OF MOTION TO DISMISS –
PAGE 1**

## **ARGUMENTS & AUTHORITIES**

Even with all doubts resolved in favor of a pro se plaintiff, the federal securities claims against Brda and McCabe should be dismissed for failing to plead cognizable securities claims nor satisfy the heightened standards of Rule 9(b) and the PSLRA. Plaintiff's tagalong state-law claims also fail to meet basic pleading standards and should be dismissed.

**I.    PLAINTIFF FAILS TO STATE A SECTION 10(B) OR RULE 10B-5 CLAIM (COUNTS I AND IV).**

    *A.   Plaintiff Fails to Allege That He Purchased or Sold MMTLP Shares in Reliance on a Statement by Brda or McCabe.*

Plaintiff's securities claims fail because she does not allege the purchase or sale of securities in reliance on any false statement or omission made by Brda or McCabe in connection with any such purchase or sale. Plaintiff's generalized complaints are not tied to any purchase or sale of any security. Brda and McCabe's primary argument is "Plaintiff fails to allege the purchase or sale of MMTLP *as a result of* any alleged conduct on the part of Brda or McCabe." Mot. at 11 (emphasis added). But "[i]t is well established that mere retention of securities in reliance on material misrepresentations or omissions does not form the basis for a § 10(b) or Rule 10b–5 claim." *Id.* at 10 (quoting *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1443 n.7 (5th Cir. 1993)). In other words, the purchase or sale of the security must be made in reliance on the alleged material misrepresentation or omission.

Plaintiff fails to do so. She alleges that she "did not begin to buy until October 2022." SAC ¶ 81. But she does not allege that her decision to purchase was made in reliance on any material misrepresentation or omission on the part of Brda or McCabe. Instead, Plaintiff generally avers "[i]t seemed no matter what direction Plaintiff listened, all she heard was a lot of talk about MMTLP." SAC ¶ 81.

**DEFENDANTS JOHN BRDA & GREG MCCABE'S REPLY IN SUPPORT OF MOTION TO DISMISS –
PAGE 2**

The closest Plaintiff comes to alleging reliance is in paragraph 89 of the SAC: "Plaintiff personally acknowledges that these pervasive messages directly influenced her decision to abandon her usual investment safeguards, notably removing stop-loss protections on MMTLP shares." SAC ¶ 89. Yet, she does not tie that "influence" to a purchase or an actual sale of a security. And federal securities laws do not recognize a cause of action for "attempts to sell" or where Plaintiff was purportedly induced "remov[e] stop-loss protections" for her position. *See* Mot. at 10 (collecting authority); *see also Targgart v. Next Bridge Hydrocarbons, Inc.*, --- F.Supp.3d ----, 2025 WL 1831590, at *4 (N.D. Tex. July 3, 2025) ("receiving shares in a distribution does not confer standing"; dismissing Securities Act of 1933 claims against Brda and McCabe with prejudice for allegations that "Defendants made false or misleading statements leading up to the spinoff of Next Bridge from Meta Materials, Inc.").

Whether because she fails to plead statutory standing or because she fails to invoke the federal securities laws, Plaintiff's failure to plead any misrepresentation or omission in connection with the purchase or sale of securities is fatal to her claims. *Accord Targgart*, 2025 WL 1831590, at *5 ("Plaintiffs do not plead they purchased shares of Next Bridge—the shares they allege were issued under a misleading prospectus—although they do try to retroactively reframe their pleadings in their response to Brda's motion to dismiss.").

  B. *Plaintiff Failes to Allege Any Material Misrepresentations or Omissions.*

Plaintiff argues she "alleges actionable misstatements and omissions in three related buckets," and then proceeds to list four categories. Opp. at 15–16. In either event and regardless of her buckets, Plaintiff fails to identify an actionable material representation or omission made by Brda or McCabe in her SAC in connection with an alleged purchase or sale of a security. Further, Plaintiff's references to her live pleading do not support the statements made in the Opposition.

**DEFENDANTS JOHN BRDA & GREG MCCABE'S REPLY IN SUPPORT OF MOTION TO DISMISS –
PAGE 3**

First, Plaintiff references the "non-tradable" intent of the dividend. Opp. at 15 (citing SAC ¶¶ 34–36, 69, 45). But none of these citations even references the dividend, MMTLP Shares, or its tradability/non-tradability. Without this, it is unclear what Plaintiff is even attempting to allege.

Second, Plaintiff identifies the "Orogrande value narrative." Opp. at 15 (citing SAC ¶¶ 35, 15, 52–57). These statements cannot be cognizable where Plaintiff does not allege she relied on them (or was even aware of them prior to her alleged purchase). Moreover, the purported statements are irrelevant and include: (i) Plaintiff's description of why venue is proper (*id.* ¶ 15); and (ii) a 2015 option agreement unrelated to the Orogrande (*id.* ¶ 35).

Third, Plaintiff repeats her arguments about purported statements which led to her "holding" the stock. Opp. at 15–16. Again, the securities laws do recognize a claim for holding securities. *See* Mot. at 10 (collecting authority).

Fourth, Plaintiff makes certain allegations about "promotional messaging" regarding an expected short squeeze and a potential spin-out into NBH. Opp. at 16. But Plaintiff's allegations mirror those that were already rejected in *Tarrgart*. *See* -- F.Supp.3d ----, 2025 WL 1831590, at *6 ("So Brda's pre-merger activities could not have been a sale of shares in [NBH]—a company that not only did not exist yet, but was in fact nothing more than a contingency at the time. Plaintiffs' post-merger pleadings are no better.").

In short, none of these citations or "buckets" that Plaintiff identifies relate to her reliance on any statement or omission by Brda or McCabe in connection with the purchase or sale of a security (let alone one that satisfies Rule 9(b)).

**DEFENDANTS JOHN BRDA & GREG MCCABE'S REPLY IN SUPPORT OF MOTION TO DISMISS – PAGE 4**

C.     *Plaintiff Fails to Allege Scienter as to Brda or McCabe.*

The Motion argues that Plaintiff "fails to plead the requisite fraudulent intent." Mot. at 13. Instead of identifying an allegation in the Second Amended Complaint that could constitute scienter, Plaintiff attaches exhibits, that post-date the SAC's filing, to her Opposition in support of an unpled scienter theory. "[I]t is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss." *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504 (S.D. Tex. 2011).

Plaintiff has not plead scienter and exhibits attached to the Opposition cannot cure the live pleading. Absent an allegation of scienter on the part of Brda and McCabe, backed by particularized facts that satisfy Rule 9(b), Plaintiff's securities fraud claim against them cannot stand as pled. *See Dawes v. Imperial Sugar Co.*, 975 F.Supp.2d 666, 700 (S.D. Tex. 2013) (dismissing securities fraud claim for failure to allege scienter).

D.     *Plaintiff Does Not Adequately Allege Loss Causation.*

The Motion argues that "Plaintiff's claims should be dismissed because she fails to plead loss causation, or 'a causal connection between the material misrepresentation and the loss.'" Mot. at 14 (quoting *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 342 (2005)). The Motion reasons "Plaintiff fails to explain the causal connection between Brda and McCabe's alleged misrepresentations and the economic loss purportedly suffered," "[n]or can Plaintiff plausibly allege proximate causation, where, as here, he places all of the blame on 'FINRA's abrupt and indefinite extraordinary U3 trading halt imposed on' the last day that MMTLP Shares ever traded." *Id.* at 15 (quoting SAC at 4).

Plaintiff conlcusorily responds that "Plaintiff pleads a plausible causal chain from Defendants' conduct to her loss." Opp. at 18 (citing SAC ¶¶ 141, 154–56, 128). But each of the

paragraphs Plaintiff cites to have nothing to do with Brda or McCabe, and everything to do with FINRA:

- SAC ¶ 141 (describing "FINRA's indefinite and unexplained implementation of the extraordinary U3 trading halt");
- SAC ¶ 154 (describing FINRA's justification of U3 trading halt);
- SAC ¶ 155 (describing another FINRA statement);
- SAC ¶ 156 (detailing grievance of "practical perspective" of U3 halt); and
- SAC ¶ 128 (describing FINRA's "revised corporate action notice").

Notably, neither Brda or McCabe's names even appear in any of the Opposition's citations to the SAC for Plaintiff's loss causation arguments. This further underscores that Plaintiff's stated grievance is with FINRA and FINRA's decision to institute the U3 halt.

For any or all of the foregoing reasons, Plaintiff's securities claims should be dismissed.

## II.    PLAINTIFF'S DERIVATIVE AND SECONDARY CLAIMS FAIL.

### A.    *Plaintiff Fails to Allege a Claim for Negligence (Count III).*

Despite its conclusory and circular allegations, Plaintiff concedes "[u]nder Texas law, negligence requires (1) a legal duty, (2) breach, and (3) damages proximately caused by the breach (cause-in-fact and foreseeability)." Opp. at 18 (citing *Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex. 1998) (reversing court of appeals and ordering it render judgment that the plaintiffs "take nothing" for lack of negligence)). Plaintiff does not meaningfully respond to the Motion's arguments and states that her negligence claim is made "in the alternative." Opp. at 16. Her live pleading says otherwise: "Brda, McCabe, and NBH violated Section 10(b) (15 U.S.C. § 78j(b)) and Rule 10b-5 (17 C.F.R. § 240.10b-5) by negligently . . . ." SAC at pp. 71–72, ¶¶ 1, 3.

The Supreme Court has long foreclosed any negligence-based theory for a Section 10(b) claim. *See Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 214 (1976). The Court should reject

Plaintiff's negligence-based claims because negligent acts cannot be the basis of Section 10(b) violations. *See Abrams v. Baker Hughes, Inc.*, 292 F.3d 424, 433 (5th Cir. 2002).

### B. *Plaintiff Fails to State a Claim for Unjust Enrichment (Count V).*

Plaintiff does not respond to the Motion's argument that "Texas does not specifically recognize unjust enrichment as an independent cause of action, and should therefore be dismissed." Mot. at 16 (collecting cases). Thus, dismissal of Count V is warranted.

### C. *Plaintiff Fails to Allege a Claim for Conspiracy to Commit Fraud (Count VI).*

The Motion argues that "'[b]ecause [Plaintiff] has failed to state a claim for fraud, [he] has failed to state a claim for conspiracy to commit fraud.'" Mot at 17 (quoting *Edwards v. Certain Underwriters at Lloyds*, 2010 WL 5391275, at *3 (S.D. Tex. Dec. 20, 2010)). Plaintiff does not dispute that his alleged cause of action is predicated upon an alleged Section 10(b) violation. *See* Opp. 28.

Instead, the Opposition re-hashes Plaintiff's grievances against an attorney ("James 'Wes' Christian") that is not a party to this case and not counsel for any party in this case. *See* Opp. at 31. These grievances are irrelevant to the Second Amended Complaint and the Court already granted Mr. Christian's motion to withdraw back in May 2025. *See* Doc. 41.

Plaintiff then concludes that she has stated a claim for conspiracy to commit fraud "viewed in light of the case law." Opp. at 27. But the only case that Plaintiff cites to across five pages of argument for this section (*id.* at 28–32) is a criminal case (that no Defendant is a party to) and that was dismissed for failure to state an offense. *See United States v. Constantinescu*, 2024 WL 1221579 (S.D. Tex. Mar. 20, 2024).

**DEFENDANTS JOHN BRDA & GREG MCCABE'S REPLY IN SUPPORT OF MOTION TO DISMISS – PAGE 7**

### D. Plaintiff Fails to Allege a Claim for Emotional Distress (Intentional or Negligent) (Count VIII).

The Motion argues that Plaintiff's claim for emotional distress (intentional or negligent) should be dismissed because (i) Texas does not recognize the tort of negligent infliction of emotional distress; (ii) Plaintiff fails to satisfy Rule 9(b); (iii) the cause of action is derived from the same conduct as the Section 10(b) claim; (iv) Plaintiff only alleges threadbare and conclusory legal elements, but does not allege any extremity or outrageousness; and (v) "intentional infliction of emotional distress is a 'gap-filler' tort never intended to supplant or duplicate existing statutory or common-law remedies. Mot. at 17–19.

Rather than identify in the live pleading the purported conduct in support of her claim, Plaintiff repeats the elements in conclusory fashion: "plaintiff pleads intentional or reckless conduct that foreseeably caused emotional injury." Opp. at 35. Plaintiff does not meaningfully respond to the Motion's argument. Rather, Plaintiff concludes with citations to two cases that have nothing to do with emotional distress. *See id.* (citing *SEC v. Pirate Investor LLC*, 580 F.3d 233 (4th Cir. 2009); *In Affco Investments 2001 LLC v. Proskauer Rose, L.L.P.*, 625 F.3d 185 (5th Cir. 2010)). The phrase "emotional distress" does not appear anywhere in either opinion and it is unclear what relevance they have to the Motion and Plaintiff's failure to state a claim for emotional distress.

### E. Plaintiff Fails to State a Section 9(a) or Section 13(a) Claim.

The Opposition does not respond to the Motion's arguments that Plaintiff failed to state a claim under Section 9(a) and Section 13(d) of the Exchange Act. *See* Mot. at 19. To the extent Plaintiff is attempting to assert a claim under these Sections of the Exchange Act, dismissal is warranted.

## **CONCLUSION**

Defendants Brda and McCabe respectfully request that this Court dismiss Plaintiff's Second Amended Complaint with prejudice for failure to state a claim for which relief can be granted, as well as grant such other and further relief as this Court deems just and proper.

[*signature page follows*]

Respectfully submitted,

*/s/ Jason S. Lewis*
Jason S. Lewis
  Texas Bar No. 24007551
  jason.lewis@us.dlapiper.com
Jason M. Hopkins
  Texas Bar No. 24059969
  jason.hopkins@us.dlapiper.com
Ryan D. Lantry
  Texas Bar No. 24125130
  ryan.lantry@us.dlapiper.com
**DLA PIPER LLP**
1900 N. Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone:  214.743.4546
Facsimile:  214.743.4545

**ATTORNEYS FOR DEFENDANTS JOHN BRDA & GREGORY MCCABE**

## CERTIFICATE OF SERVICE

I certify that I served the foregoing document on all counsel of record via the Court's CM/ECF system on September 22, 2025.

*/s/ Jason S. Lewis*
Jason S. Lewis