IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **DANIELLE SPEARS,** § | |
| *Plaintiff*, § | |
| § | |
| v. § | MO:24-CV-00321-RCG |
| § | |
| **SECURITIES & EXCHANGE** § | |
| **COMISSION, NEXT BRIDGE** § | |
| **HYDROCARBONS, INC., GREGORY** § | |
| **MCCABE, JOHN BRDA, JANE DOE 1-** § | |
| **20, JOHN DOE 1-20, and FINANCIAL** § | |
| **INDUSTRY REGULATORY** § | |
| **AUTHORITY,** § | |
| *Defendants.* § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE EARLY DISCOVERY SUBPOENA MOTIONS

BEFORE THE COURT is Plaintiff Danielle Spears' ("Plaintiff") Motion for Leave to File Supplemental Early Limited Discovery Subpoena Motions. (Doc. 75).[1] This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of the Parties' brief and the relevant case law, the Court **DENIES** Plaintiff's Motion for Early Discovery Subpoenas. (Doc. 75).

Plaintiff filed her Original Complaint in this Court on December 6, 2024. (Doc. 1). Plaintiff amended her Complaint once as a matter of right and a second time with leave of Court. (Docs. 3, 13). Before the Court, there are currently four pending Motions to Dismiss Plaintiff's Second Amended Complaint. (Docs. 45, 47, 53, 54). Specifically, Defendant FINRA filed a

---

1. All citations are to CM/ECF generated pagination unless otherwise noted.

Motion to Dismiss (Doc. 45) and Plaintiff filed her Response (Doc. 69).[2] While awaiting a ruling on Defendant FINRA's Motion to Dismiss, Plaintiff is seeking third party subpoenas "explicitly designed to substantiate claims clearly raised in Plaintiff's Response." (Doc. 75 at 2). Plaintiff explains these early limited discovery subpoenas "will provide critical evidence enabling the Court to accurately assess Plaintiff's market manipulation, naked short selling, and improper trading allegations." *Id*. at 4.

Plaintiff is not entitled to discovery to oppose a Rule 12(b)(6) Motion to Dismiss. "A motion to dismiss pursuant to Rule 12(b)(6) is decided solely on the pleadings; thus, the degree of discovery conducted is irrelevant to a Rule 12(b)(6) motion." *Senegal v. Jefferson County*, 1 F.3d 1238 (5th Cir. 1993). "The Court has broad discretion and inherent power to stay discovery while a motion to dismiss is pending." *Stollings v. Texas Tech Univ.*, No. 20-CV-250-H, 2021 WL 4171815, at *2 (N.D. Tex. Apr. 13, 2021) (internal quotations omitted). "A stay of discovery is particularly appropriate when a defendant asserts an immunity defense." *Id*. (citing *See Wells v. State Att'y Gens. of La.*, 469 F. App'x 308, 310 (5th Cir. 2012) ("[D]iscovery generally is not allowed until the resolution of immunity issues in the case.")).

Accordingly, the Court **DENIES** Plaintiff's Motion for Leave to File Supplemental Early Limited Discovery Subpoena Motions. (Doc. 75).

---

2. In the instant Motion, Plaintiff makes a reference to a Motion for Judicial Notice she filed as an Exhibit to her Response to Defendant's Motion to Dismiss. (Docs. 75 at 1; 69-1). To the extent Plaintiff expects a ruling on a motion filed as an exhibit, the Court makes clear any motion must be made as a separate filing.

It is so **ORDERED**.

SIGNED this 22nd day of September, 2025.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE