PIN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| DANIELLE SPEARS,<br><br>Plaintiff,<br><br>v.<br><br>NEXT BRIDGE HYDROCARBONS, INC.,<br>GREGORY MCCABE, JOHN BRDA,<br>THE SECURITIES & EXCHANGE COMMISSION,<br>FINANCIAL INDUSTRY REGULATORY<br>AUTHORITY, and JANE DOE 1-20, JOHN DOE 1-20,<br><br>Defendants. | Case No.:<br>7:24-CV-321-RCG-DC |

**DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY**

Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") submits this Opposition to Plaintiff Danielle Spears's Motion For Leave to File a Surreply to FINRA's Reply in Support of Motion to Dismiss (the "Surreply Motion") [ECF No. 85]. Spears seeks to file a surreply in further opposition to FINRA's Motion to Dismiss (the "FINRA MTD") [ECF No. 45]. Spears contends that FINRA's Reply brief in support of its MTD (the "FINRA Reply") [ECF No. 81] raises "new jurisdictional and c" as well as "new factual contentions" that Spears alleges were not included in the FINRA MTD. Surreply Motion, p.1. Spears's arguments are without merit.

As an initial matter, Spears failed to meet and confer with FINRA before filing the Surreply Motion, in violation of Local Rule of Civil Procedure 7(i). For this reason alone, the Surreply Motion should be denied. But the Surreply Motion should also be denied on substantive grounds.

Surreplies are disfavored in the Fifth Circuit because they usually indicate gamesmanship whereby the nonmovant improperly attempts to get the last word on a topic. *See Lacher v. West*,

147 F. Supp. 2d 538, 539 (N.D. Tex. 2001). Thus, "it is proper to deny a motion for leave to file a surreply where the party fails to demonstrate exceptional or extraordinary circumstances warranting the relief sought." *Silo Restaurant Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F. Supp. 3d 562, 570 (W.D. Tex. 2019) (citations omitted). Generally, to establish extraordinary circumstances, "a party . . . must show that a new issue, theory, argument, or evidence was raised or relied on for the first time in the movant's reply brief . . . ." *PMA Ins. Grp. v. Polk Mech. Co. LLC*, No. 3:23-cv-00610, 2024 U.S. Dist. LEXIS 154378, at *6 (N.D. Tex. Aug. 27, 2024). But since "[t]he scope of the reply should be limited to addressing the arguments raised by the memorandum in opposition," the need for a surreply should arise infrequently. *See Weems v. Hodnett*, No. 10-cv-1452, 2011 U.S. Dist. LEXIS 75172, at *2-3 (W.D. La. July 13, 2011).

Here, Spears fails to identify any exceptional or extraordinary circumstances entitling her to a surreply. Rather, each of the arguments she references from the FINRA Reply was either: (i) raised initially in the FINRA MTD, or (ii) made in direct response to Spears's opposition. For example, the FINRA MTD asserts a lack of personal jurisdiction, which Spears failed to counter in her opposition. Instead, she argued subject matter jurisdiction, an issue not raised by FINRA, thus waiving the personal jurisdiction issue, as FINRA pointed out in its Reply. FINRA could not have argued waiver in its opening brief because Spears had not yet filed her opposition. Similarly, the FINRA MTD asserts FINRA's absolute regulatory immunity, which Spears opposed based on a proffered "ultra vires" exception. FINRA's Reply therefore appropriately addressed the "ultra vires" exception, which Spears had not raised before. FINRA could not have argued against such an alleged exception until Spears argued for it in her opposition. For the same reason, FINRA could not have argued waiver of Spears's constitutional claims until it received her opposition repeatedly conceding that FINRA is not a governmental actor.

The entire point of a reply is to allow the movant to respond to arguments the nonmovant raised (or failed to raise) in its opposition. *See Silo Restaurant Inc.*, 420 F. Supp. 3d at 570 ("'[T]he scope of the reply brief must be limited to addressing the arguments raised' in the response or memorandum in opposition.") (citations omitted). Moreover, Spears already had ample opportunity to address all of her now-waived arguments in the opposition at the time it was filed. *See Cuellar v. Rodriquez*, No. EP-23-CV-00237, 2023 U.S. Dist. LEXIS 166111 at *1-4 (W.D. Tex. Sept. 19, 2023) (denying leave to file a surreply where "Defendants have already had the opportunity to argue this point"). Indeed, she not only used *all thirty pages* the Court granted her on August 14, 2025, but she attached additional pages of argument, legal citations, and "evidence" in excess of that limit. If Spears is now permitted to file a surreply to address the arguments she failed to raise in her initial opposition, she would further exceed her Court-ordered page limit and FINRA would need yet another opportunity to rebut her newly-made arguments.

Finally, Spears's proposed surreply [ECF No. 85-1] requests, for the first time, leave to file yet another amended complaint to cure the deficiencies of her operative pleading as identified in FINRA's MTD. However, the FINRA Reply already outlines why any further amendment would be futile due to this Court's lack of personal jurisdiction, FINRA's absolute regulatory immunity, and Spears's lack of any private right of action.

Accordingly, because Spears's Surreply Motion fails to establish extraordinary circumstances necessitating a surreply and is actually nothing more than a thinly-veiled attempt to "get the last word," it should be denied. *See Lacher*, 147 F. Supp. 2d at 539.

Respectfully submitted,

David C. Kent
State Bar No. 11316400
david.kent@faegredrinker.com

**FINRA'S OPPOSITION TO PLAINTIFF'S MOTION**
<u>**FOR LEAVE TO FILE A SURREPLY**</u>                                                      Page 3 of 4

FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Avenue, Suite 1700
Dallas, Texas 75201
(469) 357-2500
(469) 327-0860 (fax)
*Attorneys for Defendant*
*Financial Industry Regulatory Authority, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served on all *pro se* parties and counsel of record through the CM/ECF system on September 25, 2025.

*/s/ David C. Kent*