IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| DANIELLE SPEARS,<br><br>                               Plaintiff,<br><br>v.<br><br>NEXT BRIDGE HYDROCARBONS, INC.,<br>GREGORY MCCABE, JOHN BRDA,<br>THE SECURITIES & EXCHANGE COMMISSION,<br>FINANCIAL INDUSTRY REGULATORY<br>AUTHORITY, and JANE DOE 1-20, JOHN DOE 1-20,<br><br>                               Defendants. | Case No.:<br>7:24-CV-321-RCG-DC |

**DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S
OPPOSITION TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL EVIDENCE**

Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") submits this opposition to Plaintiff Danielle Spears's Notice of Supplemental Evidence (the "Supplemental Notice") [ECF No. 89].

1. The Supplemental Notice purports to submit five pages of new argument and four pages of new "evidence" that primarily consists of screenshots of irrelevant and inadmissible materials Spears found online and for which Spears requests judicial notice. [ECF Nos. 89-1, 89-2, and 89-4].[1] These include postings from X and information Spears says she pulled from a Bloomberg website. Because Spears's Supplemental Notice is improper, irrelevant, and vexatious, the Court should summarily deny it.

---

[1] While FINRA disputes that ECF Nos. 89-3 and 89-5 through 89-7 are relevant to any issue in this case or to FINRA's pending Motion to Dismiss, FINRA does not object to the Court taking judicial notice of FINRA's Daily List, FAQ, or its Rules as they appear on FINRA's website rather than the screenshots proffered by Spears.

**FINRA'S OPPOSITION TO
PLAINTIFF'S NOTICE OF SUPPLEMENTAL EVIDENCE**                 Page 1 of 5

2.   *First*, the "evidence" for which Spears requests judicial notice does not qualify for judicial notice. For example, ECF Nos. 89-1, 89-2, and 89-4 are all inadmissible hearsay that Spears herself cannot competently authenticate.[2]

3.   *Second*, to the extent Spears intends for the Supplemental Notice to bear on the Court's analysis of FINRA's Motion to Dismiss (the "Motion") [ECF No. 45], none of the documents address the legal defenses FINRA raises in its Motion (*e.g.*, FINRA's regulatory immunity, the Court's lack of personal jurisdiction over FINRA, Spears's lack of a private right of action).

4.   Spears argues that the Supplemental Notice reveals "FINRA committed an act of ultra vires" that supports Spears's constitutional claims. Supplemental Notice, p. 4. However, there are no specific allegations of any *ultra vires* conduct in Spears's Second Amended Complaint, her original opposition to the Motion, or this latest Supplemental Notice. Instead, Spears makes only conclusory, self-serving statements related to conduct that falls squarely within FINRA's regulatory duties under the Exchange Act.

5.   Even if specific allegations did exist, however, a plaintiff cannot circumvent absolute regulatory immunity by merely labeling conduct as "*ultra vires*." *See, e.g.*, *Empire Fin. Grp. v. FINRA*, No. 08-80534-CIV, 2009 U.S. Dist. LEXIS 133643, *17 (S.D. Fla. Jan. 15, 2009) (rejecting an *ultra vires* argument and applying immunity to bar claims where the "putative claims against FINRA arise exclusively from FINRA's exercise of its regulatory functions"). The immunity afforded to FINRA is absolute, and it applies to all of FINRA's regulatory activities regardless of purported motive. *See Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1215 (9th Cir.

---

[2] While Spears purports to authenticate the Bloomberg site, she does not have personal knowledge to competently do so.

**FINRA'S OPPOSITION TO
PLAINTIFF'S NOTICE OF SUPPLEMENTAL EVIDENCE**                                              Page 2 of 5

1998) (holding that even if the NASD had suspended trading of a security in a capricious bad-faith manner, the conduct was still regulatory in nature and protected from liability), *abrogated on other grounds* by *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 136 S. Ct. 1562, 194 L. Ed. 2d 671 (2016); *see also Gallagher v. FINRA*, No. 21-13605, 2022 U.S. App. LEXIS 15309, *4 (11th Cir. June 3, 2022) ("The test [for whether SRO conduct is protected by regulatory immunity] does not turn on 'an SRO's subjective intent or motivation,' but rather the 'function being performed.'"). Moreover, labeling FINRA's conduct as "ultra vires" does not salvage Spears's failed constitutional claims from her repeated concession that FINRA is not a governmental actor or from applicable law stating the same. *See* FINRA's Reply in Support of MTD [ECF No. 81] at pp. 5-6.

6. Thus, the exhibits attached to the Supplemental Notice are irrelevant to the Court's determination of whether Spears has alleged a cognizable claim entitling her to any relief. Indeed, this "case is at the motion to dismiss phase, meaning the Court is only considering whether Plaintiff has alleged sufficient facts—all of which are assumed to be true—in [her]. . . Amended Complaint to state a claim for relief against each Defendant." *Willcot v. SEC,* Case 7:24-cv-00317-DC-RCG (W.D. Tex. Sept. 22, 2025) (ECF No. 142, at p. 4). "The evidence – and its truth or falsity – has nothing to do with whether a complaint is properly pleaded so as to survive a 12(b)(6) motion." *Muniz v. Medtronic*, Inc., No. A-13-CA-451, 2014 U.S. Dist. LEXIS 36552, at *8 (W.D. Tex. Mar. 20, 2014).

7. *Third*, "Responses are not a mechanism to cure any deficiencies in Plaintiff's . . . Amended Complaint." *Willcot* (ECF No. 142, at p. 4). No additional supplements, arguments, or amendments can overcome the dispositive legal defenses FINRA asserts in the Motion. Indeed, a court cannot even consider extrinsic evidence in connection with a Rule 12 motion unless it is

attached to a *defendant's* motion to dismiss – an exception that does not apply to the documents Spears seeks to submit in the Supplemental Notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *HT Res., Inc. v. Ralston*, No. 17-CV-00350, 2018 U.S. Dist. LEXIS 239776, at *7-9 (W.D. Tex. July 19, 2018); *Hernandez v. Belt Con Constr., Inc.*, No. 15-CV-00153, 2015 U.S. Dist. LEXIS 125342, at *8-9 (W.D. Tex. September 18, 2015).

8.  *Fourth*, as noted in FINRA's recent opposition to Spears's Motion for Leave to File Sur-Reply [ECF No. 88], if Spears is permitted to file additional exhibits and argument in support of her opposition to the Motion, her collective opposition will exceed the page limits imposed by this Court's Local Rules and its Order dated August 14, 2025, limiting Spears to thirty (30) total pages. *See* Local Civil Rule CV-7.D. Even if the Court were inclined to allow Spears to exceed the mandated page limits, the timing and nature of the Supplemental Notice also contravenes the Court's mandated briefing schedule. The Motion is already fully briefed [ECF Nos. 45, 69, 81]. Spears does not articulate any standard for the relief sought, nor does Spears assert any good cause for why this excessive, out-of-sequence filing should be permitted. Indeed, there is no provision in the Local Rules or the Federal Rules of Civil Procedure for supplementation of a previously-filed opposition, whether by request for judicial notice, supplementation, or otherwise.

9.  *Finally*, to the extent Spears is seeking to file yet another surreply, the Court should deny it for the same reasons it denied her previous requests for leave to file a surreply. *See* Order denying Spears's request on September 29, 2025. Surreplies are disfavored in the Fifth Circuit and require a showing of good cause. *See Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001) ("Surreplies . . . are highly disfavored [because] they usually are a strategic effort by the nonmovant to have the last word on a matter."). *Silo Restaurant Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F. Supp. 3d 562, 570 (W.D. Tex. 2019) ("[I]t is proper to deny a motion for leave to file a surreply

where the party fails to demonstrate exceptional or extraordinary circumstances warranting the relief sought.") (citations omitted).

10. Spears's repeated efforts to supplement her opposition to the Motion, which is fully briefed, are improper, irrelevant, and vexatious. *See, e.g.,* ECF Nos. 85, 89. As such, the Court should deny Spears's request to take judicial notice of the Supplemental Notice. Additionally, FINRA respectfully requests that the Court prohibit Spears from making future similar filings of improper, unsupported, and vexatious requests.[3]

Respectfully submitted,

David C. Kent
State Bar No. 11316400
david.kent@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Avenue, Suite 1700
Dallas, Texas 75201
(469) 357-2500
(469) 327-0860 (fax)
*Attorneys for Defendant Financial Industry Regulatory Authority, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing was served on all *pro se* parties and counsel of record through the CM/ECF system on October 3, 2025.

David C. Kent

---

[3] As the Court notes in its September 22, 2025 Order Denying Plaintiff's Various Motions for Leave to File Supplemental Briefs in the matter captioned *Willcot v. SEC, et al*. (Case No. 24-CV-00317), responding to improper requests to supplement expends substantial, unnecessary resources.