IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| DANIELLE SPEARS, § | |
|     Plaintiff, § | |
| § | |
| v. § | Case No. 7:24-CV-321-DC |
| § | |
| NEXT BRIDGE HYDROCARBONS, INC., § | |
| GREGORY McCABE, JOHN BRDA, § | |
| ROGER N. WURTELE, KENNETH RICE, § | |
| JOSEPH DeWOODY, CLIFTON DUBOSE § | |
| AND JANE DOE 1/20, JOHN DOE 1-20 § | |
|     Defendants. § | |

## DEFENDANT, NEXT BRIDGE HYDROCARBONS, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), Defendant Next Bridge Hydrocarbons, Inc. ("NBH") files this Reply to Plaintiff's Response (Doc. 90) to Defendant's Motion to Dismiss (Doc. 54) the Second Amended Complaint of Plaintiff Danielle Spears ("SAC") for failure to state claims upon which relief can be granted, and in support thereof Defendant respectfully shows as follows:

### I. Objection

Plaintiff attempts to assert facts and cite to evidence that is not present in her Second Amended Petition, and that occurred after the FINRA halt and related activities. Indeed, all of Plaintiff's "factual statements" contained in Part IV of her Response to Defendant's Motion to Dismiss references activities that allegedly occurred from 2023-2025. None of the exhibits or alleged facts were incorporated or attached to Plaintiff's Second Amended Petition, and therefore should not be considered by the Court because a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and

matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). The court reviews only the well-pleaded facts in the complaint; it may not consider new factual allegations outside the complaint. *Id.*

## II.  Rule 10(c) Adoption

To the extent that Plaintiff attempts to hold Defendant NBH liable for the alleged conduct of Defendants Brda and McCabe, Defendant NBH incorporates Defendants Brda & McCabe's arguments, defenses and authorities set forth in their Motion to Dismiss (Doc. 53) along with their Reply to Plaintiff's Response to their Motion (Doc. 86).

## III.  Argument & Authorities

Plaintiff's Response highlights Plaintiff's inability to establish standing for multiple claims, and while Plaintiff fails to address some claims[1] and completely recast some of her claims and the allegations supporting them in her Response to Defendant's Motion, she has sstill failed to state a claim for which relief should be granted.

Plaintiff's claims against NBH should be dismissed pursuant to FRCP 12(b)(6) because: (a) Plaintiff failed to establish statutory standing for her §10(b) or Rule 10b-5 claims under the Securities Exchange Act of 1934; (b) Plaintiff failed to state a §10(b) or Rule 10b-5 claim under FRCP 9(b) and the PSLRA; (c) Plaintiff failed to state a claim for "failure to correct"; (d) Plaintiff's claims for unjust enrichment and conspiracy to commit fraud should be dismissed because her 10(b) claims fail as a matter of law; (e) Plaintiff failed to state a claim for Negligence; and (f)

---

[1] *In re Dallas Roadster, Ltd.*, 846 F.3d 112, 125 (5th Cir. 2017) (plaintiff "abandoned the claim by failing to include any argument about the claim in response to [defendant's] motion to dismiss").

Plaintiff's claim for Emotional Distress (Negligent and Intentional) fails as a matter of law as it is not predicated upon an independent legal duty that NBH owes to Plaintiff.

A.   **Plaintiff Fails to Establish Statutory Standing for Section 10(b) or Rule 10b-5 claims**

Plaintiff claims to be entitled to relief under the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) ("Exchange Act"). Plaintiff alleges violations of Section 9(a) through "manipulation of price of MMTLP shares through artificial and deceptive trading conditions." (SAC at 68).

Plaintiff has failed to adequately plead and prove statutory standing for her claims. A plaintiff has standing under the Act as an actual purchaser or seller of securities; however, a plaintiff does not have standing as a mere holder of securities. [2] Plaintiff cites to *Affiliate Ute Citizens v. U.S.*, 406 U.S. 128 (1973) to assert standing, but there is nothing in that case that confers standing to Plaintiff, as *Affiliate Ute Citizens* involved the sale of securities and whether non-disclosure of material facts (fraud by omission) constituted violation of Section 10(b) wherein the plaintiff had **sold** their shares. *Affiliate Ute Citizens*, 406 U.S. at 152. Likewise, *Basic Inc.*, the other case Plaintiff relies on, also dealt with former shareholders who were suing *after selling* shares and were asserting claims that they sold at artificially low prices due to misstatements. *Basic Inc. v. Levinson*, 485 U.S. 224, 237-238 (1988).

An investor who held a security and, in reliance on the alleged misstatement, did not sell it, cannot bring suit.[3] "It is well established that mere retention of securities in reliance on material misrepresentations or omissions does not form the basis for a § 10(b) or Rule 10b–5 claim."[4]

---

[2] *Blue Chips Stamp v. Manor Drug Stores,* 421 U.S. 723, 730–31 (1975)(rejecting recognition of holder claims under the federal securities laws because they are speculative and difficult to prove); *see also Birnbaum v. Newport Steel Corp.,* 193 F.2d 461 (2d Cir. 1952) (finding that a purchase or sale was required for a Rule 10b–5 cause of action).
[3] *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 79–80 (2006).
[4] *Krim v. BancTexas Grp., Inc.,* 989 F.2d 1435, 1443 (5th Cir. 1993)

Further, merely receiving shares in a distribution does not confer standing. *Targgart v. Next Bridge Hydrocarbons, Inc.*, ---F.Supp.3d ----, 2025 WL 1831590, at *4 (N.D. Tex. July 3, 2025).

Here, Plaintiff is a holder of MMTLP securities, which is insufficient to satisfy the statutory standing requirement. Plaintiff has made it clear in her response, stating that "Plaintiff alleges that she was induced to hold shares." (Doc. 90 at 1). She further states that she "intended to evaluate price action on December 9 and 12, 2022, before deciding whether to sell her MMTLP shares." (Doc. 90 at 3). An intent to execute trades does not meet the threshold of a purchase or a sale.[5] Because Plaintiff has failed to establish statutory standing, the Court should dismiss Plaintiff's Section 10(b) or Rule 10b-5 claims with prejudice.

**B.     Plaintiff Failed to State a §10(b) or Rule 10b-5 Claim Under FRCP 9(b) and the PSLRA.**

Notwithstanding the fact that Plaintiff has failed to establish standing under Section 10(b), Plaintiff also failed to adhere to the heightened pleading standards under FRCP 9(b) and the PSLRA as Plaintiff's SAC fails to demonstrate (i) materially misleading statements or omissions by NBH in connection with Plaintiff's purchase or sale of an MMTLP security; (ii) a strong inference of scienter as to NBH; and (iii) loss causation.

In Response, Plaintiff doubles down on her allegations, alleging that she "held MMTLP shares into the halt." Plaintiff asserts that Defendant Brda, anonymous "stock promoters," and "the S-1 narrative" made statements that NBH would "provide value through oil-linked assets or registration." (Doc. 90 at 7). Plaintiff asserts that but for these alleged omissions and misrepresentations, she would not have held her shares into the halt.

---

[5] *See Amorosa v. AOL Time Warner Inc.*, 409 F. App'x 412, 417 (2d Cir. 2011) (holding "mere holders of securities that did not purchase or sell stock resulting from the defendants' conduct failed to satisfy the standing requirement for Section 10(b) suits").

Plaintiff states she purchased the stock in October 2022 because of social media influencers and retail investors discussing the potential for a 'short squeeze,' not on the basis of any alleged representation (false or otherwise) by NBH. Because Plaintiff has failed to establish material misrepresentations by NBH and because Plaintiff fails to include facts demonstrating that she made a purchase or sale of an MMTLP security in connection with these alleged misrepresentations, Plaintiff's 10(b) claims should be dismissed with prejudice.

Under the PSLRA, "the plaintiff shall have the burden of proving that the act or omission of the defendant ... caused the loss for which the plaintiff seeks to recover damages." 15 U.S.C. § 78u–4(b)(4).

Nowhere does Plaintiff articulate a loss, the amounts of losses sustained, or even the amount of stock she purchased, nor does she allege any casual connection to NBH. Indeed, Plaintiff broadly alleges that she is a retail investor asserting claims on behalf of retail investors and fails to explain the causal connection between NBH's alleged misrepresentations and any economic loss suffered by Plaintiff. Regardless, it is not enough for a plaintiff bringing a Section 10(b) or Rule 10b-5 claim to have merely suffered loss in the value of the investment as a shareholder or creditor. *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 737-38, 749 (1975); *Licht v. Watson*, 567 F. App'x 689, 691 (11th Cir. 2014). Accordingly, Plaintiff's allegations of harm are insufficient as a matter of law, and Plaintiff's claims should be dismissed.

**C.      Plaintiff Failed to State a Claim for Failure to Resolve FINRA U3 Halt**

Plaintiff alleges additional violations of Section 10(b) in Count IV and restyles them as "failure to resolve FINRA halt" claims. Plaintiff originally stated in her Second Amended Complaint that Brda, McCabe, and NBH violated Section 10(b) and 10(b)-5 by "failing to take corrective action regarding the FINRA U3 halt despite their clear knowledge of ongoing market

manipulation, unresolved illegal short positions, and investor harm." (SAC at 73). She also states they violated the above sections by "breaching their fiduciary duties through failure to meaningfully address or rectify the regulatory disruptions from the U3 halt." (SAC at 74).

Now in her Response, she alleges that Defendant NBH owed her a duty to "clarify its role, legal status, and investor outlook" but fails to provide any authority supporting such a duty. Most critically, Plaintiff fails to show or articulate how Plaintiff was harmed by any such post-halt actions. She instead asserts that NBH's actions "prolonged confusion and false hopes of recovery."

Plaintiff states she has "adequately alleged post-halt omissions and inducement under Rule 10b-5." Plaintiff has failed to establish any authority to support this claim and has failed to articulate any argument or authority to establish a claim or that she was harmed or injured as a result of such actions, or that Section 10b is applicable or confers standing for such an allegation. Plaintiff's attempted artful pleading of a 10b violation fails for the reasons stated above (in Parts A-B), and Plaintiff's claims must be dismissed with prejudice.

Further, Plaintiff cannot, as a matter of law, establish that she was harmed by any alleged post-halt activity.

**D.    Plaintiff Failed to State a Claim for Unjust Enrichment**

Count V of Plaintiff's Second Amended Complaint alleges that Defendants Brda, McCabe, and NBH "violated Section 29(b) (15 U.S.C. § 78cc(b)) and Rule l0b-5 (17 C.F.R. § 240 10b-5) by unjustly enriching themselves through coordinated promotional schemes and undisclosed compensation to paid proxies and promoters, thereby inflating share prices and facilitating illegal short positions at investors' expense." (SAC at 74). Plaintiff's unjust enrichment claim is predicated upon stating a Section 10(b) violation and should be dismissed. *See Tredinnick v.*

*Transamerica Life Ins. Co.*, 2023 WL 4424609, at *7 (E.D. Tex. July 10, 2023) ("Similar to § 20(a), § 29(b) requires an underlying securities violation to survive.").

Although Plaintiff attempts to now re-style her complaint in her Response as NBH somehow was unjustly enriched by 'retaining insider benefits while concealing transactions, manipulating capital structure, and issuing equity in opaque arrangements," she cites to paragraphs 30-34 and 49-51 of her SAC, which is a history of activities that are alleged to have occurred in 2013-2014 and December 2017 and March 2018. (See Doc. 90 at 13-14). Plaintiff has wholly failed to allege in her Second Amended Complaint how any of those acts constitutes unjust enrichment. Further, Plaintiff has not shown or alleged how her receiving a distribution of NBH shares is related to those prior activities, and Plaintiff has failed to articulate any fraud, duress, or the taking of an undue advantage in connection with her distribution. Additionally, Plaintiff has not alleged she was harmed, any reliance, or any causation of harm to her as a result of any such actions from 2013-2018. (Doc. 90 at 13-14). As such, her claim should be dismissed with prejudice. Alternatively, Defendant NBH would ask that the court decline to exercise supplemental jurisdiction over the unjust enrichment claim wherein the Court has dismissed all claims to which it has original jurisdiction. 28 U.S.C. Sec. 1367; *Rhyne v. Henderson County*, 973 F.2d 386 (5th Cir. 1992).

**E. Plaintiff Fails to State a Claim for Conspiracy to Commit Fraud**

In Count VI, Plaintiff alleges that Defendants Brda, McCabe, NBH and Jane and John Does "violated Section 10(b) and Rule 10b-5 by conspiring to disseminate materially false and misleading information through undisclosed proxies and stock promoters, deliberately misleading investors, artificially inflating share prices, and facilitating illegal short positions." SAC at 75.

Plaintiff lacks standing to assert a claim for violations of Section 10(b) of the Securities Act because she is a mere holder of securities and did not buy or sell the securities. *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1443 n.7 (5th Cir. 1993); *see also Ontario Pub. Serv. Emps. Union Pension Tr. Fund v. Nortel Networks Corp.*, 369 F.3d 27, 34 (2d Cir. 2004); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 238 F.Supp.3d 799, 901 (S.D. Tex. 2017) ("the Supreme Court rejected recognition of holder claims under the federal securities laws because they are speculative and difficult to prove."). Thus, because she lacks standing to assert a claim for violations of Section 10(b), through fraud or otherwise, she has failed to state a claim for conspiracy to commit fraud. *Edwards v. Certain Underwriters at Lloyds*, 2010 WL 5391275, at *3 (S.D. Tex. Dec. 20, 2010). As such, her claim should be dismissed with prejudice.

E.  **Plaintiff Failed to State a Claim for Negligence**

In Count III, Plaintiff appears to attempt to allege a claim of Negligence against NBH by alleging violations of various statutes including Section 10(b) and Rule 10b-5 and Section 13(b)(2) and Rule 13b2-2. Plaintiff attempts to circumvent the required showing of fraud by pleading Defendants' "negligent violations" of Section 10(b) and other sections of the Exchange Act.

Plaintiff now alleges in her Response to Defendant's motion to dismiss that Defendant NBH somehow violated a duty of care owed to her as a shareholder. (Doc. 90 at 8-9). Plaintiff does not provide any authority to support her claim, but Texas law has foreclosed this alleged duty. "[T]he business and affairs of a corporation are managed through a board of directors. . . . A director's fiduciary status creates three broad duties: duties of obedience, loyalty, and due care. These fiduciary duties *run to the corporation, not to individual shareholders* or even to a majority of shareholders." *In re Est. of Poe*, No. 20-0178, 648 S.W.3d 277, 2022 Tex. LEXIS 544, 2022 WL 2183306, at *7 (Tex. June 17, 2022) (citing *Gearhart Indus., Inc. v. Smith Intern., Inc.*, 741

F.2d 707, 721 (5th Cir. 1984)). Still, Texas law recognizes other duties of care based on: "(1) the relationship between the parties; (2) the reasonable foreseeability of harm to the person injured; and (3) public policy considerations." *Tex. Home Mgmt., Inc. v. Peavy*, 89 S.W.3d 30, 34 (Tex. 2002). However, nothing in Plaintiff's Second Amended Complaint or her Response to the Motion to Dismiss suggests the Defendant NBH owed her, individually, a previously unrecognized duty of care based on the *Texas Home Management* factors.

Finally, Plaintiff has failed to show that any breach by NBH was a proximate cause of Plaintiff's injuries. Plaintiff repeatedly states that it was the halt that foreclosed her opportunity to execute trades, not any act of Defendant NBH. (*See Plaintiff's Second Amended Complaint*). Not only is Plaintiff's alleged injury too remote from any generalized allegation of misrepresentation by NBH, but the intervening act of FINRA , which actively operates to produce harm "after the [other defendants' alleged] wrongful act . . ., is a superseding cause" that prevents the non-FINRA defendants from being liable. *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004); *see also Camp v. Qualcomm Inc.*, 2020 WL 1157192, at *7 (S.D. Cal. Mar. 10, 2020) (granting motion to dismiss claims based upon stock drop that was "connected to the President's order rather than a misrepresentation by Qualcomm"). As such, Plaintiff cannot show that NBH's actions proximately caused her any injury. Therefore, Plaintiff's claims should be dismissed with prejudice.

F. **Plaintiff's Emotional Distress (Negligent or Intentional Infliction) claim fails as a matter of law because NBH does not owe Plaintiff an independent legal duty.**

In Count VIII, Plaintiff alleges in her SAC that Defendants' (including NBH) "violated Section 10(b) and Rule 10b-5 and that such a violation constitutes infliction of emotional distress. (SAC at 78). While Defendant appreciates Plaintiff's attempt at brevity, Plaintiff wholly fails in her Response to address or otherwise support her claim with any authority. (Doc. 90 at 17-18).

Further, Plaintiff's Response fails to identify any acts by Defendant NBH that would constitute infliction of emotional distress. Plaintiff points to paragraphs 87-89 and 93-94, which are factual allegations that NBH's former CEO and an alleged anonymous influencer and consultant to NBH made representations regarding NBH assets and their value. (Doc. 90 at 14). None of these allegations (1) concern NBH's representations or actions by NBH; (2) constitute evidence of harassment and reputational attacks; (3) or show emotional distress. Regardless, Plaintiff's claims are rooted in her securities claims and must fail as a matter of law because she lacks standing. As such, Plaintiff's claims should be dismissed with prejudice.

## V.   CONCLUSION

WHEREFORE, Defendant Next Bridge Hydrocarbons, Inc. respectfully requests that this Court dismiss Plaintiff's Second Amended Complaint *with prejudice* for failure to state claims for which relief can be granted, as well as grant such other and further relief as this Court deems just and proper.

Date: October 6, 2025

Respectfully submitted,

BY: */S/ J. Paul Manning*
J. PAUL MANNING
   State Bar No. 24002521
   jpmanning@lubbocklawfirm.com
JOSHUA D. FROST
   State Bar No. 24097711
   jfrost@lubbocklawfirm.com
**FIELD MANNING STONE AYCOCK P.C.**
2112 Indiana Avenue
Lubbock, Texas 79410-1499
806/792-0810 (Telephone)
806/792-9148 (Facsimile)

ATTORNEYS FOR DEFENDANT **NEXT BRIDGE HYDROCARBONS, INC**.

## CERTIFICATE OF SERVICE

I certify that I served the foregoing document on all counsel of record via the Court's CM/ECF system on October 06, 2025.

>	*/s/ J.Paul Manning*
>	J.Paul Manning