IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| DANIELLE SPEARS,<br>          *Plaintiff,*<br><br>v.<br><br>SECURITIES & EXCHANGE COMISSION, NEXT BRIDGE HYDROCARBONS, INC., GREGORY MCCABE, JOHN BRDA, FINANCIAL INDUSTRY REGULATORY AUTHORITY, JANE DOE 1-20, and JOHN DOE 1-20,<br>          *Defendants*. | MO:24-CV-00321-DC-RCG |

## ORDER DENYING PLAINTIFF'S MOTION FOR NOTICE OF SUPPLEMENTAL EVIENCE

BEFORE THE COURT is Plaintiff Danielle Spears' Motion for Notice of Supplemental Evidence. (Doc. 89). This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, Plaintiff's Motion is **DENIED**. (Doc. 89).

Plaintiff Danielle Spears ("Plaintiff") filed her Original Complaint in this Court on December 6, 2024. (Doc. 1). Plaintiff amended her Complaint once as a matter of right and a second time with leave of Court. (Docs. 3, 13). On May 20, 2025, Defendant FINRA filed its Motion to Dismiss, which remains pending before the Court. (Doc. 45). Following a multitude of extensions, Plaintiff filed her Response on August 22 (Doc. 69), and Defendant FINRA replied on September 12 (Doc. 81), meaning this Motion is fully briefed. Now, in the instant Motion, Plaintiff seeks to supplement the record with "recently obtained documentation" to "ensure the Court has the most accurate and complete record possible." (Doc. 89 at 1, 5).

"The Court, however, is completely unconcerned with the evidence at this point in time. The evidence—and its truth or falsity—has nothing to do with whether a complaint is properly pleaded so as to survive a 12(b)(6) motion." *Muniz v. Medtronic, Inc.*, No. A-13-CA-451, 2014 WL 1236314, at *3 (W.D. Tex. Mar. 20, 2014). Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When considering a motion to dismiss under Rule 12(b)(6), the Court's review is limited to the complaint; any documents attached to the complaint; any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint; and matters subject to judicial notice under Federal Rule of Evidence 201." *Doe v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 653 F. Supp. 3d 359, 370 (S.D. Tex. 2023) (citing *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022)). Plaintiff makes no argument that any of her proposed evidence can be considered by the Court in deciding a Rule 12(b)(6) Motion to Dismiss.

Accordingly, the Court **DENIES** Plaintiff's Motion for Notice of Supplemental Evidence. (Doc. 89).

It is so **ORDERED**.

SIGNED this 6th day of October, 2025.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE