UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN TEXAS
MIDLAND/ODESSA DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| DANIELLE SPEARS | \* |
| Plaintiff | \* |
|  | \*   Docket Number: 7:24-cv-321 |
| v. | \* |
|  | \* |
| NEXT BRIDGE HYDROCARBONS, INC. | \*   **ORAL ARGUMENTS** |
| GREGORY MCCABE, JOHN BRDA | \*     **REQUESTED** |
| THE SECURITIES & EXCHANGE COMMISSION | \* |
| FINANCIAL INDUSTRY REGULATORY AUTHORITY | \* |
| JANE DOE 1-20, JOHN DO 1-20 | \* |
| Defendant | \* |
|  | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S SUR-REPLY TO NEXT BRIDGE HYDROCARBONS, INC.
REPLY TO PLAINTIFFS RESPONSE IN OPPOSITION
TO NEXT BRIDGE HYDROCARBONS, INC. MTD**

I. INTRODUCTION
II. RESPONSE TO NBH's RULE 10(c) ADOPTION
III. CLARIFICATION OF PLEADING SCOPE IDENTIFIED IN NBH'S OBJECTION TO "NEW FACTS" IN PART IV OF PLAINTIFF'S OPPOSITION TO MTD TO NBH REPLY
IV. NBH INTRODUCES NEW LEGAL AUTHORITY: *TARGGART v. NBH* (2025)
V. NBH'S RESPONSIBILITY FOR MISLEADING PUBLIC STATEMENTS MADE BY JOHN BRDA
VI. CONCLUSION

**I. Introduction**

Plaintiff files this Sur-Reply to correct citation errors and respond to new legal authority and arguments first raised in NBH's Reply (Dkt. 95), including reliance on *Targgart v. Next Bridge Hydrocarbons, Inc.*, 2025 WL 1831590 (N.D. Tex. July 3, 2025). NBH's Reply mischaracterizes the content of Plaintiff's Second Amended Complaint ("SAC"), introduces legal authorities not previously cited in its Motion to Dismiss, seeks to adopt other defendants' filings under Rule 10(c), and inaccurately asserts that Plaintiff failed to plead material misrepresentations, omissions, or harm. Sur-replies are permitted where reply briefs introduce new issues. See *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001); *Doe v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 2023 WL 1455874, at *2 (S.D. Tex. Jan. 30, 2023). It may further constitute an abuse of discretion to rely on arguments raised for the first time in a reply without giving the non-movant a chance to respond. *RedHawk Holdings Corp. v. Schreiber*, 836 F. App'x 232, 236–37 (5th Cir. 2020).

In her Opposition (Dkt. 90), Plaintiff referenced material found in publicly available SEC filings and press releases that were intended to support the plausibility of the conduct already pled in the SAC. Plaintiff believed these materials could be considered under Fed. R. Evid. 201, as NBH itself acknowledges that matters of judicial notice may be considered on a Rule 12(b)(6) motion. See *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

To meet the Court's page limit, Plaintiff inadvertently omitted citations needed to reference the supporting materials. NBH now argues those facts cannot be considered because they were not properly cited or attached. Plaintiff agrees the record should be clarified. This Sur-Reply identifies and supports each reference to confirm the plausibility of the conduct alleged in the SAC and to permit judicial notice where appropriate. Exhibit A provides a corrected

2

cross-reference chart aligning all citations in Plaintiff's Opposition (Dkt. 90) with the corresponding SAC paragraphs.

**II. Response to NBH's Rule 10(c) Adoption**

NBH seeks to adopt the defenses of Defendants Brda and McCabe (Docs. 53, 86) under Rule 10(c), while denying responsibility for their conduct. This contradicts Plaintiff's allegations in SAC ¶17, which plead NBH's liability under respondeat superior for the actions of its CEO and Chairman, Greg McCabe. NBH cannot adopt their legal defenses while disclaiming agency.

Plaintiff was denied leave to file a sur-reply to Brda and McCabe's Reply. NBH now seeks to benefit from those unrebutted arguments. If it intended to rely on those defenses, it should have joined earlier. Selective adoption of arguments without accountability undermines the purpose of Rule 10(c) and is procedurally unfair.

**III. Clarification of Pleading Scope identified in NBH's Objection to "New Facts" in Part IV of Plaintiff's Opposition to MTD in NBH Reply.**

NBH asserts Part IV of Plaintiff's Opposition relies on facts outside the SAC. With one exception (withdrawn below), all challenged matters are pled and properly considered under Rule 12(b)(6). All NBH filings and press releases cited below are publicly available by date at [NBH's Investor Page](#) and are judicially noticeable. All conduct is attributable to NBH under respondeat superior (SAC ¶ 17).

**A. Insider Acquisition and Reporting of META Loans** - Pattern pled (SAC ¶¶ 17, 36–44, 47–51).

3

META's Form 10-Q (Mar. 31, 2024) confirms two loans to NBH totaling $24M, later sold to McCabe for $6.7M. NBH's restated 2023 Form 10-K (filed Sept. 15, 2025, p. F-35) reports the debt at full face value, with no discount or fair-value adjustment.

**B. Capital Structure: Share Dilution, Preferred Shares, and Consulting Compensation —** Pattern pled (SAC ¶¶ 17, 31–44, 47-51, 93-98, 117).

NBH's 2023 10-K/A reports 264.4M common shares issued and 50M preferred shares (¶117), plus $2M in CAPCO financing (¶95). That same day, NBH issued 500K shares to Clinton A. Plant (¶94) and 100K to another consultant (¶96). Plaintiff alleges both promoted misleading narratives NBH never disavowed (¶¶93–98). These omissions support concealment and unjust enrichment (¶¶ 31–44, 47–51; Counts V & VI).

**C. SEC Investigations, NBH and META 8-K Disclosures -** Pattern pled (SAC ¶¶17, 31-45, 47-51).

NBH's 8-K (Mar. 21, 2025) acknowledged valuation errors but its 10-K/A (Sept. 15, 2025) failed to disclose this or related shareholder litigation—violating Regulation S-K, Item 103. Plaintiff retracts her reference to SEC v. Brda & Palikaras, as NBH was not obligated to disclose it.

**D. S-1/A Filings, Press Releases, and Rule 6490 Omission -** Pattern Pled (¶¶17, 31-45, 47-51). NBH's press release (Feb. 8, 2024) implied progress on its S-1/A despite the SEC's withdrawal request. The July 26, 2023 S-1 omitted mention of the FINRA U3 halt or "halted until deleted" status. A later S-1/A (Aug. 28, 2024) sought approval for 40M new shares. Plaintiff retracts her prior statement regarding Rule 6490 disclosure, which NBH was not required to make.

**E. Books & Records Demands and Non-Response**

4

In November 2024, Plaintiff served a formal demand under Tex. Bus. Org. Code § 21.218, which NBH ignored. Plaintiff withdraws her statement regarding an August 2025 follow-up email, as it post-dated the SAC. The unaddressed demand supports an inference of concealment and spoliation.

**IV. NBH Introduces New Legal Authority: *Targgart v. NBH* (2025)**

NBH cites *Targgart v. Next Bridge Hydrocarbons, Inc.*, 2025 WL 1831590 (N.D. Tex. July 3, 2025) for the proposition that "merely receiving shares in a distribution does not confer standing." (Dkt. 95 at 4). Although *Targgart* was decided before Plaintiff filed her Opposition, NBH raises it for the first time in its Reply, denying Plaintiff the opportunity to respond earlier.

*Regardless*, *Targgart* is inapposite. That case involved claims under Section 11 of the Securities Act, which requires a plaintiff to acquire shares through a value-based transaction. The *Targgart* plaintiffs passively received NBH shares via spin-off and alleged no purchase or reliance.

In contrast, Plaintiff alleges she purchased MMTLP shares on the open market and was induced to hold them through misstatements and omissions about NBH's status, insider conduct, and the spin-off's implications. Her claims arise under Section 10(b) and Rule 10b-5 of the Exchange Act—not Section 11. See *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975) (actual purchasers have standing under 10b-5). Plaintiff is not asserting a passive "holder's claim" but alleges inducement based on actionable misconduct. *Targgart* does not apply.

**V. NBH's Responsibility for Misleading Public Statements Made by John Brda**

NBH cites *Targgart v. Next Bridge Hydrocarbons, Inc.*, 2025 WL 1831590 (N.D. Tex. July 3, 2025), for the claim that "merely receiving shares in a distribution does not confer standing." Although Plaintiff received her NBH shares through the same META spin-off as the *Targgart*

plaintiffs, the cases are not comparable. Plaintiff purchased MMTLP shares on the open market and was fraudulently induced to hold them by a coordinated campaign of misstatements and omissions by NBH's officers, proxies, and paid promoters, including claims of an imminent short squeeze, while those insiders sold. When FINRA halted trading, Plaintiff was trapped and left with no ability to sell. Plaintiff's claims arise under Section 10(b) and Rule 10b-5 of the Exchange Act, not Section 11 of the 1933 Act, and concern deliberate market manipulation, not a passive receipt of spin-off shares. *Targgart* is therefore irrelevant.

**VI. Conclusion**

NBH's Reply misrepresents the SAC, raises new legal authority for the first time, and inaccurately claims Plaintiff failed to plead actionable omissions, misstatements, or a basis for standing. The allegations are properly pled, the cited authority is distinguishable, and NBH's failure to correct misstatements by its agents remains actionable.

If the Court considers NBH's invocation of Rule 10(c) to adopt arguments raised by Brda or McCabe, Plaintiff respectfully requests leave to file a sur-reply to those filings as well, to preserve fairness.

No new claims are introduced here. This Sur-Reply is submitted to correct citation errors and clarify the record. All claims in the SAC remain pending. Plaintiff respectfully requests that the Motion to Dismiss be denied.

Respectfully submitted October 13, 2025

/s/Danielle Spears
Danielle Spears, pro se
12206 W Harrison St
Avondale, AZ 85323

6

paymmtlpnow@gmail.com
480-476-1091

7

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(g), Plaintiff attempted in good faith to determine whether Defendant Next Bridge Hydrocarbons, Inc. opposes this Motion. However, due to time constraints and lack of response before the filing deadline, Plaintiff is unable to confirm Defendants' position at this time.

/s/ Danielle Spears
Danielle Spears

## CERTIFICATE OF SERVICE

I certify that I served the foregoing document on all counsel of record via the Court's CM/ECF system on October 13, 2025.

/s/ Danielle Spears
Danielle Spears, Pro Se
12206 W Harrison Street
Avondale, AZ 85323
paymmtlpnow@gmail.com
480-476-1091
No Fax