UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN TEXAS
MIDLAND/ODESSA DIVISION

***************************************************

| | |
|---|---|
| DANIELLE SPEARS | * |
| Plaintiff | * |
| | * Docket Number: 7:24-cv-321 |
| v. | * |
| | * |
| NEXT BRIDGE HYDROCARBONS, INC. | * |
| GREGORY MCCABE, JOHN BRDA | * |
| THE SECURITIES & EXCHANGE COMMISSION | * |
| FINANCIAL INDUSTRY REGULATORY AUTHORITY | * |
| JANE DOE 1-20, JOHN DO 1-20 | * |
| Defendant | * |
| | * |

***************************************************

**PLAINTIFF'S NOTICE TO PRESERVE RIGHT TO AMEND OR FOR DISMISSAL WITHOUT PREJUDICE IN THE EVENT OF AN ADVERSE RULING**

Plaintiff Danielle Spears, proceeding pro se, respectfully files this Notice to preserve her right to seek leave to amend her complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure or, in the alternative, to request that any dismissal be entered without prejudice should the Court determine that any portion of her Second Amended Complaint is deficient. This filing is made solely to preserve the record and does not request immediate action from the Court.

**I. BACKGROUND AND PROCEDURAL POSTURE**

Plaintiff acknowledges that the motions to dismiss filed by the FINRA, Next Bridge Hydrocarbons, Gregory McCabe, and John Brda are fully briefed and pending. The SEC's motion to dismiss remains pending, with its reply brief due on or before November 28, 2025. Recognizing the Court's discretion under Rules 12(b)(6) and 9(b), Plaintiff respectfully submits

this Notice to ensure that should the Court identify any curable deficiencies, Plaintiff may be afforded the opportunity to amend rather than suffer dismissal with prejudice.

## II. GOVERNING LAW: LEAVE TO AMEND IS STRONGLY FAVORED

Rule 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires." The Supreme Court has confirmed that this is a liberal standard, and leave should be denied only in cases of undue delay, bad faith, repeated failure to cure deficiencies, or clear futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Additionally, in *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002), the Fifth Circuit held that "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs have already pleaded their best case." Similarly, in *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000), the Fifth Circuit noted that "a court ordinarily should not dismiss the complaint except after affording every opportunity for the plaintiff to state a claim upon which relief can be granted."

Courts have also long recognized that pro se litigants are entitled to some procedural leniency, particularly at the pleading stage. See *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se complaints are held to less stringent standards than those drafted by lawyers); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (noting that district courts often afford pro se plaintiffs at least one opportunity to amend before dismissal).

## III. PRO SE LITIGANT'S STATEMENT AND GOOD FAITH BASIS

As a pro se litigant, Plaintiff began this endeavor with no understanding of the Federal Rules of Civil Procedure or law. She has made every effort to comply with the Court's rules and to engage

this case in good faith to the best of her ability at each stage. This litigation was initiated during one of the most difficult periods of her life. While drafting the Complaint and First Amended Complaint, Plaintiff was the sole caregiver for her terminally ill mother, who passed away in January 2025. She prepared the Second Amended Complaint while grieving and managing the responsibilities of closing her mother's estate, including disbursing her mother's possessions and home. Recently, Plaintiff finally closed her mothers estate in all aspects.

Plaintiff does not raise this as an excuse, but rather to provide context for the many filings made under extraordinary emotional and physical strain. Despite those challenges, she chose to proceed with this case because she believed the underlying fraud was too serious to risk forfeiting her rights. The timing of her filings was driven by the need to preserve her claims, not by convenience.

Now that those personal responsibilities have concluded, and with the emotional weight eased by the passage of time, Plaintiff is able to devote herself fully—intellectually, physically, and emotionally—with complete focus and determination. She respectfully asks the Court to consider that any earlier deficiencies were not the result of bad faith or delay, but rather the product of difficult and unavoidable life circumstances. Plaintiff is now fully prepared to amend any claims the Court finds insufficient and to proceed in full compliance with the applicable rules.

**IV. REQUEST TO PRESERVE RIGHT TO AMEND OR TO DISMISS WITHOUT PREJUDICE**

Accordingly, Plaintiff respectfully requests that the Court take notice of her intent to amend and preserve her rights under Rule 15(a)(2). If the Court finds any aspect of the Second Amended Complaint insufficient, Plaintiff asks that: She be granted leave to amend to cure any curable

defect; or Alternatively, that the dismissal of any claim be entered without prejudice, consistent with the governing standards under Rule 15 and Fifth Circuit precedent. This request is made in good faith and for the purpose of judicial efficiency, not delay. Allowing amendment or entering dismissal without prejudice would not prejudice any Defendant and would serve the interests of justice.

## V. CONCLUSION

Plaintiff respectfully submits this Notice to ensure the record reflects her intent to seek leave to amend and to preserve her rights under Rule 15(a)(2). If the Court is inclined to dismiss any portion of the complaint, Plaintiff requests that dismissal be entered without prejudice or, preferably, that she be granted leave to amend consistent with the case law cited above.

Respectfully submitted this 14th day of November, 2025.

**/s/ Danielle Spears**
Danielle Spears, Plaintiff pro se
12206 W. Harrison Street
Avondale, Arizona 85323
Telephone: (480) 476-1091
paymmtlpnow@gmail.com

## **CERTIFICATE OF SERVICE**

I certify that I served the foregoing document on all counsel of record via the Court's CM/ECF system on November 14, 2025.

                                      /s/ Danielle Spears
                                      Danielle Spears, Pro Se
                                      12206 W Harrison Street
                                      Avondale, AZ 85323
                                      paymmtlpnow@gmail.com
                                      480-476-1091
                                      No Fax