IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| DANIELLE SPEARS,<br><br>  Plaintiff,<br><br> v.<br><br>NEXT BRIDGE HYDROCARBONS, INC.,<br>GREGORY MCCABE, JOHN BRDA,<br>THE SECURITIES & EXCHANGE COMMISSION,<br>FINANCIAL INDUSTRY REGULATORY<br>AUTHORITY, and JANE DOE 1-20, JOHN DOE 1-20,<br><br>  Defendants. | Case No.: 7:24-CV-321-RCG-DC |

**DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S
RESPONSE TO PLAINTIFF'S NOTICE TO PRESERVE RIGHT TO AMEND OR FOR
DISMISSAL WITHOUT PREJUDICE IN THE EVENT OF AN ADVERSE RULING**

Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") submits this Response to Plaintiff Danielle Spears's Notice to Preserve Right to Amend or For Dismissal Without Prejudice in the Event of An Adverse Ruling (the "Notice") (ECF No. 100).

1. In the Notice, Spears purports to "preserve her right to seek leave to amend" her Second Amended Complaint ("SAC") or, in the alternative, "request that any dismissal be entered without prejudice should the Court determine that any portion of her [SAC] is deficient." Notice, p. 1. Spears's stated purpose for the Notice is "solely to preserve the record," *id.*, and she claims she is not requesting immediate court action, *id.* The Notice includes three pages of argument and legal authority in a proffered support for Spears's Opposition to FINRA's pending Motion to Dismiss.

2. The Notice is an improper attempt to: (i) seek leave to amend the SAC; and (ii) file an unauthorized sur-reply in support of Spears's Opposition to FINRA's pending Motion to

**FINRA'S RESPONSE TO PLAINTIFF'S NOTICE TO PRESERVE
RIGHT TO AMEND OR FOR DISMISSAL WITHOUT PREJUDICE**   Page 1 of 7

Dismiss. Spears's status as a *pro se* plaintiff does not give her free reign to disregard the Federal Rules of Civil Procedure, the Local Rules, or the Court's Orders. For these reasons, the Notice is a vexatious filing, and the Court should disregard the Notice and deny any relief sought therein. Further, FINRA respectfully requests that the Court admonish Spears from making further attempts to supplement her Opposition to FINRA's Motion to Dismiss.

### I.  LEAVE TO AMEND CANNOT BE REQUESTED VIA NOTICE

3.  Spears cannot request leave to amend via the Notice, which is procedurally improper for several reasons. First, pursuant to Local Rule CV-7.B, requests for leave to amend must be accompanied by a copy of the intended amended pleading. Spears fails to submit any intended amendment for the parties' or the Court's analysis, further rendering the request for leave to amend premature and speculative, in addition to being procedurally deficient.

4.  Second, Spears already waived any argument that she should be permitted to amend the SAC. As Spears acknowledges, FINRA's Motion to Dismiss the SAC is fully briefed (ECF Nos. 45, 69, 81). Notice, p. 1. In her Opposition to the Motion to Dismiss (ECF No. 69), Spears failed to address FINRA's argument in its Motion to Dismiss that leave to amend should be denied as futile, thereby waiving the issue. *See In re Dall. Roadster, Ltd.*, 846 F.3d 112, 125-26 (5th Cir. 2017) (plaintiff's failure to respond to defendant's argument in a motion to dismiss constitutes abandonment); *United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010) (a party's failure to offer any "arguments or explanation ... is a failure to brief and constitutes waiver"); *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (failure to defend claim in response to a motion to dismiss abandons claim); *Berreras v. State Bar of Tex.*, No. 3:24-CV-00302, 2025 U.S. Dist. LEXIS 73307, *4 (W.D. Tex. Apr. 16, 2025) (failure to brief an argument in the district court waives that argument in that court); *Evanston Ins. Co. v. Rodriguez Eng'g Labs*, No. 1:21-CV-

01129, 2023 U.S. Dist. LEXIS 9885, *21 (W.D. Tex. Jan. 20, 2023) (failure to address an argument concedes it); *Stratta v. Roe*, No. 6:18-CV-00114, 2021 U.S. Dist. LEXIS 60221, *17 (W.D. Tex. Mar. 30, 2021) ("A party's failure to respond to arguments raised in a Rule 12 motion constitutes waiver or abandonment of those issues").

5.  Finally, Spears does not articulate any standard for the relief sought via notice, nor does Spears assert any good cause for why this unauthorized out-of-sequence filing should be permitted. Indeed, there is no provision in the Local Rules or the Federal Rules of Civil Procedure that provides for supplementation of a previously-filed opposition, whether by request for notice or otherwise.

6.  Taken together, Spears's failure to timely request leave to amend, along with her failure to comply with the Local Rules, mandates that the Notice be disregarded and any relief requested in the Notice be denied.

## II. LEAVE TO AMEND SHOULD BE DENIED

### A. Leave To Amend Is Denied Where Amendment Would be Futile

7.  In her Opposition to the Motion to Dismiss (ECF No. 69), Spears conceded that FINRA is a private, nongovernmental actor, and she waived the issues related to her antitrust claim, her lack of any private right of action, and the Court's lack of personal jurisdiction over FINRA.[1] *See* ECF No. 81, pp. 4-7; *see also generally* ECF No. 69. Based on the SAC's legal deficiencies, which cannot be cured, as well as Spears's waiver and abandonment of most of the issues, FINRA has demonstrated that further leave to amend would be futile. *Foman v. Davis,* 371 U.S. 178, 182

---

[1] *See* collected cases, *supra*, regarding waiver and abandonment of issue(s) by failing to respond to it in opposition to a motion to dismiss. *See*, *e.g.*, *In re Dall. Roadster, Ltd.*, 846 F.3d at 125-26, *et al.*

(1962) (court retains discretion to deny leave to amend where amendment would be futile); *see also* ECF No. 81, p. 10.

### B. Leave To Amend Is Inappropriate Where Plaintiff Already Pled a "Best Case"

8.  After two separate amendments to date, Spears has already pled her "best case." Leave to amend is properly denied where a plaintiff has already pled his or her "best case" and amendment would therefore serve no useful purpose. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (denial may even be appropriate where the plaintiff had not amended even once, if their "best case" was already pled); *Goldsmith v. Hood County Jail*, 299 Fed. Appx. 422 (5th Cir. 2008) (denying leave to amend where plaintiff failed to explain how the amendment would overcome the legal deficiencies in his "fairly thorough" complaint); *English v. United States*, No. 4:24-CV-00282, 2024 U.S. Dist. LEXIS 132174, *10 (S.D. Tex. July 26, 2024) (denying leave to amend and noting "[p]laintiff has had the opportunity to allege his best case, and…further amendments would not change the outcome") (subsequent history omitted).[2]

9.  Here, Spears provides no explanation regarding how any intended, though completely unarticulated, amended allegations could overcome FINRA's absolute immunity from

---

[2] *Cf. Pitts v. Waffle House, Inc.,* No. 23-60436, 2024 U.S. App. LEXIS 10630, *4-*5 (5th Cir. May 1, 2024) ("It is not an abuse of discretion to deny a *pro se* party leave to amend…where the plaintiff has already pleaded his 'best case'") (citations omitted); *Jackson v. Pierre*, 810 F. App'x 276, 281 n.4 (5th Cir. 2020) (affirming denial of leave to amend where "[w]e agree that [plaintiff] has failed to point to any amendments to her complaint that could change the outcome"); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (finding no error where the Western District of Texas court found *pro se* plaintiff had already pled his best case); *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (affirming denial of *pro se* plaintiff's leave to amend because leave is not required "if the plaintiff has already pleaded his 'best case'"); *Bernegger v. Dep't of Revenue*, No. 3:17CV993-HSO-LRA, 2019 U.S. Dist. LEXIS 181668, at *11 (S.D. Miss. Jan. 16, 2019), *aff'd*, 785 F. App'x 209 (5th Cir. 2019) (denying *pro se* plaintiff's motion for leave to amend where "Plaintiff's proposed amendment would not change the outcome and would therefore be futile").

**FINRA'S RESPONSE TO PLAINTIFF'S NOTICE TO PRESERVE RIGHT TO AMEND OR FOR DISMISSAL WITHOUT PREJUDICE**                             Page 4 of 7

suit or the fact that Spears lacks a private right of action and the Court lacks jurisdiction. Indeed, in such a case where a *pro se* plaintiff already pled the best case, such that "no further amendment can overcome [defendants' immunity defenses,]" leave is not required because "granting additional leave to amend would be futile and only cause needless delay." *Patterson v. Off. of Att'y Gen. Child Support Div.*, No. MO:23-CV-209-DC-RCG, 2024 U.S. Dist. LEXIS 111639, *11 (W.D. Tex. June 25, 2024), *report & recommendation adopted*, No. MO:23-CV-00209-DC, 2024 U.S. Dist. LEXIS 125707 (W.D. Tex. July 17, 2024); *see also Daniels v. Saucedo*, No. MO:21-CV-101-DC, 2021 U.S. Dist. LEXIS 250629, *3 (W.D. Tex. Nov. 17, 2021), *aff'd*, No. 21-51193, 2022 U.S. App. LEXIS 28441, *8--9 (5th Cir. Oct. 12, 2022) ("The court may deny leave to amend, however, if the defects are incurable or the plaintiff has already alleged their best case.").

10. Accordingly, even if the Court were inclined to consider Spears's request for relief in the Notice, leave to amend should be denied and FINRA's Motion to Dismiss should be granted with prejudice.

### III. SUR-REPLY HAS ALREADY BEEN DENIED

11. To the extent Spears is requesting that the Court consider the Notice as a sur-reply in support of her opposition to the Motion to Dismiss, this Court already denied Spears's previous request to file a sur-reply in response to FINRA's Motion to Dismiss. *See* Minute Order text entry dated Sept. 29, 2025 ("After due consideration of the Parties' briefs and the case law, the Court does not find a sur-reply in this case necessary"). The Notice fails to provide any basis for the Court to reconsider its Order, and there is none.[3] Thus, to the extent Spears intended her Notice to function as a sur-reply, the Court should disregard it.

---

[3] "[I]t is proper to deny a motion for leave to file a surreply where the party fails to demonstrate exceptional or extraordinary circumstances warranting the relief sought." *Silo Restaurant Inc. v.*

**FINRA'S RESPONSE TO PLAINTIFF'S NOTICE TO PRESERVE
RIGHT TO AMEND OR FOR DISMISSAL WITHOUT PREJUDICE**  Page 5 of 7

12. Finally, if Spears is permitted to file argument and authorities in support of her Opposition to the Motion to Dismiss, her collective opposition papers will exceed the page limits imposed by this Court's Local Rules and its Order dated August 14, 2025, limiting Spears to thirty (30) total pages. *See also* Local Civil Rule CV-7.D. Moreover, even if the Court were inclined to allow Spears to exceed the ordered page limit, the timing and nature of the Notice contravenes the Court's mandated briefing schedule.

### IV. SPEARS'S *PRO SE* STATUS DOES NOT JUSTIFY SPEARS'S ONGOING VEXATIOUS FILINGS

13. Spears attempts to rely on her *pro se* status to circumvent her obligation to comply with the Court's procedures and orders. But Spears's "status as a pro se litigant doesn't relieve [her] of the obligation to comply with [Local] Rules…." *Alvarez v. Brokers Logistics, Ltd.*, No. EP-23-CV-00148-DCG, 2024 U.S. Dist. LEXIS 65423, *3 (W.D. Tex. Apr. 9, 2024) (citing *Luken v. Collins*, 3 F.3d 437 (5th Cir. 1993), where the court reiterated that "[p]ro se litigants must adhere to the Local Rules of Court")).

### V. CONCLUSION

14. Because the Notice is procedurally improper and fails to establish any right to relief, the Court should disregard it and deny all requested relief. Further, Spears should be admonished for her repeated, improper attempts to supplement her Opposition to FINRA's Motion to Dismiss. *See, e.g.,* ECF Nos. 85, 89 (Spears's past efforts to supplement her Opposition to the Motion to Dismiss).

---

*Allied Prop. & Cas. Ins. Co.*, 420 F. Supp. 3d 562, 570 (W.D. Tex. 2019) (citations omitted). Extraordinary circumstances generally means "a new issue, theory, argument, or evidence was raised or relied on for the first time in the movant's reply brief . . . ." *PMA Ins. Grp. v. Polk Mech. Co. LLC*, No. 3:23-cv-00610, 2024 U.S. Dist. LEXIS 154378, *6 (N.D. Tex. Aug. 27, 2024).

Respectfully submitted,

*/s/ David C. Kent*

David C. Kent
State Bar No. 11316400
david.kent@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Avenue, Suite 1700
Dallas, Texas 75201
(469) 357-2500
(469) 327-0860 (fax)
*Attorneys for Defendant*
*Financial Industry Regulatory Authority, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served on all *pro se* parties and counsel of record through the CM/ECF system on November 21, 2025.

*/s/ David C. Kent*

David C. Kent