# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WESTERN TEXAS
# MIDLAND/ODESSA DIVISION

```
***************************************************
DANIELLE SPEARS                                   *
Plaintiff                                         *
                                                  *Docket Number: 7:24-cv-00321
v.                                                *
                                                  *
NEXT BRIDGE HYDROCARBONS, INC.                    *
GREGORY MCCABE, JOHN BRDA                         *
THE SECURITIES & EXCHANGE COMMISSION              *
FINANCIAL INDUSTRY REGULATORY AUTHORITY           *
JANE DOE 1-20, JOHN DOE 1-20                      *
Defendant                                         *
                                                  *
***************************************************
```

## PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE RELEVANT TO PENDING MOTIONS TO DISMISS BY DEFENDANTS JOHN BRDA, GREGORY MCCABE, AND NEXT BRIDGE HYDROCARBONS, INC.

Plaintiff Danielle Spears, proceeding *pro se*, respectfully moves for leave to supplement the record with newly available evidence directly bearing on the pending Motions to Dismiss (Dkts. 53 and 54) filed by Defendants John Brda, Gregory McCabe, and Next Bridge Hydrocarbons, Inc. ("NBH"). This evidence consists of:

1. Defendant John Brda's November 15, 2025 public endorsement of the GNS class-action complaint (Exhibit A1), in which he characterized the lawsuit as an effort to expose "blatant corruption in our markets" involving spoofing and naked short selling, conduct closely mirroring Plaintiff's allegations;

2. the GNS complaint itself (Exhibit A3), offered solely to provide context for Brda's public endorsement; and

3. Brda's prior public statements, posts, and interviews (Exhibits A4–A8), which predate and reinforce the views he expressed in response to GNS, demonstrating long-standing awareness of market-manipulation concerns and contradicting the certified denials in Defendants' Motions to Dismiss.

This supplemental evidence was not available or reasonably accessible when Plaintiff filed her Second Amended Complaint (Dkt. 13) or her Responses in Opposition (Dkts. 82-1 and 90). Defendant Brda's public endorsement of the GNS lawsuit occurred in November 2025, after those filings, and is the focal point of this supplemental evidence. These events are newly available and stem from similar market manipulation allegations, reinforcing Defendant Brda's awareness of such conduct. They materially contradict the factual assertions in Defendants' Motions to Dismiss, which deny the existence of market manipulation, counterfeit shares, or naked short selling. Plaintiff offers this supplemental material solely to assist the Court in evaluating the consistency of positions presented. Plaintiff does not seek to amend her pleadings or introduce new claims; she requests only that the Court take judicial notice of this public-record evidence in resolving the pending motions. These materials are offered under Fed. R. Evid. 201(b)(2) as public records, including a federal court filing and verifiable X (Twitter) posts, not for the truth of the allegations in the GNS complaint, but to demonstrate Defendant Brda's public acknowledgment of market manipulation concerns and the inconsistency between those statements and the certified denials in Defendants' Motions to Dismiss.

**I. BACKGROUND**

Plaintiff's Second Amended Complaint alleges, *inter alia*, securities fraud under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5, common-law fraud, negligence, and breach of fiduciary duty against Brda, McCabe, and NBH. These claims center on Defendants' alleged

misrepresentations and omissions regarding the MMTLP spin-off from Meta Materials, Inc., including the foreseeability of a trading halt due to market manipulation via naked short selling and counterfeit shares, which caused substantial investor losses (see supra Section II for relevant supplemental evidence). (Dkt. 13 ¶¶ 45–60, 75–90, 120–150).

Brda's roles reinforce scienter: As CEO of Torchlight Energy (while McCabe was on the board), he oversaw the oil and gas assets later spun out to NBH. Post-merger, he continued as a consultant and advised Meta's board during the transition from a sale to a spin-off, yet later denied foreseeability in his Motion to Dismiss.

In their joint Motion to Dismiss (Dkt. 53), Brda and McCabe assert that Plaintiff's claims fail because there was no manipulation, no counterfeit shares, no naked short selling, and no scienter or duty owed; they characterize the events as a "routine corporate action" with no foreseeable harm. (*Id.* at 10-15, arguing "no plausible allegation of fraud or manipulation"; *see also* Dkt. 86 at 4-6, Reply reiterating "no deficiencies in the spin-off process" and denying any "market irregularities"). Similarly, NBH's Motion to Dismiss (Dkt. 54) denies any manipulation or wrongdoing, asserting the spin-off was lawful and that any halt was unforeseeable and attributable solely to regulatory actions. (*Id.* at 12-18; *see also* Dkt. 95 at 5-7, Reply emphasizing "no evidence of counterfeit shares or manipulation"). These positions are certified under Fed. R. Civ. P. 11(b)(3) as having evidentiary support.

## II. DESCRIPTION OF SUPPLEMENTAL EVIDENCE

On November 15, 2025, Defendant Brda publicly responded to GNS CEO Roger Hamilton's announcement of a class action against Citadel and Virtu by posting the following on X (formerly Twitter):

*"@rogerhamilton thanks to you and your board for this effort to expose what appears to be blatant corruption in our markets. It will be interesting to see if you get beyond MTD, if this will get to a jury trial or if the pressure to settle will be too great. The only way this stops is if there is a ruling by the jury and not a confidential settlement. Hopefully the mindset is to see it through."*

(Exhibit A1 – https://x.com/johnbrda/status/1989699806730637658)

Plaintiff offers this statement to highlight the contrast between Brda's public characterization of similar market manipulation claims and the certified denials asserted in his Motion to Dismiss. See Dkt. 53 at 5 ¶ 3; see also id. at 6 ¶ 2.

On November 14, 2025, Genius Group Ltd. filed a securities class-action complaint in the Southern District of New York, *Genius Group Ltd. v. Citadel Sec. LLC*, No. 1:25-cv-09546 (S.D.N.Y.), alleging spoofing and naked short selling by Citadel Securities and Virtu. The complaint describes Citadel and Virtu placing and cancelling high-frequency orders, failing to locate shares before selling them, and using these tactics to suppress prices and increase short volume (Exhibit A3 ¶¶46, 51, 55, 59). The complaint details systemic failures, including prior SEC/FINRA enforcement actions, and references spikes in fails-to-deliver and off-exchange trading dominance (see ¶¶ 7, 24–28, 39–77). Plaintiff does not offer these allegations for their truth, but only to contextualize Brda's public endorsement and alignment with similar market manipulation concerns. (Exhibit A3).

In a post dated the same day, Hamilton described the lawsuit as addressing illegal market manipulation, including broker misconduct and buy-button restrictions. Plaintiff does not rely on Hamilton's statements, but includes them only to provide the context in which Brda responded. (Exhibit A2).

Brda's public endorsement of the GNS lawsuit aligns with his prior statements regarding manipulation in TRCH, MMAT, and MMTLP. On June 14, 2025, he posted: *"To clarify, Anson did not receive shares, only BD's did. They are still short, to my knowledge."* (Exhibit A4 – https://x.com/johnbrda/status/1934073009813234005).

In a June 12, 2025 interview, Brda further stated that Anson Funds approached co-defendant McCabe asking for 10 million shares to close a short position, far exceeding the 2.65 million short positions reported to FINRA. He described Anson as being under DOJ and SEC scrutiny, and said regulatory agencies were "figuring it out." (Exhibit A5). That same day, he promoted the interview via his X account, thanking Dennis Kneale "for the time and… support for the $MMTLP situation." (Exhibit A5 – https://x.com/johnbrda/status/1933183263071158611).

In a December 16, 2024 X post, Brda explained that he helped organize a group known as Flamethrower "to fund potential litigation and discovery on the issues relating to MMTLP/NBH." He stated that although Flamethrower had to yield to MMAT for standing purposes, the group had spent considerable time and money pursuing legal options. (Exhibit A6). Flamethrower, LLC was registered to Brda's residential address in January 2023. (Exhibit A7). On January 18, 2024, Brda announced that Flamethrower retained the law firms Warshaw Burstein and Christian Levine Law Group to investigate potential fraud involving naked short selling, counterfeit shares, and manipulation of TRCH, MMTLP, and Next Bridge. (Exhibit A8).

Plaintiff also notes that Brda has participated in over a dozen interviews between 2022 and 2025 in which he repeatedly discussed alleged market manipulation, unresolved short positions, and his belief that regulatory inaction harmed shareholders. These appearances include interviews with Charles Payne, Dennis Kneale, Robb Carter, Let-It-Trade, and others. These statements are

not offered for the truth of their content, but as further evidence of Brda's long-standing public belief in widespread manipulation of the very stocks and transactions at issue here, in direct conflict with his present litigation position. (See also Exhibit B – Summary of Brda Interviews).

This body of evidence, particularly Brda's November 2025 GNS endorsement, demonstrates ongoing knowledge, concern, and intent to expose the same manipulation he and other Defendants now deny. While some of the referenced statements were made before the SAC was filed, Plaintiff includes them now only in light of Brda's November 2025 post, which publicly reaffirms those views and renders their omission from Defendants' Motions to Dismiss materially misleading.

**III. LEGAL STANDARD AND ARGUMENT**

Courts in the Fifth Circuit routinely grant leave to supplement the record with post-complaint evidence when it bears directly on pending Rule 12(b)(6) motions, particularly where it undermines movants' factual assertions without converting the motion to summary judgment. *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (courts may consider documents "central to the claims" and public records without conversion); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (affirming judicial notice of public statements and filings). Judicial notice is appropriate here, as the evidence consists of a federal court filing and verifiable public statements whose authenticity is undisputed. These materials are not offered for the truth of the GNS allegations, but to show Defendant Brda's awareness of the type of conduct alleged and the inconsistency between his public position and the factual assertions certified in the Motions to Dismiss. Fed. R. Evid. 201(b); *see Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (taking notice of public records on motion to dismiss); *see also*

*Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (judicial notice proper for facts from public sources like social media posts).

### A. The Evidence Establishes Judicial Estoppel Against Brda and McCabe

Defendant Brda's November 15, 2025 public endorsement of the GNS class-action lawsuit directly contradicts the certified denials in his Motion to Dismiss. In that post, Brda supported litigation to expose "blatant corruption" involving spoofing and naked short selling, conduct he now denies occurred in connection with MMTLP. Judicial estoppel prevents a party from asserting inconsistent positions in the same or related proceedings to gain an unfair advantage. *New Hampshire v. Maine*, 532 U.S. 742, 749-51 (2001); *In re Coastal Plains, Inc.*, 179 F.3d 197, 205-06 (5th Cir. 1999) (applying estoppel where party's public statements contradicted court filings); *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011) (en banc) (estoppel requires clearly inconsistent positions, judicial acceptance of the prior position, and unfair detriment if not estopped). Here, Brda's statements acknowledge systemic manipulation akin to Plaintiff's allegations (including naked shorting via DMA), yet he asks this Court to dismiss on grounds of no manipulation. This inconsistency, if accepted, would prejudice Plaintiff and waste judicial resources. While judicial estoppel may ultimately be appropriate after further proceedings, at this stage the contradiction between Defendant Brda's public statements and the certified assertions in his Motion to Dismiss weighs strongly against dismissal under Rule 12(b)(6). *See also Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003) (estoppel applies to prevent "playing fast and loose with the courts")[1].

---

[1] Although judicial estoppel is typically applied after a court has adopted the prior position, courts may still consider inconsistent statements when evaluating plausibility under Rule 12(b)(6). *See*, e.g., *Wilson v. Westinghouse Elec. Corp.*, 838 F.2d 286, 289 (8th Cir. 1988) (noting that contradictory statements may undermine the credibility of a party's motion even if estoppel is premature).

*For example, in Defendants' Motion to Dismiss, they argue that Plaintiff fails to allege any actionable misstatements or omissions by Brda or McCabe "in connection with the purchase or sale of a security (let alone one that satisfies Rule 9(b))."*

*See Dkt. 53 at 5 ¶ 3. They further assert that Plaintiff's allegations are attributable solely to FINRA's U3 halt, stating: "Plaintiff's stated grievance is with FINRA and FINRA's decision to institute the U3 halt."*

*See Dkt. 53 at 6 ¶ 2. These statements are difficult to reconcile with Defendant Brda's own public commentary acknowledging systemic market abuse, ongoing short positions, and the need for litigation to expose "blatant corruption in our markets" (Exhibits A1, A4–A6).*

**B. The Evidence Undermines Rule 11 Certifications and Bolsters Plausibility**

Defendant Brda's public endorsement of the GNS class-action on November 15, 2025, after certifying that no such manipulation occurred, raises a clear inconsistency. While judicial estoppel may not apply at the pleading stage, the contradiction between his certified position and subsequent public statement directly informs the plausibility of Plaintiff's allegations under Rule 12(b)(6). *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (post-filing developments can trigger Rule 11 inquiry); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) (Rule 11 imposes duty to ensure factual contentions have evidentiary support). The GNS complaint sets forth detailed allegations regarding spoofing and naked short selling by Citadel and Virtu, including high short volume (60–66%), off-exchange trading dominance (65–85%), and FTD spikes, as described in paragraphs 39–77. Plaintiff does not rely on these allegations for their truth, but offers them solely as context for Defendant Brda's public endorsement of the GNS action as an effort to expose 'blatant corruption' in the markets. This reaction directly contradicts Defendants' assertion in this case that such manipulation was unforeseeable or

implausible. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007) (scienter inferred from strong circumstantial evidence of conscious misbehavior or recklessness); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (plausibility requires allegations that "nudge[] [claims] across the line from conceivable to plausible"). This evidence, including Hamilton's reference to similar cases against Citadel and Virtu (*e.g.*, Northwest Biotherapeutics, Inc. v. Citadel Sec. LLC, where the court denied dismissal and advanced to discovery), and Brda's Anson post, elevates Plaintiff's allegations beyond speculation, satisfying *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**C. Impact on NBH's Motion**

Although Defendant Brda was never an officer of NBH, he served as CEO of Torchlight Energy Resources during the period when its oil and gas assets were developed and prepared for transfer. Following the 2021 reverse merger with Meta Materials, Brda continued as a consultant and advised Meta's board on shifting the asset strategy from a sale to a spin-off. Defendant McCabe, now the lead officer at NBH, was a director at Torchlight during that same period. While NBH now argues that the spin-off was lawful and that any halt or manipulation was unforeseeable (see Dkt. 54 at 15), Brda's public comments tell a different story. He has stated that Anson Funds remained short, that 10 million shares were needed to close out positions, and that market corruption required litigation to expose. These statements, while not legal admissions by NBH, contradict its certified narrative and reinforce the plausibility of Plaintiff's claims under Rule 12(b)(6).

**IV. NO PREJUDICE TO DEFENDANTS**

Supplementing now, before rulings on the Motions, avoids prejudice and promotes efficiency. Defendants may respond briefly if needed.

**V. CONCLUSION AND PRAYER**

For these reasons, Plaintiff requests leave to file the attached Appendix of Exhibits as supplemental evidence. The Court should consider this evidence in denying the Motions to Dismiss, or alternatively, strike inconsistent portions under judicial estoppel and scrutinize under Rule 11. This motion centers on Defendant Brda's November 2025 public endorsement of market-manipulation allegations that mirror those in Plaintiff's complaint, statements which directly contradict the factual assertions certified in the pending Motions to Dismiss.

Respectfully submitted this 26th day of November, 2025

/s/ Danielle Spears
**Danielle Spears, Pro Se**
12206 W. Harrison Street
Avondale, AZ 85323
paymmtlpnow@gmail.com
480-476-1091

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(g), Plaintiff certifies that on or about November 24, 2025, she conferred via email with counsel for Defendant Next Bridge Hydrocarbons, Inc., Joshua Frost, and with counsel for Defendants John Brda and Gregory McCabe, Ryan Lantry. Both counsel responded and stated that they oppose the relief sought in this Motion for Leave to File Supplemental Evidence concerning the GNS class-action complaint and the related public statement made by Defendant Brda.

/s/ Danielle Spears
**Danielle Spears, Pro se**

## CERTIFICATE OF SERVICE

I certify that on November 26, 2025, I served the foregoing Motion and all accompanying exhibits on all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Danielle Spears
**Danielle Spears, Pro se**
12206 W Harrison Street
Avondale, AZ 85323
paymmtlpnow@gmail.com
480-476-1091
No Fax

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WESTERN TEXAS
# MIDLAND/ODESSA DIVISION

```
***************************************************
DANIELLE SPEARS                                    *
Plaintiff                                          *
                                                   * Docket Number: 7:24-cv-00321
v.                                                 *
                                                   *
NEXT BRIDGE HYDROCARBONS, INC.                     *
GREGORY MCCABE, JOHN BRDA                          *
THE SECURITIES & EXCHANGE COMMISSION               *
FINANCIAL INDUSTRY REGULATORY AUTHORITY            *
JANE DOE 1-20, JOHN DOE 1-20                       *
Defendant                                          *
                                                   *
***************************************************
```

## ORDER GRANTING MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE

Before the Court is Plaintiff Danielle Spears's Opposed Motion for Leave to File Supplemental Evidence in connection with the Defendants' Motions to Dismiss. The Court, having considered the Motion and any responses, finds that the Motion should be and is hereby **GRANTED**.

It is therefore **ORDERED** that Plaintiff is granted leave to file the supplemental evidence attached to her Motion. The Clerk is directed to enter the supplemental evidence into the record.

SIGNED this ___ day of _____, 2025.

_____

                                                           UNITED STATES DISTRICT JUDGE