IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| DANIELLE SPEARS,<br><br>                             Plaintiff,<br><br>v.<br><br>NEXT BRIDGE HYDROCARBONS, INC.; GREGORY MCCABE; JOHN BRDA; SECURITIES & EXCHANGE COMMISSION; FINANCIAL INDUSTRY REGULATORY AUTHORITY; and JANE DOES 1-20, JOHN DOES 1-20,<br><br>                             Defendants. | Case No.: 7:24-CV-321-RCG-DC |

**DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S CONSOLIDATED OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS (ECF 115)**

      Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") submits this response in opposition to Plaintiff Danielle Spears's Consolidated Objections to the Magistrate Judge's Reports and Recommendations (ECF 115) (the "Objections"). FINRA's response is made on behalf of itself and not on behalf of any other Defendant to whom the Objections are directed. FINRA's response is therefore limited in scope to the objections Spears asserts regarding the recommendation included in the Report and Recommendation issued by the Honorable Ronald C. Griffin on January 28, 2026 (ECF 107) (the "FINRA R&R") that FINRA's Motion to Dismiss Spears's Second Amended Complaint (ECF 45) ("MTD SAC") be granted with prejudice.

      As to FINRA, in the Objections, Spears sets forth an entirely new theory of the case, devoting multiple pages to a tortured and factually unsupported conflation of FINRA Rules 6440 and 6490

that fails to overcome the absolute regulatory immunity that Judge Griffin applied to the allegations against FINRA included in Spears's Second Amended Complaint (ECF 13) ("SAC"). In addition, Spears concludes, without a modicum of factual or legal support, that the Court has personal jurisdiction over FINRA and that she has Article III standing. As a result, the Objections fail to meet the legal standard for objecting under either 28 U.S.C. § 636(b)(1) or FRCP 72(b) and may therefore be disregarded in their entirety. But even if they did meet the legal standard (they do not), they should be overruled in their entirety as contrary to both the law and the record in this action.

Notably, Spears does not raise any objections to the FINRA R&R's recommendations that the SAC's antitrust and constitutional claims be dismissed under FRCP 12(b)(6). *See* FINRA R&R, pp. 11-14. Indeed, in the Objections, Spears explicitly abandons the claims she brought pursuant to the Fifth Amendment,[1] the Sherman Act, and the Clayton Act. Objections, p. 18. And Spears's failure to object to the findings included in the FINRA R&R regarding the antitrust claims and her constitutional claims provides an independent basis for the Court to dismiss all of those claims.

Likewise, Spears expressly abandons all claims for damages and, in the Objections, narrows her pursuit of relief to judicial declaration only, stating "Plaintiff seeks *no damages from FINRA* and *no broad inquiry into regulatory policy*. She seeks only a determination of whether the specific

---

[1] While Spears argues in the Objections that she possesses Article III standing, the FINRA R&R did not make any findings regarding Article III standing. *See generally* FINRA R&R. Instead, the FINRA R&R recommended that Spears's references to the Fifth Amendment be disregarded on the grounds that FINRA is not a governmental actor – a finding Spears does not refute. *See generally id.* Based on her failure to object to the finding that FINRA is not a governmental actor, as well as her withdrawal of any potential Fifth Amendment damage, FINRA will not brief the issue of Article III standing beyond incorporation here of its previously asserted argument that Spears does not meet the standard for Article III standing. *See* ECF 45 (MTD SAC), pp. 27-29; ECF 81 (Reply in support of MTD SAC), pp. 6-7. FINRA also notes that, in the related MMTLP action entitled *Pease v. SEC*, et al., Case No. 24-CV-00322 (W.D. Tex. Feb. 25, 2026) ("Pease Action"), the Court adopted the Magistrate Judge's finding that general allegations concerning the MMTLP trade halt did not confer Article III standing to Plaintiff Pease. *See* Pease Action, at ECF 113, pp. 1-2.

**FINRA'S RESPONSE TO PLAINTIFF'S OBJECTIONS**
<u>**TO MAGISTRATE'S REPORTS & RECOMMENDATIONS**</u>                                    Page 2 of 12

conduct as issue was authorized by SEC-approved Rule text." Objections, p. 20 (emphasis added). Accordingly, like her antitrust and constitutional claims, Spears has abandoned any claims requesting damages and any claims for which she does not possess a private right of action, and all such claims should be dismissed.

For all of these reasons, and as detailed below, similar to the recently adopted Report and Recommendation and entry of judgment in the Pease Action, FINRA respectfully requests that the Court overrule Spears's Objections, adopt the FINRA R&R, and enter a judgment dismissing Spears's SAC. *See, e.g.,* Pease Action at ECF 113, 114.

### I.    SPEARS'S OBJECTIONS ARE IMPROPER AND MAY BE DISREGARDED

Spears brings her Objections under 28 U.S.C. § 636(b)(1) and FRCP 72(b). *See* Objections, p. 9. Objections asserted to a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) must specifically identify the recommendations to which they are being made but "[t]he district court need not consider frivolous, conclusive, or general objections." *See U.S. v. Ervin*, Case No. 11–CR–00206, 2015 WL 13375626, *1 (W.D. Tex. June 16, 2015) (citing *Battle v. U. S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("Frivolous, conclusive or general objections need not be considered by the district court.")). Here, each of Spears's purported objections is grounded entirely on unfounded legal conclusions lacking support from any asserted factual or legal authority. While Spears vaguely identifies the portions of the FINRA R&R to which she objects, the conclusory nature of the objections renders them frivolous such that the Court is empowered to merely disregard them.

Similarly, under FRCP 72(b), "[a]n objection that does 'nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection"' under Rule 72(b)." *Amuneke-Nze v. Conduent Inc.*, No. 4:24-cv-316, 2024 WL 4371615, U.S. DIST. LEXIS 180360, *1 (N.D. Tex. Oct. 2, 2024) (quoting *Cuza*

*v. Day*, No. 22-1354, 2023 WL 3270064, 2023 U.S. Dist. LEXIS 78600, *1 (E.D. La. May 5, 2023)). Again, the conclusory nature of Spears's Objections, without reference to supporting facts or legal authority, does not meet the standard of FRCP 72(b). Instead, Spears merely disagrees with portions of the FINRA R&R and summarily restates that which was already presented to the Court in connection with FINRA's MTD SAC. Accordingly, Spears fails to assert any proper "objection," and the Objections should be disregarded by the Court. Even if the Objections were sufficient (they are not), the FINRA R&R and record in this action demonstrate that each objection must be overruled.

## II. SPEARS'S OBJECTIONS AS TO FINRA ARE WITHOUT MERIT AND SHOULD BE OVERRULED

Even if the Court were to consider Spears's objections asserted as to the FINRA R&R, none are meritorious and all should be overruled:

### a. Personal Jurisdiction.

For the first time, Spears characterizes her SAC as conferring nationwide personal jurisdiction over FINRA pursuant to Section 27 of the Exchange Act. Objections, p. 9 (citing 15 U.S.C. § 78aa). Spears's argument is unavailing for several reasons.

First, arguments cannot be presented for the first time in an objection to a report and recommendation by a magistrate judge. *See U.S. v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (arguments raised for first time in objections to a magistrate's report and recommendation are not properly before the court). Spears raises the argument that 15 U.S.C. § 78aa applies to her SAC for the first time in the Objections. Objections, p. 9. Therefore, the argument is not properly before the Court.

Second, in the Objections, Spears abandons all claims and requests for damages arising out of an alleged Exchange Act violation, instead focusing only on a request for a judicial declaration regarding FINRA's conduct. *See* Objections, p. 20; *see also supra* fn. 1. Spears further explains: "The

[FINRA] R&R proceeds on the premise that [she] seeks to privately enforce FINRA's internal rules. That premise is incorrect." Objections, p. 18. To even trigger the Court's jurisdictional reach under 15 U.S.C. § 78aa, Spears must be seeking "to enforce any liability or duty" created under the Exchange Act. Indeed, the single case Spears cites, *Busch v. Buchman, Buchman & O'Brien, LLP*, 11 F.3d 1255, 1258-59 (5th Cir. 1994), involved a complaint alleging violations of securities laws, not the declaratory relief Spears now singularly seeks. Because Spears abandons the claims asserted in the SAC to narrow her requested relief to declaratory relief only, the jurisdictional provision under the Exchange Act is inapplicable to Spears's claims.

Third, Spears already abandoned any personal jurisdiction argument when she failed to address it in her opposition to the MTD SAC. *See generally* ECF 69 (Spears's Opposition to MTD SAC); ECF 81, p. 4 (Reply in support of MTD SAC, arguing waiver of argument); *In re Dallas Roadster, Ltd.*, 846 F.3d 112, 125-26 (5th Cir. 2017) (plaintiff's failure to respond to defendant's argument in motion to dismiss constitutes abandonment); *U. S. v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010) (party's failure to offer any "arguments or explanation ... is a failure to brief and constitutes waiver").

Finally, the Objections ignore the FINRA R&R's thorough examination of the SAC in light of the applicable legal authorities for both general and specific jurisdiction. FINRA R&R, pp. 7-9. Spears also fails to advance any contrary authority or factual basis that would justify the Court's exercise of either general or specific personal jurisdiction over FINRA. Accordingly, because Spears fails to demonstrate factually or legally that her SAC properly alleges the necessary minimum contacts with Texas to support personal jurisdiction, Spears's objections concerning personal jurisdiction should be overruled.

### b. Regulatory Immunity.

Spears next objects to the FINRA R&R's finding that regulatory immunity operates as bar to the action. FINRA R&R, pp. 9-11. The primary basis of her objection is that the MMTLP trade halt was an ultra vires action under FINRA Rule 6940, which provides for corporate actions to either be processed by FINRA and announced or not processed and issued a deficiency notice. Objections, pp. 10-11. Factually, Spears's assertions are unsupported. While Spears acknowledges the options available to FINRA under Rule 6940, she simultaneously concedes that FINRA processed the corporate action and announced it as expressly authorized by the rule. *See, e.g.,* Objections, pp. 3-4, 15; *see also* SAC ¶¶ 125-26, 28. FINRA's subsequent trade halt, authorized independently by FINRA Rule 6440, was a distinctly separate exercise of FINRA's regulatory authority.

Regardless, both of these functions have been deemed to be regulatory in nature and thus subject to regulatory immunity. *See, e.g.*, *Hofman v. Fidelity Brokerage Srvcs, LLC*, No. 2:23-cv-00881, 2023 WL 3872564, *6, 2023 U.S. Dist. LEXIS 81166, *14 (C.D. Cal. May 8, 2023) ("Facilitating trading of Meta Materials securities and publishing corporate action notices are functions within the ambit of FINRA's regulation and oversight of the over-the-counter market."); *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1214 (9th Cir. 1998) ("[T]here are few functions more quintessentially regulatory than suspension of trading."), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374 (2016); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 428, 454 (S.D.N.Y. 2013) (dismissing claim against an SRO alleging its decision not to halt trading of a security was negligent on regulatory immunity grounds because "[t]he capacity to suspend trading… is a quintessentially regulatory function"); *DL Cap. Grp., LLC v. Nasdaq*, 409 F.3d 93, 98 (2d Cir. 2005) (absolute

immunity precludes claims related to an SRO's announcement regarding the suspension or cancellation of trades).

Once regulatory immunity attaches, as here, <u>there is no exception to it – ultra vires or otherwise</u>. *Empire Fin. Grp. v. FINRA*, No. 08-80534-CIV, 2009 WL 10644856, *6-7, 2009 U.S. Dist. LEXIS 133643, *17-19 (S.D. Fla. Jan. 15, 2009) (rejecting an *ultra vires* argument and applying immunity to bar claims where the "putative claims against FINRA arise exclusively from FINRA's exercise of its regulatory functions"). The immunity afforded to FINRA is absolute, and it applies to all FINRA's regulatory activities regardless of any purported motive. *See Sparta Surgical*, 159 F.3d at 1215 (holding that even if the NASD had suspended trading of a security in a capricious bad-faith manner, the NASD's conduct was still regulatory in nature and protected from liability); *see also Gallagher v. FINRA*, No. 21-13605, 2022 WL 1815594, *2, 2022 U.S. App. LEXIS 15309, *4 (11th Cir. June 3, 2022) ("The test [for whether SRO conduct is protected by regulatory immunity] does not turn on 'an SRO's subjective intent or motivation,' but rather the 'function being performed.'").

Indeed, even to the extent Spears contends that FINRA performed these regulatory functions improperly, absolute regulatory immunity still applies.[2] *In re: Series 7 Broker Qualification Exam Scoring Litig.*, 548 F.3d 110, 114 (D.C. Cir. 2008) ("When an SRO acts under the aegis of the Exchange Act's delegated authority, it is absolutely immune from suit for the improper performance of regulatory, adjudicatory, or prosecutorial duties delegated by the SEC."). This is true even though Spears' only remaining claim is equitable in nature. "FINRA's absolute immunity is *not* restricted by

---

[2] In an effort to lend support to her specious position, Spears relies extensively on a purported Declaration by George Palikaras, but that document is hearsay, not properly before the Court, and cannot be considered. First, the Court cannot take notice of facts from other lawsuits. *Hernandez v. Baylor Univ.*, 274 F. Supp. 3d 602, 609 (W.D. Tex. 2017) (citing *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007)). Second, in considering a motion to dismiss, "the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

**FINRA'S RESPONSE TO PLAINTIFF'S OBJECTIONS**
**TO MAGISTRATE'S REPORTS & RECOMMENDATIONS**               Page 7 of 12

the types of claims asserted against it by Plaintiff . . . . *This immunity also covers declaratory or injunctive relief.*" *Cashmore v. FINRA*, No. 18-CV-1198S, 2020 WL 6566302, *6, 2020 U.S. Dist. LEXIS 209451, *14 (W.D.N.Y. Nov. 9, 2020) (denying claim for declaratory judgment) (emphasis added); *see also Hofman*, 2023 WL 3872564 at *8, 2023 U.S. Dist. LEXIS 81166 at *18 (C.D. Cal. May 8, 2023) ("The Court adopts the persuasive reasoning of *Cashmore* and dismisses all claims [including declaratory relief] against FINRA . . . based on immunity."). Indeed, courts have consistently applied the absolute immunity afforded to SROs to bar claims where the relief sought was equitable in nature. *See Tawil v. FINRA*, No. 4:22cv440-RH-MAF, 2023 WL 4353179, *1, 2023 U.S. Dist. LEXIS 117247, *2 (N.D. Fla. May 24, 2023) ("The [*Weismann*] court's broad description of immunity made no mention of the fact that the claim was for damages, and other courts have held FINRA immune from claims for injunctive relief.") (collecting cases).

Finally, Spears's contention that "[a]bsolute immunity cannot be resolved at the pleading stage" (Objections, p. 17) is simply wrong.[3] In this very context, courts nationwide have consistently dismissed other plaintiffs' MMTLP-related actions against FINRA in response to Rule 12 motions on the grounds of applied regulatory immunity. *See, e.g.*, *Kelly v. FINRA*, No. 25-cv-01195, 2025 WL 2962788, 2025 U.S. Dist. LEXIS 204939 (D. Nev. Oct. 16, 2025); *Traudt v. Rubenstein*, No. 2:24-cv-782, 2025 WL 1795825, 2025 U.S. Dist. LEXIS 123280 (D. Vt. June 30, 2025); *Hensley v. TD Ameritrade, Inc.*, No. 3:23-cv-5159, 2023 WL 12068975, 2023 U.S. Dist. LEXIS 246544 (W.D. Wash. Oct. 2, 2023); *Park v. FINRA*, No. 2:23-CV-69-RWS, 2023 WL 11795601, 2023 U.S. Dist. LEXIS 238130 (N.D. Ga. Sep. 25, 2023); *Tawil*, 2023 WL 4353179, 2023 U.S. Dist. LEXIS 117247; *Hofman*, 2023 WL 3872564, 2023 U.S. Dist. LEXIS 81166.

---

[3] Spears cites a handful of cases in proffered support for her untenable position but only for purposes of general legal principles that do not change the immunity analysis applicable in this specific context. Objections, pp. 17-18.

**FINRA'S RESPONSE TO PLAINTIFF'S OBJECTIONS**
**TO MAGISTRATE'S REPORTS & RECOMMENDATIONS**                Page 8 of 12

As Spears fails to establish that any action of which she complains falls outside of the absolute regulatory immunity routinely applied to FINRA's conduct in relation to the MMTLP trade halt, her Objections should be overruled.

### c. Dismissal with Prejudice.

Spears's last objection is to the FINRA R&R's finding that dismissal be with prejudice on the purported basis that "leave to amend is ordinarily granted unless the defect is uncurable." Objections, p. 19. Spears overlooks the fact that the FINRA R&R found, in accordance with the wall of precedent cited above, that all her claims are barred by the application of regulatory immunity – a legal defect that is not curable. FINRA R&R, pp. 9-11; *see also Hofman,* 2023 WL 3872564, at *6-8, 2023 U.S. Dist. LEXIS 81166, at *13-17 (dismissing MMTLP action challenging FINRA's halt of trade on grounds of regulatory immunity, with prejudice, in response to FINRA's Rule 12 motion). The one case Spears cites to support her argument is inapposite in that it considered leave to amend in the context of a motion for judgment on the pleadings, not Rule 12(b), but denial of leave to amend was affirmed there anyway. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329-30 (5th Cir. 2002).

Due to the incurable effect of regulatory immunity, Spears fails to support her argument that leave to amend is appropriate under the circumstances, and her objection to dismissal with prejudice should be overruled. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (court retains discretion to deny leave to amend where amendment would be futile); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (denial may even be appropriate where the plaintiff had not amended even once, if their "best case" was already pled).[4]

---

[4] In dismissing the Pease Action without further leave to amend, the Court explained that Pease failed to identify specific additional facts to overcome regulatory immunity, lack of personal jurisdiction, or any other independent grounds supporting dismissal and therefore amendment would be futile.

**FINRA'S RESPONSE TO PLAINTIFF'S OBJECTIONS**
**TO MAGISTRATE'S REPORTS & RECOMMENDATIONS**          Page 9 of 12

### d. No Private Right of Action.

Spears "does not assert a private right of action" (Objections, p. 18) and the FINRA R&R does not make any finding regarding FINRA's alternative argument that Spears does not possess one. FINRA R&R, fn. 4. However, to the extent the Court is inclined to conduct a *de novo* review of FINRA's argument, FINRA notes that Spears abandoned the issue both in her Objections and by failing to address it in response to the MTD SAC. *See generally* ECF 69 (Spears's Opposition to MTD SAC); ECF 81, pp. 4-5 (Reply in support of MTD SAC, arguing waiver of argument); *In re Dallas Roadster, Ltd.*, 846 F.3d at 125-26 (plaintiff's failure to respond to defendant's argument in a motion to dismiss constitutes abandonment); *Reagan*, 596 F.3d at 254 (a party's failure to offer any "arguments or explanation ... is a failure to brief and constitutes waiver.").

Moreover, courts consistently hold that no private right of action exists against an SRO, like FINRA, for its regulatory acts, omissions, or alleged violations of its own rules. *See, e.g.*, *In re: Series 7*, 548 F.3d at 114 ("By specifically adopting an appeals process which does not provide monetary relief, Congress has displaced claims for relief based on state common law."); *MM&S Fin., Inc. v. NASD*, 364 F.3d 908, 911-12 (8th Cir. 2004) ("[T]he Exchange Act does not create a private right of action against the NASD defendants for violating their own rules" and a party's attempt to bypass the absence of a private right of action by asserting a claim under state contract law is "fruitless."); *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 208 (2d Cir. 1999) ("[T]here is no private right of action available under the Securities Exchange Act . . . to challenge an exchange's failure to follow its own rules."), *cert. denied,* 531 U.S. 1069 (2001); *Sparta Surgical*, 159 F.3d at 1213 ("a party has no private right of action against an exchange for violating its own rules or for actions taken

---

Pease Action, ECF 113, p. 4. Like Pease, Spears already amended her pleading several times and fails now to identify any specific facts that would overcome a future motion to dismiss, rendering futile her request for leave to amend.

**FINRA'S RESPONSE TO PLAINTIFF'S OBJECTIONS
TO MAGISTRATE'S REPORTS & RECOMMENDATIONS**                              Page 10 of 12

to perform its self-regulatory duties under the" Exchange Act); *Feins v. AMEX*, 81 F.3d 1215, 1223-34 (2d Cir. 1996) (no private right of action exists against an SRO under Section 19 of the Exchange Act); *Spicer v. Chicago Bd. of Options Exch., Inc.*, 977 F.2d 255, 259-61 (7th Cir. 1992) (no private right of action exists under the Exchange Act against an SRO for failing to enforce its rules); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 681 (9th Cir. 1980) (finding no private right of action for violations of stock association rules).

### III.  SPEARS FAILS TO ASSERT ANY COGENT BASIS FOR THE COURT TO ORDER DISCOVERY OF ANY KIND

Finally, Spears vaguely alludes to a baseless request for discovery (Objections, p. 20) that is wholly without merit. Fifth Circuit case law is unequivocal – discovery related to claims against a defendant asserting a well-founded immunity defense is inappropriate until the defense is resolved. *See, e.g.*, *Freeman v. U.S.*, 556 F.3d 326, 342-43 (5th Cir. 2009); *Wells v. State Att'y Gens. of La.*, 469 F. App'x 308, 310 (5th Cir. 2012) (noting that "discovery generally is not allowed until the resolution of immunity issues in the case"). Spears provides no contrary authority in support of her request and, as such, her request for discovery should be denied.

### IV.  CONCLUSION

For the foregoing reasons, Spears's Objections to the FINRA R&R should be overruled, and her requests for discovery should be denied. FINRA respectfully requests that the Court adopt the FINRA R&R in its entirety (ECF 107) or, in the alternative, on any dispositive grounds therein or any grounds for dismissal to which Spears failed to assert any objection.

Respectfully submitted,

*[signature: David C. Kent]*

David C. Kent
State Bar No. 11316400
david.kent@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Avenue, Suite 1700
Dallas, Texas 75201
(469) 357-2500
(469) 327-0860 (fax)
*Attorneys for Defendant*
*Financial Industry Regulatory Authority, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served on all *pro se* parties and counsel of record through the CM/ECF system on March 6, 2026.

*[signature: David C. Kent]*

David C. Kent