IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| DANIELLE D SPEARS,<br>*Plaintiff*<br><br>v.<br><br>SECURITIES & EXCHANGE COMMISSION, NEXT BRIDGE HYDROCARBONS, INC., GREGORY MCCABE, JOHN BRDA, JANE DOE, 1-20; JOHN DOE, 1-20; AND FINANCIAL INDUSTRY REGULATORY AUTHORITY,<br>*Defendants* | §<br>§<br>§<br>§<br>§ MO:24-CV-00321-DC<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## OMNIBUS ORDER

BEFORE THE COURT are the reports and recommendations ("R&Rs") of U. S. Magistrate Judge Ronald C. Griffin concerning the motions to dismiss filed by the Securities and Exchange Commission ("SEC"), the Financial Industry Regulatory Authority ("FINRA"), Gregory McCabe, and John Brda.[1] Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, the Magistrate Judge issued his R&Rs on January 28, 2026.[2] Plaintiff objected to all three of these R&Rs in a single filing on February 23, 3036.[3] The Court takes up the objections to all three R&Rs in this omnibus order.

Having considered the briefing, the Court **OVERRULES** the objections and **ADOPTS** the three R&Rs.

---

[1] Docs. 45, 47, 53.
[2] Docs. 106, 107, 109.
[3] Doc. 115.

**LEGAL STANDARD**

Title 28, United State Code, Section 636(b) permits a party to serve and file written objections to a magistrate judge's proposed findings or recommendations within fourteen days after being served with a copy of the report and recommendations. The Court will review *de novo* the portions of the report and recommendations objected thereto. When no objections are timely filed, the Court need only review the magistrate judge's report and recommendation for clear error.[4]

**ANALYSIS**

I. **R&R Concerning Defendants' Brda and McCabe's Motion to Dismiss.**

First, the Court addresses Plaintiff's objections to the R&R concerning the Motion to Dismiss filed by Defendants Brda and McCabe.[5] The R&R recommends denial of the motion as it pertains to their lack of standing argument, but recommends granting the motion as to the substantive claims against the Defendants.[6] Plaintiff objected to the R&R's framing of her theory of fraud underlying her § 10(b) claim as well as the Magistrate Judge's application of the pleading standards under Rule 9(b) and the PSLRA, the Magistrate Judge's evaluation of whether she met the scienter element, and she argues the R&R takes a fragmented view of her complaint as opposed to affording it a holistic review. Reading these objections with the liberality afforded pro se litigants, the Court understands the objections to be limited to the R&R's disposition of her conspiracy to commit fraud claim, her claim

---

[4] Fed. R. Civ. P. 72 advisory committee's note.
[5] Doc. 106.
[6] *Id.*

2

arising under Sections 9a, 10(b), and 13(d) of the Securities Exchange Act and SEC Rule 10b-5.

As an initial matter, the Court finds no clear error in the portions of the R&R not objected to and therefore **ADOPTS** them.[7] Turning to the objections, the Court disagrees that the R&R improperly framed or fragmented Plaintiff's fraud theory. Those objections are **OVERRULED**. Therefore, the Court must now contend with the remaining objections pertaining to the R&R's application of the pleading standards and evaluation of scienter.

To state a claim under section 10(b) of the Securities Exchange Act a plaintiff "must allege: (1) a material misrepresentation or omission; (2) scienter (a 'wrongful state of mind'); (3) a connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) a 'causal connection between the material misrepresentation and the loss.'"[8] Fraud claims are subject to the heightened pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure. Under this rule, the Plaintiff "must specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[9] Additionally, the Private Securities Litigation Reform Act ("PSLRA") requires "that the complaint 'with respect to each act or omission alleged' to be false or misleading 'state with *particularity facts* giving rise to a *strong* inference that *the defendant* acted with the required state of mind.'"[10]

---

[7] Defendants did not file objections.
[8] *Mun. Emps.' Ret. Syst. of Mich. v. Pier 1 Imports, Inc.*, 935 F.3d 424, 429 (5th Cir. 2019) (quoting *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 341–42 (2005)).
[9] *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997).
[10] *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 363 (5th Cir. 2004) (emphasis in original) (quoting 15 U.S.C. § 78u-4(b)(2)(A)).

Applying the heightened pleading standards to these elements, the Court is in agreement with the R&R. Taking the complaint as a whole, the Court finds that Plaintiff failed to allege specific facts establishing the alleged fraud in such a manner that would satisfy the requisite pleading standards. Only one instance of alleged misrepresentation is mentioned with any detail in the complaint, as it pertains to Defendants Brda and McCabe, but even there it is not established that Plaintiff relied on those representations. Beyond this, the complaint makes only conclusory statements about the existence of other misrepresentations without supporting facts or arguments contending that she did or even could have relied on them. This same lack of specificity plagues Plaintiff's assertions of scienter. Progressing naturally from these findings, the Court also finds that the complaint fails to state a conspiracy to commit fraud.

Given that Plaintiff cannot meet the pleading standard to establish a section 10(b) claim, she cannot establish a section 9(a) claim.[11] The section 13(d) claim fairs no better as there is no private right of action under this section.[12]

For these reasons, the Court **OVERRULES** Plaintiff's objections.[13] It is **ORDERED** that the report and recommendation of the U. S. Magistrate Judge is **ADOPTED**.[14] The Motion to Dismiss filed by Defendants Brda and McCabe is **GRANTED**. Plaintiff's claims as to Brda and McCabe for violations of the Securities

---

[11] *Chemetron Corp v. Bus. Funds, Inc.*, 718 F.2d 725, 727 (5th Cir. 1983) (explaining the two Sections have overlapping elements but Section 9(a) requires an additional element to establish liability); *Cohen v. Stevanovich*, 722 F. Supp. 2d 416, 423–34 (S.D.N.Y. 2010) (analyzing Section 9(a) and 10(b) claims together).
[12] *GAF Corp. v. Milstein*, 453 F.2d 709, 719 (2d Cir. 1971); *Vladimir v. Bioenvision Inc.*, 606 F. Supp. 2d 473, 490–91 (S.D.N.Y. 2009).
[13] Doc. 115.
[14] Doc. 106.

Exchange Act (15 U.S.C. § 78), failure to resolve the FINRA U3 halt, negligence, conspiracy to commit fraud, negligent or intentional infliction of emotional distress, and unjust enrichment are **DISMISSED WITH PREJUDICE**.

## II.     R&R Concerning the Motion to Dismiss filed by FINRA

Second, the Court considers the R&R concerning FINRA's motion to dismiss. The R&R recommends granting the motion to dismiss because the Court lacks personal jurisdiction over FINRA, the Defendant has absolute regulatory immunity, and the substantive claims are devoid of supporting facts.[15] Plaintiff objects to the recommendations as to each of these.

There are no facts establishing FINRA's minimum contacts with the forum that could give rise to specific or general personal jurisdiction. Alleging that the "core conduct giving rise to Plaintiff's claims, including corporate decision-making, communications, and market actions, occurred in Texas," is not sufficient. Moreover, even if there was personal jurisdiction, the Court agrees with the R&R that FINRA has absolute regulatory immunity and nothing in the complaint suggests that FINRA was acting outside of its "regulatory responsibilities."[16] Finally, the R&R dispenses with the anti-trust and constitutional claims against FINRA. It is unclear whether Plaintiff is objecting in order to state that she has never pursued claims under the Sherman Act, Clayton Act, or Fifth Amendment against FINRA (which would be false), or if she is withdrawing these claims. In either case, the claims are dismissed.

---

[15] Doc. 107.
[16] *Xu v. Fin. Indus. Regul. Auth. Inc.*, 503 F. App'x 7, 8 (2d. Cir. 2012).

For these reasons, the Court **OVERRULES** Plaintiff's objections.[17] It is **ORDERED** that the report and recommendation of the Magistrate Judge is **ADOPTED**.[18] Defendant FINRA's motion to dismiss is **GRANTED**.[19] Plaintiff's claims as to FINRA for violation of the Securities Exchange Act, violation of the Sherman Antitrust Act (15 U.S.C. § 1) and Clayton Act (15 U.S.C. §§ 15, 23), negligence, failure to resolve the FINRA U3 halt, unjust enrichment, conspiracy to commit fraud, failure to supervise, and negligent or intentional infliction of emotional distress are **DISMISSED WITH PREJUDICE**.

### III. R&R Concerning the Motion to Dismiss Filed by SEC

Third, and finally, the Court turns its attention to the R&R concerning the Motion to Dismiss filed by the SEC.[20] The R&R dispenses with Plaintiff's claims on the basis that she lacks standing, sovereign immunity has not been waived, and in the alternative, she fails to plead sufficient facts to state a claim for which relief may be granted.[21]

Through her objections, Plaintiff states that she is "withdraw[ing] all claims against the [SEC] except a non-monetary ultra vires challenge to the legality of the SEC-approved SRO Rule framework under Exchange Act §§ 15A and 19."[22] Thereby, she voluntarily dismisses all claims except for her ultra vires challenge seeking "declaratory relief addressing whether the SEC-approved structure exceeds the statutory limits imposed by the Exchange

---

[17] Doc. 115.
[18] Doc. 107.
[19] Doc. 45.
[20] Doc. 47.
[21] Doc. 109.
[22] Doc. 115.

Act."[23] Progressing on this claim, Plaintiff objects to the R&R's analysis on standing and sovereign immunity.

Having reviewed the objections, the Court agrees with the R&R. Standing is noticeably absent. Plaintiff's harm is far too attenuated from the asserted action or inaction of SEC. Moreover, the requested relief fails to redress the pleaded harm. Even if Plaintiff had standing, the Court agrees that sovereign immunity has not been waived in this case. Finally, and in the alternative, Plaintiff's claims would still fail because the complaint does not allege sufficient facts to establish an actionable claim. The objections to the R&R are **OVERRULED** and the R&R is **ADOPTED**.

## CONCLUSION

For the aforementioned reasons, the Court **OVERRULES** Plaintiff's objections in their entirety as they apply to the R&Rs in this case.[24] It is **ORDERED** that the R&Rs of the United States Magistrate Judge be **ADOPTED**.[25] The Motions to Dismiss filed by

---

[23] *Id.*
[24] Doc. 115.
[25] Docs. 106, 107, 109.

Defendants FINRA, SEC, Brda, and McCabe are **GRANTED**.[26] Plaintiff's claims against these parties are **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

SIGNED this 6th day of March, 2026.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[26] Docs. 45, 47, 53.