IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| DANIELLE SPEARS,<br><br>Plaintiff,<br><br>v.<br><br>NEXT BRIDGE HYDROCARBONS, INC.,<br>GREGORY MCCABE, JOHN BRDA,<br>THE SECURITIES & EXCHANGE COMMISSION,<br>FINANCIAL INDUSTRY REGULATORY<br>AUTHORITY, and JANE DOE 1-20, JOHN DOE 1-20,<br><br>Defendants. | Case No.:<br>7:24-CV-321-RCG-DC |

**DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT [ECF 119]**

Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") submits this opposition to Plaintiff Danielle Spears's Motion for Leave to File Third Amended Complaint (the "Motion") (ECF 119). Spears seeks leave by her Motion to file a proposed Third Amended Complaint ("TAC") (ECF 121) in this action despite her multiple, prior, unsuccessful efforts to amend the complaint and the recent dismissal of this action, *with prejudice*, on March 6, 2026, pursuant to this Court's Omnibus Order (ECF 118) ("Omnibus Order").[1] The Motion should be denied for all of the following reasons:

---

[1] The Omnibus Order adopted the Magistrate Judge's Reports and Recommendations dismissing this action against all defendants (collectively, the "R&Rs"). ECF 106, 107, 109.

**FINRA'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**  Page 1 of 7

## I. SPEARS'S MOTION IS PROCEDURALLY UNSOUND

First, the Court should deny the Motion outright under Local Rule 7 because Spears never sought, and does not certify that she sought, to meet and confer with FINRA concerning the Motion prior to filing it.

Second, this Court need not consider the Motion because the Omnibus Order dismisses Spears's claims against all named defendants, and Spears simultaneously filed a notice of appeal ("Notice") (ECF 120). *In re Fort Worth Chamber of Commerce*, 100 F.4th 528, 536 (5th Cir. 2024) (notice of appeal from an appealable order divests the district court of jurisdiction over aspects of the case on appeal). Under Federal Rule of Appellate Procedure 3(a)(5):

> [A] notice of appeal encompasses the final judgment, whether or not that judgment is set out in a separate document under Federal Rule of Civil Procedure 58, if the notice designates:
> (A) An order that adjudicates all remaining claims and the rights and liabilities of all remaining parties; or
> (B) an order described in Rule 4(a)(4)(A).

FRAP 3(a)(5).

While the Court has not yet entered a judgment in this case, the Omnibus Order granted FINRA's motion to dismiss the Second Amended Complaint ("SAC") and adjudicated all claims against all the defendants, leaving nothing further to be decided by this Court. *See generally* Omnibus Order. Indeed, Spears's Notice describes the Omnibus Order as "the final judgment entered in this action." *See* Notice, at 1. Thus, the Notice encompasses the final judgment even though a judgment has not been docketed.[2] Further, when the Court does enter judgment, it will be immediately divested of jurisdiction. *See* FRAP 4(a)(2); *see also Barrett v. Atl. Richfield Co.*,

---

[2] In adopting the R&Rs, this Court also rejected Spears's Objection to the R&Rs recommendation to dismiss the action with prejudice. *See* ECF 115 p. 12; ECF 118 pp. 5-7.

95 F.3d 375, 378-79 (5th Cir. 1996) (where notice of appeal was filed after entry of an order granting a dispositive motion, but before entry of a judgment, the Fifth Circuit exercised jurisdiction as of the date of entry of judgment) (citing *FirsTier Mortg. Co. v. Invs. Mortg. Ins. Co.*, 498 U.S. 269, 273 (1991)).[3] In addition, the Court has already repeatedly rejected Spears's requests for leave to amend in response to the R&Rs by dismissing the action with prejudice. (ECF 115 (p. 12), 118 (pp. 5-7)).

Finally, Spears already waived the argument that she should be permitted to amend the now dismissed SAC. In her Opposition to FINRA's Motion to Dismiss (ECF No. 69), Spears failed to address FINRA's argument that leave to amend be denied as futile, thereby waiving and abandoning the issue. *See In re Dallas Roadster, Ltd.*, 846 F.3d 112, 125-26 (5th Cir. 2017) (plaintiff's failure to respond to defendant's argument in a motion to dismiss constitutes abandonment); *United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010) (a party's failure to offer any "arguments or explanation ... is a failure to brief and constitutes waiver"); *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (failure to defend claim in response to a motion to dismiss abandons claim).

## II.  LEAVE TO AMEND SHOULD BE DENIED

The Motion should also be denied because the TAC is deficient. In the Fifth Circuit, after a district court dismisses an action with prejudice, a plaintiff's post-dismissal motion for leave to amend is to be treated as a motion made under Rule 59(e), not a motion made under Rule 15(a). *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (affirming denial of leave to amend

---

[3] If this Court enters judgment concurrent with, or after, denial of the Motion, the Court will be divested of jurisdiction when the judgment is filed. *Whitaker v. City of Houston, Tex.,* 963 F.2d 831, 835-36 (5th Cir. 1992) (a district court's order dismissing a complaint is final and appealable; in cases where a plaintiff files a motion to amend after the order, finality is reestablished after denial of plaintiff's motion to amend).

**FINRA'S OPPOSITION TO PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**          Page 3 of 7

after dismissal of complaint); *see also Whitaker*, 963 F.2d at 835-36 (stating that a dismissal with prejudice indicates that the district court intended to terminate the action, not merely dismiss the complaint, and is final and appealable). "[U]nder these circumstances, the considerations for a Rule 59(e) motion are governed by Rule 15(a)" and "five considerations [exist] in determining whether to deny leave to amend a complaint," including "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment.'" *Rosenzweig*, 332 F.3d at 864 (alteration original) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). All of these considerations support denial of the Motion.

### A. Leave To Amend Is Denied Where Amendment Is Futile

The TAC still alleges conduct that arises entirely from FINRA's regulatory activities related to the MMTLP trade halt, characterizing it as ultra vires. *See generally* TAC, Count I. This Court has already found that FINRA's regulatory conduct is subject to regulatory immunity for which there are no exceptions. Omnibus Order, p. 5-6 n. 16; *see also Xu v. FINRA*, 503 Fed. App'x 7, 8-9 (2d Cir. 2012) (citing *DL Cap. Grp., LLC v. Nasdaq Stock Mkt., Inc.*, 409 F.3d 93, 97-99 (2d Cir. 2005)). The doctrine of law-of-the-case prevents the Court from reaching a different conclusion on this issue. *Arizona v. California*, 460 U.S. 605, 618 (1983) ("[W]hen a court decides" an issue, "that decision should continue to govern the same issues in subsequent stages in the same case.") As a result, granting leave to file the TAC would be futile. *Foman*, 371 U.S. at 182 (court retains discretion to deny leave to amend where amendment would be futile).

### B. Leave To Amend Is Denied Where a Plaintiff Already Pled a "Best Case"

Leave to amend is properly denied where a plaintiff has already pled his or her "best case" and therefore amendment would serve no useful purpose. *See Jacquez v. Procunier*, 801 F.2d 789,

793 (5th Cir. 1986) (denial may even be appropriate where the plaintiff had not amended even once, if their "best case" was already pled); *Goldsmith v. Hood County Jail*, 299 Fed. App'x 422 (5th Cir. 2008) (denying leave to amend where plaintiff failed to explain how the amendment would overcome the legal deficiencies in his "fairly thorough" complaint). A plaintiff's *pro se* status does not change the analysis. *Pitts v. Waffle House, Inc.,* No. 23-60436, 2024 U.S. App. LEXIS 10630, *4-*5 (5th Cir. May 1, 2024) ("It is not an abuse of discretion to deny a *pro se* party leave to amend…where the plaintiff has already pleaded his 'best case.'") (citations omitted); *Jackson v. Pierre*, 810 F. App'x 276, 281 n.4 (5th Cir. 2020) (affirming denial of leave to amend where "[w]e agree that [plaintiff] has failed to point to any amendments to her complaint that could change the outcome"); *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (affirming denial of *pro se* plaintiff's leave to amend because leave is not required "if the plaintiff has already pleaded his 'best case'"); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (finding no error where the Western District of Texas court found *pro se* plaintiff had already pled his best case); *Bernegger v. Dep't of Revenue*, No. 3:17CV993-HSO-LRA, 2019 U.S. Dist. LEXIS 181668, at *11 (S.D. Miss. Jan. 16, 2019) (denying *pro se* plaintiff's motion for leave to amend where "Plaintiff's proposed amendment would not change the outcome and would therefore be futile"), *aff'd*, 785 F. App'x 209 (5th Cir. 2019). After two separate amendments to date, Spears has already pled her "best case."

### C.  Leave to Amend Is Denied Where Amendment Is Dilatory

In *Rosenzweig*, the Fifth Circuit affirmed the district court's denial of leave to amend where the plaintiff filed after a dismissal with prejudice on the grounds of both futility of amendment and the plaintiffs' lack of diligence. *Rosenzweig*, 332 F.3d at 864-65. As to the latter consideration, the *Rosenzweig* Court found "[plaintiffs] have not raised any facts which were not available previous

to the district court's opinion. In this regard, plaintiffs did not exercise diligence." *Id*. at 865. Similarly, Spears's TAC avers facts regarding the MMTLP trade halt that were available at the time she filed the SAC. *See* TAC ¶¶ 332-49 (facts dating back to 2022 and earlier).

### D. Leave to Amend Is Prejudicial to FINRA

Leave to amend would be prejudicial to FINRA because it would be forced to expend additional resources to file a motion to dismiss the TAC based on the same fatal deficiencies the Court already addressed in dismissing the claims against FINRA in the SAC—absolute regulatory immunity, Spears's lack of a private right of action against FINRA, and this Court's lack of personal jurisdiction over FINRA. The Motion provides no explanation regarding how the TAC's allegations overcome any of these deficiencies. Indeed, in such a case where a *pro se* plaintiff can make "no further amendment [that] can overcome [defendants' immunity defenses,]" leave is properly denied. *Patterson v. Off. of Att'y Gen. Child Support Div.*, No. MO:23-CV-209-DC-RCG, 2024 U.S. Dist. LEXIS 111639, *11 (W.D. Tex. June 25, 2024), *report & recommendation adopted*, 2024 U.S. Dist. LEXIS 125707 (W.D. Tex. July 17, 2024); *see also Daniels v. Saucedo*, No. MO:21-CV-101-DC, 2021 U.S. Dist. LEXIS 250629, *8-9 (W.D. Tex. Nov. 17, 2021) ("The court may deny leave to amend, however, if the defects are incurable or the plaintiff has already alleged their best case."), *aff'd*, No. 21-51193, 2022 U.S. App. LEXIS 28441 (5th Cir. Oct. 12, 2022).

### III. CONCLUSION

Because the Motion is procedurally unsound, Spears previously amended her pleading and already waived leave to further amend, and her proposed TAC is futile, prejudicial, and subject to a future motion to dismiss, the Motion should be denied and judgment of dismissal entered.

Respectfully submitted,

*David C. Kent*
David C. Kent
State Bar No. 11316400
david.kent@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Avenue, Suite 1700
Dallas, Texas 75201
(469) 357-2500
(469) 327-0860 (fax)
*Attorneys for Defendant*
*Financial Industry Regulatory Authority, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served on all *pro se* parties and counsel of record through the CM/ECF system on March 16, 2026.

*David C. Kent*
David C. Kent